1  John W. Hanson, SBN: 214771
   The Hanson Law Firm
2  16870 W. Bernardo Dr., Ste. 400
   San Diego, CA 92127
3  Phone: (858) 451-0291
   Fax: (858) 451-0281
4  EMail: john@thesandiegolemonlawyer.com

5
   Michael E. Lindsey, SBN: 99044
6  Attorney at Law
   4455 Morena Blvd., Ste. 207
7  San Diego, CA 92117-4325
   Phone: (858) 270-7000
8  EMail: mlindsey@netthere.com

9  Attorneys for Plaintiff Steve Aho

10

11

12                  UNITED STATES DISTRICT COURT

13            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14            '10 CV 1373      MMA POR

15 STEPHEN D. AHO, an individual,          Case No.
   individually and on behalf of a class of
16 similarly situated persons,             **CLASS ACTION**

17                 Plaintiff,              **COMPLAINT**

18 v.                                      Violation of Cal. Bus. & Prof. Code
                                           §§17200, et seq., and Cal. Civ. Code
19 AMERICREDIT FINANCIAL                   §§1788, et seq., Cal. Civ. Code §§2981,
   SERVICES, INC., d.b.a. ACF             et seq., and Declaratory Relief
20 FINANCIAL SERVICES, INC., a
   business entity form unknown,
21
                   Defendant(s).
22                                         (Jury Trial Requested)

23

24        Plaintiff, Steve Aho, on behalf of himself and all others similarly situated, all to

25  the best of his knowledge, information, and belief formed after an investigation

26  reasonable under the circumstances, which facts are likely to have evidentiary support

27  after a reasonable opportunity for further investigation and discovery, except for

28  information identified herein based on personal knowledge, hereby alleges as follows

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*                                      1

FILED

2010 JUN 29  PM 3: 43

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY



against the above-named company, AmeriCredit Financial Services, Inc., and its California d.b.a. name ACF Financial Services, Inc. ("Defendant" or "AmeriCredit"):

## NATURE OF ACTION

1.      Defendant, AmeriCredit, has violated the requirements of California's Business and Professions Code §§17200, *et seq.* (the "UCL") and the Automobile Sales Finance Act, Cal.Civ.Code §§2981, *et seq.* (the "ASFA"), among other laws, by failing to provide required notices and rights to reinstatement and redemption for California consumers regarding vehicles AmeriCredit repossessed.  This action is brought on behalf of a class of California consumers seeking, among other things, a determination that the "Notices of Our Plan to Sell Property" AmeriCredit sent to Plaintiff and the Class members following the repossession of their consumer vehicles failed to comply with the ASFA, and that as a consequence AmeriCredit lost the right to assert a deficiency claim.  Plaintiff seeks restitution to Class members based on the amount of money each class member paid on AmeriCredit's invalid deficiency claims during the relevant period, as well as an injunction prohibiting AmeriCredit from attempting to collect on the invalid deficiency claims.  Plaintiff also seeks relief for the injuries sustained by AmeriCredit's illegal collection efforts regarding the invalid deficiency amounts pursuant to California's Rosenthal Fair Debt Collection Practices Act, Cal.Civ.Code §§1788, *et seq.*, and seeks declaratory relief.

## JURISDICTION AND VENUE

2.      Jurisdiction and venue in this Court are based upon §1332 of Title 28 of the United States Judicial Code,  28 U.S.C. §§ 1332, as amended by The Class Action Fairness Act of 2005 ("CAFA"), Pub. Law 109-2 (Feb.18, 2005).  The Class involves more than 100 persons. 28 U.S.C. §1332(d)(5)(A).  The aggregate amount in controversy, exclusive of interest and costs, exceeds $5,000,000.  28 U.S.C. §1332(d)(2).  Plaintiff is a resident of California, and the Defendant is incorporated under the laws of Delaware and has its corporate headquarters and principal place of business in Fort Worth, Texas.  Therefore, minimal diversity of opposing parties is

1   present as required under CAFA. 28 U.S.C.§1332(d)(2)(A).

2      3.      In connection with the acts and course of conduct alleged in this

3   Complaint, the Defendant both directly and indirectly used the means and

4   instrumentalities of interstate commerce, including the United States mails and

5   interstate telephone communications, to engage in the conduct at issue herein.

6      4.      Venue is proper in this District under §§ 1391(a)-(c) of Title 28 of the

7   United States Code, because a substantial part of the acts and conduct charged herein

8   occurred in this District and because Defendant does business in this District.  Mr.  Aho

9   purchased his vehicle in this District, the vehicle was repossessed in this District,

10   Defendant took assignment of the RISC in this District, Mr.  Aho resided in this District,

11   the illegal reinstatement notice, attempted debt collections, and other communications

12   were sent to Mr. Aho in this District.  Numerous Class members likewise received the

13   illegal notices and collection communications in this District.  Defendants received

14   substantial compensation and profits from the assignment of Mr.  Aho's and other Class

15   members' automobile finance contracts from this District as well as profits from the

16   subsequent repossession and deficiencies in and from this District.

17                                    **PARTIES**

18      5.      At all times mentioned, Plaintiff, Steve Aho ("Plaintiff" or "Mr. Aho"), a

19   natural person, was a resident of California.

20      6.      AmeriCredit Financial Services, Inc., doing business in California as ACF

21   Financial Services, Inc. ("AmeriCredit"), is a business entity that is licensed to transact

22   business in California and is engaged in the business of purchasing and servicing Retail

23   Installment Sales Contracts ("RISCs") for motor vehicles that it acquires from dealers

24   statewide in California, including in this District.

25      7.      Plaintiff is informed and believes, and on that basis alleges, that

26   AmeriCredit is the alter ego of its owner or owners, and that there is insufficient

27   separation of identity between the owner and the corporate entity, such that injustice

28   would result to Plaintiff in this matter if the corporate veil were to remain intact.  Plaintiff

1   is unaware of the identity of the owner or owners of AmeriCredit at this time and will

2   amend this complaint to allege their true identities when ascertained, up to and

3   including the time of trial.

4        8.    Plaintiff is informed and believes, and on that basis alleges, that at all time

5   mentioned herein each defendant, whether actually or fictitiously named was the

6   principal, agent or employee of each other defendant, and in acting as such principal, or

7   within the course and scope of such employment or agency, took some part in the acts

8   and omissions hereinafter set forth by reason of which each defendant is liable to

9   Plaintiff for the relief prayed for herein. At all times relevant herein, each defendant

10   ratified the unlawful conduct of the other defendants, their agents and employees, by

11   failing to repudiate the misconduct and by accepting the benefits of the transaction with

12   knowledge of the wrongdoing.  Plaintiff further alleges that each defendant fully

13   controlled the actions and directed the enterprise of the other defendants at all times

14   with respect to all matters pertaining to the vehicle that is the subject of the action.

15   **FACTS**

16        9.    Plaintiff purchased a 2002 Dodge Dakota, VIN: 1B7GL42N22S598833,

17   (the "Vehicle") for personal, household or family use from a car dealership in San

18   Diego, California. The purchase was made pursuant to a RISC that the dealership

19   assigned to AmeriCredit shortly after Plaintiff signed the RISC.

20        10.    Defendant repossessed the Vehicle after Plaintiff defaulted on the RISC.

21        11.    Pursuant to the requirements of California Civil Code § 2983.2,

22   AmeriCredit sent Mr. Aho  a notice of its intent to dispose of the repossessed vehicle

23   ("NOI"), entitled "Notice of Our Plan to Sell Property". The NOI did not comply with the

24   notice requirements of the Automobile Sales Finance Act (the "ASFA"), California Civil

25   Code § 2981, *et seq.*

26        12.    Plaintiff was entitled to reinstate the contract.  However, the conditions

27   precedent for reinstatement were not fully and properly set forth on the NOI.  In

28   particular, and in violation of Civil Code § 2983.2(a)(2), AmeriCredit failed to inform Mr.

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*               4

1  Aho of all amounts that Mr. Aho must pay to AmeriCredit to cure the default, including
2  additional monthly payments coming due after the date of the NOI but before the end of
3  the notice period, any late fees or other fees and the amount of those fees, payments to
4  third parties, as well as fees regarding the report of repossession to government
5  officials and the name and location of where those government fees were to be paid.

6        13.    Mr. Aho was unable to reinstate and AmeriCredit sold Mr. Aho's Vehicle
7  at a repossession sale.

8        14.    Thereafter, AmeriCredit claimed that Plaintiff owed it the deficiency
9  balance.

10        15.    Plaintiff has been injured in his business and property by the unlawful,
11  unfair, and deceptive business practices of AmeriCredit.

12        16.    Plaintiff has suffered injury in fact and damage to his property or money
13  because AmeriCredit has attempted to enforce its invalid deficiency through credit
14  bureau reports and collection letters, and because Mr. Aho made payments to
15  AmeriCredit on its invalid deficiency claim based on its false assertion that it was
16  entitled to collect a deficiency.

17        17.    Because AmeriCredit failed to provide members of the proposed class
18  with all of the information and disclosures to which they are entitled under Civil Code
19  § 2983.2, those consumers are not liable, under the explicit terms of §§ 2983.2 and
20  2983.8, for any deficiency following the disposition of their repossessed motor vehicles.

21        18.    Nevertheless, without any legal right to do so, AmeriCredit and the other
22  defendants engaged in collection activity with respect to class members and have
23  collected deficiency balances from proposed class members in direct violation of the
24  law. AmeriCredit's collection activity includes dunning notices, calls and letters from
25  collection agencies, transmission of derogatory information to credit reporting agencies,
26  collection lawsuits and invalid judgments.

27        19.    Any applicable statutes of limitation has been equitably tolled by
28  defendants' affirmative acts of fraudulent concealment, suppression, and denial of the

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*           5

1   true facts regarding the existence of the practices at issue herein.  Such acts of

2   fraudulent concealment included covering up and refusing to publicly disclose the fact

3   that no deficiency amounts were due and owing, and presenting documents that

4   represented the legal entitlement to such amounts.  Through such acts of fraudulent

5   concealment, defendants were able to actively conceal from the public for years the

6   truth about their practices, thereby tolling the running of any applicable statutes of

7   limitation until public disclosure of the true facts.  Defendants still refuse to this day to

8   take full responsibility for their actions, despite being aware that such conduct has

9   taken place.  In addition, any statute of limitations has been tolled by the pendency of

10  other class actions regarding defendant's practices alleged herein.

11

12                          **CLASS ACTION ALLEGATIONS**

13          20.     Plaintiff brings this action on behalf of a class of similarly situated

14  California consumers pursuant to Rule 23 of the Federal Rules of Civil Procedure to

15  challenge and remedy AmeriCredit's wrongful business practices.  Plaintiff seeks relief

16  for the following class of persons (the "Class"):

17          All California residents to whom AmeriCredit sent NOIs during the period

18          beginning March 18, 2005, to the date of Class certification whose vehicles were

19          repossessed by or voluntarily surrendered to AmeriCredit or its agents, and

20          against whom AmeriCredit has asserted a deficiency claim. The Class excludes

21          the Court and its staff, all employees of AmeriCredit and its affiliates, and all

22          persons whose conditional sale contract obligations have been discharged in

23          bankruptcy.

24          21.     Plaintiff is informed and believes, and on that basis alleges, that the

25  proposed Class is so numerous that the individual joinder of all its members in one

26  action is impracticable.  While the exact number and the identities of Class members

27  are not known at this time, they can be ascertained through appropriate investigation

28  and discovery through the records of AmeriCredit.

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*                                                        6

1        22.    Questions of law and fact of common and general interest to the class

2  exist as to all class members and predominate over any questions affecting only

3  individual members of the class.

4        23.    The common questions include, among others, the following:

5        (a)    whether AmeriCredit sent NOIs to proposed class members that informed

6              them of all the conditions precedent to reinstatement or whether

7              AmeriCredit imposed other conditions precedent to reinstatement in

8              addition to those disclosed on its NOIs;

9        (b)    whether AmeriCredit's NOIs complied with the ASFA;

10       (c)    whether AmeriCredit complied with the other requirements of the ASFA;

11       (d)    whether AmeriCredit has engaged in other unlawful, unfair or deceptive

12             business practices in its efforts to collect its deficiency claims from the

13             proposed class members;

14       (e)    whether AmeriCredit or its agents have collected or attempted to collect

15             deficiency claims from proposed class members when it had no legal right

16             to do so;

17       (f)    whether AmeriCredit or its agents obtained deficiency judgments against

18             proposed class members when it failed to send proper NOIs to such

19             persons and whether AmeriCredit collected or attempted to collect on

20             such judgments when it had no legal right to obtain such judgments or to

21             collect on them;

22       (g)    the amount of revenues and profits AmeriCredit received or saved and/or

23             the amount of monies or other obligations imposed on or lost by Class

24             members as a result of such wrongdoing;

25       (h)    whether AmeriCredit's actions violate the Rosenthal Fair Debt Collection

26             Practices Act and the federal Fair Debt Collection Practices Act as applied

27             through the Rosenthal Fair Debt Collection Practices Act;

28       (i)    whether the Class members are threatened with irreparable harm and/or

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*          7

1    are entitled to injunctive and other equitable relief, and, if so, what is the

2    nature of such relief; and

3    (j)    whether Plaintiff and the Class members are entitled to statutory, actual or

4    exemplary damages, rescission, and/or equitable monetary relief from

5    AmeriCredit and, if so, what is the nature and appropriate measure of

6    such relief.

7    24.    Plaintiff's claims are typical of the claims of the class because Plaintiff and

8  all Class members were injured by the same wrongful conduct and scheme of the

9  Defendant alleged herein.

10    25.    Plaintiff will fairly and adequately represent the interests of the Class.

11  Plaintiff's interests are not antagonistic to the interests of the proposed class.  Plaintiff is

12  represented by attorneys who are competent and experienced in consumer class action

13  litigation.

14    26.    A class action is superior to other available methods for the fair and

15  efficient adjudication of this controversy because the harm suffered by each individual

16  member is relatively slight compared to the expense and burden of prosecuting such an

17  individual case.

18    27.    If individual class members were required to bring separate actions, courts

19  throughout California would be confronted by a multiplicity of lawsuits burdening the

20  court system while also creating the risk of inconsistent rulings and contradictory

21  judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent

22  results will magnify the delay and expense to all parties and the court system, this class

23  action presents far fewer management difficulties while providing unitary adjudication,

24  economies of scale and comprehensive supervision by a single court.  Defendant has

25  acted on grounds generally applicable to the entire Class, thereby making final

26  injunctive relief or corresponding declaratory relief appropriate with respect to the Class

27  as a whole.  Notice of the pendency of and any resolution of this action can be provided

28  to the Class members by individual mailed notice or the best notice practicable under

1 | the circumstances.

2 |     28.    In addition, because few attorneys in California are experienced or

3 | knowledgeable about repossessions, the ASFA, or ASFA's requirements regarding

4 | repossession, it is extremely unlikely that consumers harmed by AmeriCredit's defective

5 | NOIs and other illegal, unfair or deceptive practices would ever recover anything unless

6 | this case proceeds as a class action.

7 | **COUNT I**

8 | Class Claim for Violation of California Civil Code §§ 1788, *et seq.*

9 | (Against AmeriCredit)

10 |     29.    Plaintiff and the Class Members hereby incorporate the preceding

11 | paragraphs as if fully alleged herein and further allege as follows.

12 |     30.    AmeriCredit is a "debt collector," as defined by the California Rosenthal

13 | Fair Debt Collections Practices Act, Civ. Code §1788.2(c).

14 |     31.    The assigned RISCs for Mr. Aho's and the Class members' vehicles are

15 | debts, as defined by Civ. Code §1788.2 (d).

16 |     32.    The purported debts with AmeriCredit were incurred by Plaintiff and Class

17 | members for personal, family, or household purposes.

18 |     33.    AmeriCredit, to Plaintiff and the Class members, (1) misrepresented the

19 | character, amount or legal status of the deficiency-related debt, (2) threatened to take

20 | action that cannot legally be taken, and (3) made false, deceptive, or misleading

21 | representations to collect a debt.

22 |     34.    AmeriCredit violated the California Rosenthal Fair Debt Collections

23 | Practices Act in the following ways:

24 |     (a)    Violations of §1788.17, 15 U.S.C. §§1692e, and 1692e(2)(A) by falsely

25 | representing the character, amount, or legal status of any debt;

26 |     (b)    Violations of §1788.17 through failing to comply with 15 U.S.C. § 1692e(5)

27 | and threatening to take any action that cannot legally be taken;

28 |     (c)    Violations of §1788.17 through failing to comply with 15 U.S.C. § 1692e(8)

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*        9

1    by communicating to any person credit information which is known or should be known

2    to false; and

3           (d)    Violations of §1788.17 through failing to comply with 15 U.S.C. §

4    1692e(10) by the use of any false representation or deceptive means to collect or

5    attempt to collect any debt.

6           35.    As a result of violations of the federal Fair Debt Collection Practices Act

7    and Rosenthal Debt Collect Practices Act by AmeriCredit, Plaintiff and the Class

8    members are entitled to actual damages under California Civil Code §1788.30(a),

9    statutory damages for knowing or willful violations under California Civil Code

10   §1788.30(b), and reasonable attorney's fees and costs under California Civil Code

11   §1788.30(c).

12                                        **COUNT II**

13   Class Claim for Violation of Cal. Bus. & Prof. Code §17200, *et seq.*  and Cal.Civ.Code

14                                    §2981, *et seq.*

15                               (Against AmeriCredit)

16          36.    Plaintiff and the Class members hereby incorporate the preceding

17   paragraphs as if fully alleged herein and further allege as follows.

18          37.    Plaintiffs allege violations of the ASFA as a predicate to this Unfair

19   Competition Law (UCL) cause of action.  Defendant's acts and practices as detailed

20   above constitute acts of unfair competition.  Defendant has engaged in an unlawful,

21   unfair or fraudulent business act and/or practice within the meaning of California

22   Business & Professions Code §17200.  Plaintiff has been injured in fact by the unlawful,

23   unfair and deceptive business practices of defendant.

24          38.    Defendant has engaged in "unlawful" business acts and practices by

25   violating the ASFA., Cal.Civ.Code § 2983.2(a)(2), and the Rosenthal Act, Cal.Civ.Code

26   §1788.17.

27          39.    Plaintiff is informed and believes, and on that basis alleges, that

28   AmeriCredit failed to comply with other requirements of the ASFA in addition to Civil

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*                                        10

1  Code § 2983.2(a)(2) and have engaged in other business practices that violate

2  California's Unfair Competition Law ("UCL"), California Business & Professions Code §

3  17200 *et seq.*, among other laws.  Plaintiff will amend this complaint to describe

4  AmeriCredit's other practices that violate the ASFA and/or the UCL at the end of the

5  discovery period in this case.

6       40.    By engaging in the above-described conduct, AmeriCredit has engaged in

7  an "unfair" business acts or practices that offend public policy and are substantially

8  injurious to consumers. AmeriCredit's acts and practices have no utility that outweighs

9  the substantial harm to consumers.

10       41.    By engaging in the above-described conduct, Defendant has engaged in a

11  "fraudulent" business act or practice that are likely to deceive the courts, the public, and

12  affected consumers as to their legal rights and obligations, and by using such

13  deception, preclude consumers from exercising legal rights to which they are entitled,

14  such as the right to redeem their vehicles or reinstate their RISCs after repossession.

15       42.    Defendant need only to have violated one of the three provisions set forth

16  above to be strictly liable under this Count.

17       43.    The above-described unlawful, unfair or fraudulent business acts and

18  practices engaged in by Defendant continues to this day and present a threat to Plaintiff

19  and the Class in that Defendant has failed to publicly acknowledge the wrongfulness of

20  their actions, publicly issue individual and comprehensive corrective notices, cease

21  related collection efforts, and provide full equitable monetary relief to all persons with a

22  vested interest therein.

23       44.    As a direct result of the above-mentioned acts, AmeriCredit received and

24  continues to hold ill-gotten gains in the form of money obtained by collecting on invalid

25  deficiency claims; and by collecting on deficiency judgments illegally obtained, together

26  with profits and interest derived from that money.

27       45.    Pursuant to the UCL, Plaintiff seeks an order enjoining AmeriCredit from

28  engaging in the acts and practices described in this complaint, and ordering that

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*                                                    11

1   AmeriCredit disgorge all ill-gotten gains and provide appropriate restitution to all

2   affected consumers. In addition, pursuant to C.C.P. § 1021.5, Cal.Civ.Code §2983.4,

3   and §1788.30(c), Plaintiff seeks recovery of his attorneys' fees, costs and expenses

4   incurred in the filing and prosecution of this action, together with such other relief the

5   Court deems appropriate.

6        46.    Pursuant to California Business & Professions Code §17203, Plaintiff,

7   individually and on behalf of the Class, seeks an order of this Court requiring Defendant

8   to immediately cease such acts of unfair competition and enjoining Defendant from

9   continuing to conduct business via the unlawful, fraudulent or unfair business acts and

10   practices complained of herein and from failing to fully disclose the true nature of their

11   misrepresentations, and ordering Defendant to engage in a corrective informational

12   campaign.  As a direct result of the above-mentioned acts, AmeriCredit received and

13   continues to hold ill-gotten gains in the form of money obtained by collecting on invalid

14   deficiency claims; and by collecting on deficiency judgments illegally obtained, together

15   with profits and interest derived from that money. Plaintiff, therefore, additionally

16   requests an order from the Court requiring Defendants to provide complete equitable

17   monetary relief, including that they disgorge and return or pay over Defendant's

18   ill-gotten gains and such other monies as the trier of fact may deem necessary to deter

19   such conduct or prevent the use or enjoyment of all monies wrongfully obtained either

20   directly or indirectly, and/or pay restitution, including cancellation of any obligations or

21   the return of any monies paid to Defendant that would not otherwise have been paid

22   had the true facts been disclosed by Defendant or if it had complied with their legal

23   obligations and previous representations, plus any interest earned by Defendant on

24   such sums. Such an order is necessary so as to require Defendant to surrender all

25   money obtained either directly or indirectly through such acts of unfair competition,

26   including all monies earned as a result of such acts and practices, so that Defendant

27   are prevented from benefitting or profiting from practices that constitute unfair

28   competition or the use or employment by Defendant of any monies resulting from illegal

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*                                          12

1 │ collections and/or to ensure the return of any monies as may be necessary to restore to

2 │ any person in interest who lost money or property as a result of such acts or practices

3 │ any money or property which may have been acquired by means of such acts of unfair

4 │ competition.  Plaintiff also requests the Court order that an asset freeze or constructive

5 │ trust be imposed over all monies that rightfully belong to members of the Class.

6 │

7 │ **<u>COUNT III</u>**

8 │ Class Claim For Declaratory Relief

9 │ (Against AmeriCredit)

10 │      47.    Plaintiff and the Class members hereby incorporate the preceding

11 │ paragraphs as if fully alleged herein and further allege as follows.

12 │      48.    There currently exists between Plaintiff and the Class members, on the

13 │ one hand, and Defendant, on the other hand, a substantial controversy regarding the

14 │ respective rights and obligations of the parties as detailed above by virtue of their

15 │ contractual and/or legal relationship of sufficient immediacy and reality  such that there

16 │ is a specific need for the Court to declare the parties' rights and obligations.

17 │      49.    A declaratory judgment is necessary in that Plaintiff and Class members

18 │ contend (and Defendant disputes) that the deficiency amounts are legally invalid and

19 │ unenforceable.

20 │      50.    Therefore, pursuant to 28 U.S.C. §2201, Plaintiff and Class members

21 │ request the Court grant declaratory relief and declare the respective rights and liabilities

22 │ of the parties, including, but not limited to, a finding that (1) the NOI AmeriCredit sent to

23 │ Plaintiff following the repossession of the Vehicle failed to comply with the ASFA and

24 │ that as a consequence AmeriCredit lost the right to assert a deficiency claim, and (2)

25 │ the other NOIs that AmeriCredit sent to the members of the Class contained the same

26 │ defects as the NOI AmeriCredit sent to Plaintiff and that, as a consequence,

27 │ AmeriCredit lost the right to assert deficiency claims against any of the Class members.

28 │ ///

CLASS ACTION COMPLAINT, *Aho v. AmeriCredit*                13

1

**<u>PRAYER</u>**

2  WHEREFORE, Plaintiff, Steve Aho, prays for:

3       1.     An order certifying the Class and appointing Plaintiff and his counsel as

4  Class Representative and Class Counsel.

5       2.     A determination that the NOI AmeriCredit sent to Plaintiff following the

6  repossession of the Vehicle failed to comply with the ASFA and that as a consequence

7  AmeriCredit lost the right to assert a deficiency claim.

8       3.     A determination that the other NOIs that AmeriCredit sent to the members

9  of the Class contained the same defects as the NOI AmeriCredit sent to Plaintiff and

10  that, as a consequence, AmeriCredit lost the right to assert deficiency claims against

11  any of the class members.

12       4.     Restitution, with interest or the disgorgement of profits thereon, to class

13  members based on the amount of money each class member paid on AmeriCredit's

14  invalid deficiency claims during the relevant period.

15       5.     An order requiring all actual, statutory, direct, consequential, incidental

16  and exemplary damages and penalties as applicable for each Count;

17       6.     The distribution of any unclaimed funds pursuant to a *cy pres* fund or fluid

18  recovery remedy.

19       7.     An injunction prohibiting AmeriCredit from attempting to collect on the

20  invalid deficiency claims and requiring them to recall accounts from collection agencies

21  and law firms and to repurchase accounts they have sold.

22       8.     An injunction requiring AmeriCredit and the other AmeriCredit to seek and

23  obtain orders vacating all judgments entered in favor of AmeriCredit or the other

24  AmeriCredit against class members on the deficiency claims and further requiring

25  AmeriCredit to dismiss all pending lawsuits for the collection of deficiency claims from

26  class members.

27       9.     An order awarding attorney's fees and costs to Plaintiff's counsel.

28       10.     Declaratory relief declaring the rights and obligations of the parties.

1         11.    Such other and further relief as this Court may deem necessary, proper

2  and/or appropriate.

3  **JURY DEMAND**

4      Plaintiff demands a trial by jury on all causes of action so triable.

5      June   , 2010         LAW OFFICES OF MICHAEL E. LINDSEY

6                                 THE HANSON LAW FIRM

7

8                       By:_____

9                         Michael E. Lindsey
                          Attorneys for Plaintiff, Steve Aho

10

   John W.  Hanson, SBN: 214771

11  The Hanson Law Firm
   16870 W. Bernardo Dr., Ste. 400

12  San Diego, CA 92127
   Phone: (858) 451-0291

13  Fax: (858) 451-0281
   EMail: john@thesandiegolemonlawyer.com

14
   Michael E. Lindsey, SBN: 99044

15  Attorney at Law
   4455 Morena Blvd., Ste. 207

16  San Diego, CA 92117-4325
   Phone: (858) 270-7000

17  EMail: mlindsey@netthere.com

18

19

20

21

22

23

24

25

26

27

28

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

STEPHEN D. AHO, an individual, individually and on behalf of a class of similarly situated persons

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Michael E. Lindsey, 4455 Morena Blvd., Ste. 207, San Diego, CA, 92117-4325 858/270-7000

## DEFENDANTS

AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC.

County of Residence of First Listed Defendant   Fort Worth, TX
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'10 CV 1373    MMA POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| | **PERSONAL INJURY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 362 Personal Injury - Med. Malpractice | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 365 Personal Injury - Product Liability | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 371 Truth in Lending | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 530 General | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
California 17200, Civil Code § 1788, 2981   28 1331

Brief description of cause:
Unfair Competition Law, detective Notices under Automobile Sales Finance Act, FDCPA

## VII. REQUESTED IN COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                    DOCKET NUMBER

DATE  6/28/10

SIGNATURE OF ATTORNEY OF RECORD
Michael E. Lindsey

**FOR OFFICE USE ONLY**

RECEIPT # 15102   AMOUNT $350    APPLYING IFP         JUDGE         MAG. JUDGE

TPB 06-29-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS015102
Cashier ID: mbain
Transaction Date: 06/29/2010
Payer Name: MICHAEL LINDSEY
-- ------------------------------
CIVIL FILING FEE
 For: AHO V AMERICREDIT
 Case/Party: D-CAS-3-10-CV-001373-001
 Amount:        $350.00
-- ------------------------------
CHECK
 Check/Money Order Num: 1857
 Amt Tendered:  $350.00
--- -----------------------------
 Total Due:     $350.00
 Total Tendered: $350.00
 Change Amt:    $0.00


 There will be a fee of $45.00
 charged for any returned check.
```