UJohn W.  Hanson, SBN: 214771
The Hanson Law Firm
16870 W. Bernardo Dr., Ste. 400
San Diego, CA 92127
Phone: (858) 451-0291
Fax: (858) 451-0281
EMail: john@thesandiegolemonlawyer.com

Michael E. Lindsey, SBN: 99044
Attorney at Law
4455 Morena Blvd., Ste. 207
San Diego, CA 92117-4325
Phone: (858) 270-7000
EMail: mlindsey@netthere.com

Attorneys for Plaintiff Steve Aho

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE AHO, an individual, individually and on behalf of a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> AMERICREDIT FINANCIAL SERVICES, INC.,  d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown, <br><br> Defendants. | Case No. 10cv1373 DMS-BLM <br><br> PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL <br><br><br><br><br><br> DATE:   September 17, 2010 <br> TIME:   1:30 pm <br> PLACE: 940 Front Street, San Diego <br> JUDGE: Hon. Dana M. Sabraw |

///

///

///

Pl.'S MOTION FOR CLASS CERTIFICATION , *Aho v. AmeriCredit* , Case No. 10cv1373 DMS-BLM

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. AmeriCredit Uses Form NOIs That Suffer From the Same Flaws . . . . . . . . 4

B. AmeriCredit Used Uniform Collection Procedures for Collecting on
Deficiency Balances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

C. AmeriCredit Reported the Deficiency Claims to Credit Bureaus . . . . . . . . . 7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A. Legal Standard for Motion for Class Certification . . . . . . . . . . . . . . . . . . . 7

B. This Case Meets the Requirements of Rule 23(a) . . . . . . . . . . . . . . . . . . 9

1. Ascertainability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2. Numerosity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

3. Common Questions of Law and Fact . . . . . . . . . . . . . . . . . . . . . . . . . 11

4. Typicality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

5. Adequacy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B. This Case Meets the Requirements of Fed.R.Civ.P. 23(b) . . . . . . . . . . . 15

1. Class Certification is Appropriate Pursuant to Rule 23(b)(2) . . . . . . . . . 15

2. Class Certification is Appropriate Pursuant to Rule 23(b)(3) . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

Cases

*Amchem Prods., Inc. v. Windsor*
521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bank of America v. Lallana*
19 Cal.4th 203 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Blackie v. Barrack*
524 F.2d 891 (9th Cir.1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Californians for Disability Rights, Inc. v. California Dept. of Transportation*
249 F.R.D. 334 (N.D.Cal.2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Castano v. Am. Tobacco Co.*
84 F.3d 734 (5th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Dukes v. Wal-Mart, Inc*
509 F.3d 1168 (9th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Fireside Bank v. Superior Court*
40 Cal.4th 1069 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*General Telephone Co. of the Southwest v. Falcon*
457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gustafson v. Polk County, Wis.*
226 F.R.D. 601 (W.D. Wis. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hanon v. Dataproducts Corp.*
976 F.2d 497 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hawkins v. Comparet-Cassani*
251 F.3d 1230 (9th Cir.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Citric Acid Antitrust Litig.*
1996 WL 655791 (N.D.Cal.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Tableware Antitrust Litigation*
241 F.R.D. 644 (N.D.Cal.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14, 16

*Juarez v. Arcadia Financial, Ltd.*
152 Cal.App.4th 889 (2007)  . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 13, 14, 17

*Lerwill v. Inflight Motion Pictures, Inc.*
582 F.2d 507 (9th Cir.1978)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Lightbourn v. County of El Paso*
118 F.3d 421 (5th Cir. 1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Molski v. Gleich*
318 F.3d 937 (9th Cir.2003)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*O'Connor v. Boeing North American, Inc.*
184 F.R.D. 311 (C.D.Cal.1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Romero v. Producers Dairy Foods, Inc.*
235 F.R.D. 474 (E.D.Cal.2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Vizena v. Union Pac.R.R. Co.*
360 F.3d 496 (5th Cir.2004)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Whiteway v. FedEx Kinko's Office and Print Services, Inc.*
2006 WL 2642528 (N.D.Cal.2006) August 12, 2010  . . . . . . . . . . . . . . . . 14

*Zinser v. Accufix Research Institute, Inc.*
253 F.3d 1180 (9th Cir.2001)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

Bus. & Prof. Code § 17200 et seq.
("Unfair Competition Law" or "UCL")  . . . . . . . . . . . . . . . . . . . . . . . . . passim

Civil Code § 1785.25(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Civil Code §§2981 et. seq. ("Rees-Levering")  . . . . . . . . . . . . . . . . . . passim

Civil Code § 2983.2  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Government Code § 26751  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Government Code § 41612  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Vehicle Code § 28  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rules of Civil Procedure

Rule 23  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

To defendant and its counsel of record:

Please take notice that on September 17, 2010 at 1:30 pm or as soon thereafter as the matter can be heard in Courtroom 10 of the U.S. District Court, Southern District of California, 940 Front Street, San Diego, California 92101, the Hon. Dana M. Sabraw presiding, plaintiff Stephen D.  Aho will move for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

This motion is based on this notice of motion and motion, the accompanying memorandum, and the declarations of plaintiff Stephen D. Aho, Michael E. Lindsey, and John W.  Hanson, and the exhibits attached thereto, the papers and pleadings on file and such other papers as may be submitted prior to or at the hearing on this motion or argument at the hearing.

Dated August 11, 2010

/s/ Michael E.  Lindsey
Michael E.  Lindsey
Attorney for Plaintiff

## INTRODUCTION

Plaintiff, Stephen D. Aho moves for class certification pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2) and (b)(3) and for appointment of his counsel to represent the class pursuant to F.R.C.P. 23(g).

Mr. Aho entered into a Retail Installment Sales Contract (RISC) with a California dealership to purchase a car for his personal use. The dealership subsequently assigned the RISC to AmeriCredit Financial Services, Inc. After Mr. Aho had made the payments for approximately two years, he became delinquent on his payments and AmeriCredit repossessed the vehicle. AmeriCredit then sent him a Notice Of Intent (NOI) informing him that it intended to sell the car. AmeriCredit sold the car in September 2005 at an auto auction.

The sale proceeds were less than the contract balance, creating a "deficiency" amount.   After the sale, AmeriCredit demanded payment from Mr. Aho on the alleged deficiency through letters and credit bureau reports claiming he owed AmeriCredit a deficiency of $9,212.48.  After receiving demands from AmeriCredit for payment on the alleged deficiency, Mr. Aho made a partial payment. AmeriCredit's collection efforts continue to this day.

On June 29, 2010, Mr. Aho filed this lawsuit in the United States District Court, Southern District of California. Mr. Aho seeks equitable relief pursuant to California's Unfair Competition Law, California Bus. & Prof.Code §§ 17200 et seq. (UCL), and statutory damages under California's Rosenthal Act, Cal.Civ.Code §2981, *et seq.*[1]  Because AmeriCredit's NOI did not comply with California law, he is not liable for the deficiency. Mr. Aho claims that AmeriCredit is violating the UCL and Rosenthal Act by collecting and attempting to collect on invalid deficiency claims, and damaging his credit through unlawful credit reporting on the deficiency.

---

[1]All references to state statutes are to the California Codes.

The Rees-Levering Automobile Sales Finance Act, Civil Code §§ 2981 *et seq.* sets out the requirements for NOIs. Civil Code § 2983.2(a)(1)-(9). If the NOI does not contain all the information that is required by those subdivisions, the finance company loses the deficiency. "The rule and requirement are simple. If the secured creditor wishes a deficiency judgment, he must obey the law. If he does not obey the law, he may not have his deficiency judgment." *Bank of America v. Lallana*, 19 Cal.4th 203, 215 (1998).

The NOI forms that AmeriCredit used during the Class Period (March 2005 to present) did not comply with Civil Code § 2983.2(a)(2) because they failed to tell customers "all the conditions precedent" to reinstating their contracts. The statutory requirement that the NOI must list the conditions precedent to reinstatement means the NOI must "inform the consumer of any amounts the consumer will have to pay to reinstate a contract [and] inform the consumer if, when, and by how much those amounts may increase as a result of late fees and other charges." *Juarez v. Arcadia Financial, Ltd.*, 152 Cal.App.4th 889, 912 (2007) (*Juarez*). AmeriCredit's NOIs during the Class Period did not tell the consumers the amounts and dates of payments that would come due between the date of the NOI and the expiration of the 20-day reinstatement period. Nor did they tell the consumers how much, or to whom, they would have to pay for storage charges, late charges, and government fees.  (Complaint at ¶12.) Instead, AmeriCredit told the customers that the reinstatement amount might go up and left it to the customer to figure out by other means how much and who they really had to pay to reinstate.

Informing consumers exactly what they must do to reinstate serves a two-fold purpose.  First, it tells consumers how much they must pay, and to whom they must pay, to get their family car back.  Second, it tells the finance company that if it does not inform the consumer of **all** the conditions precedent to reinstatement, it is not entitled to the deficiency amount on the balance of the

1   contract following the finance company's sale of the vehicle.

2       Mr. Aho contends that AmeriCredit violated all three prongs (unlawful,

3   unfair and deceptive) of the UCL (i) by failing to send the mandatory,

4   code-compliant NOIs; (ii) by collecting and attempting to collect on invalid

5   deficiency claims through dunning letters, and (iii) by falsely reporting those

6   deficiency claims to the credit bureaus.

7       Mr. Aho seeks declaratory and injunctive relief for himself and the class.

8   He asks the Court to declare that AmeriCredit's deficiency claims against class

9   members are invalid.  He asks the Court to enjoin AmeriCredit from collecting or

10  attempting to collect deficiencies against the class. He asks the Court to enjoin

11  AmeriCredit from reporting those deficiency claims to credit bureaus and to

12  require AmeriCredit to notify the credit bureaus that the class members are not

13  liable for those deficiencies. The declaratory and injunctive relief sought here will

14  relieve California consumers of the burden of more than $383 million of unpaid

15  deficiency claims.  It will also help to clear the credit of thousands of Californians

16  from the invalid claims of AmeriCredit, and help many families regain the credit

17  so badly needed in the current economy.

18      Mr. Aho also seeks restitution for class members like himself who paid part

19  or all of AmeriCredit's invalid deficiency claims. This is a small subset of the

20  class because many members have not made any payments at all. Many class

21  members may have made small payments and have large unpaid deficiency

22  balances still on AmeriCredit's books. AmeriCredit has collected less than $4

23  million from class members on these deficiency claims, as compared with the

24  unpaid deficiencies totaling $383 million.

25      The proposed class consists of:

26      All California residents to whom AmeriCredit sent NOIs during the period

27  beginning March 18, 2005, to May 15, 2009, whose vehicles were repossessed or

28  voluntarily surrendered to AmeriCredit or its agents, and against whom

1   AmeriCredit has asserted a deficiency claim.  The Class excludes the Court and

2   its staff, all employees of AmeriCredit and its affiliates, and all persons whose

3   conditional sale contract obligations have been discharged in bankruptcy.

4   (Compl., ¶20.)[2]

5       Mr. Aho asks the Court to certify the class, to appoint him class

6   representative, and to appoint his counsel as class counsel.

7                                  **I.**

8                                **FACTS**

9   **A.    AmeriCredit Uses Form NOIs That Suffer From the Same Flaws.**

10      AmeriCredit used form NOIs, identically defective throughout the class

11   period.  See **Exhibit 2** Declaration of Stephen D. Aho, NOI for Mr. Aho, dated

12   August 15, 2005.  **Exhibit 1** attached to the Declaration of Robert Smith is the

13   NOI for Robert Smith, dated July 17, 2007, *Smith v. AmeriCredit*, 09cv1076.

14   **Exhibit 1** to the Declaration of Michael E. Lindsey is an NOI dated October 23,

15   2008, from AmeriCredit to Arturo Arguelles-Romero, case now pending in Los

16   Angeles Superior Court.  Attached as **Exhibit 2** to the declaration of Michael E.

17   Lindsey is an NOI dated May 12, 2009 to Brandi Bankston, filed in a case now

18   pending in the United States District Court for the Northern District of California.

19   Attached hereto as **Exhibit 3** to the declaration of Michael E. Lindsey, is an NOI

20   dated January 16, 2007 to Juan Cardenas, filed in another case now pending in

21   the United States District Court for the Northern District of California.  Attached

22   hereto as **Exhibit 4** to the declaration of Michael E. Lindsey is a copy of the NOI

23   AmeriCredit sent to Andre Morrison, dated July 10, 2008.  These notices from

24   across the class period show no material differences, one to the other.

25      The AmeriCredit form NOI is defective on almost every point.  It

26

27

28      [2]Plaintiff limits the class period alleged in the Complaint  to now end May 15,
    2009, based on information and belief that AmeriCredit changed its form NOI in late-
    May 2009 as the result of litigation.

specifically states that the consumer must pay "storage charges, additional payments, and late charges that come due after the date of the notice". However, AmeriCredit fails to *specify* the amounts, or the due dates, and who to pay them to.  That is a direct violation of Civil Code § 2983.2.  "The creditor must also inform the consumer regarding any additional monthly payments that will come due before the end of the notice period, as well as of any late fees, or other fees, the amount of these additional payments or fees, and when the additional sums will become due".  *Juarez v. Arcadia Financial, Ltd.*, (2007) 152 Cal.App.4th 889, 904-905.  AmeriCredit's NOIs uniformly state that in order to reinstate, the customer would have to pay these unknown amounts, to unidentified parties, in addition to the amount shown at the line "Amount Required to Reinstate".

Because of this failure, no consumer could tell from the NOI what they had to pay in order to reinstate, nor could they determine who to pay it to. AmeriCredit's failure to "provide the consumer with the names and addresses of those who are to be paid" is likewise of violation of Civil Code § 2983.2.  Per *Juarez*, the NOI must provide the names and addresses of third parties who are to be paid, but AmeriCredit failed to do so. Another clear cut violation of Civil Code § 2983.2(a)(2) is AmeriCredit's failure to inform the consumers they must pay $15 to the local law enforcement agency where the repossession was reported as a pre-condition to getting their car back. Vehicle Code § 28 and Govt. Code §§ 26751, 41612. AmeriCredit's NOI forms fail to mention the $15 fee and fail to tell consumers where to pay it. The AmeriCredit NOI failed to tell Mr. Aho about the local law enforcement fee. All of this impeded the Aho's, and other consumers' ability to reinstate their contract.  *Juarez*, at 906.

Because AmeriCredit's form NOIs during the class period did not comply with the law, the deficiency claims it asserts against the Class Members, and reports to Credit Reporting Agencies, are uniformly invalid and unlawful.

**B.    AmeriCredit Used Uniform Collection Procedures for Deficiency Balances**

AmeriCredit has a standardized practice for collecting on these deficiency claims.  As explained in AmeriCredit's NOI, after it has sold the vehicle, it calculates the amount of the deficiency.  **Exhibit 2** to Declaration of Stephen D. Aho.

"Upon disposition of the vehicle, you will be liable for any deficiency balance, including interest at the rate stated in your contract with us from the date of disposition of the motor vehicle to the date of entry of judgment."

AmeriCredit then sends the customer a deficiency letter.  **Exhibit 3** Declaration of Stephen D.  Aho, Notice of Sale to Aho, September 27, 2005, **Exhibit 2** to Declaration of Robert Smith, Notice of Sale to Robert Smith, dated September 12, 2007, *Smith v.  AmeriCredit*, 09cv1076, **Exhibit 1, p.  4**, to Declaration of Michael E.  Lindsey is a deficiency letter dated December 22, 2008, to Arturo Arguelles-Romero, case now pending in Los Angeles Superior Court. Attached as **Exhibit 3, p.  3**, to the Declaration of Michael E.  Lindsey is an deficiency letter dated January 16, 2007 to Juan Cardenas, filed in another case now pending in the United States District Court for the Northern District of California.   Each deficiency letter is word for word identical during the class period.  The Aho deficiency letter states in pertinent part;

"The above described vehicle was sold at a PRIVATE sale on 9/15/2005, as a result of your default on your Motor Vehicle Retail Installment Sales Contract. Proceeds of the sale did not satisfy the balance on your account and a deficiency exists in the amount of $9,212.48."

1    Each deficiency letter sent from the "Loss Recovery Department" of

2    AmeriCredit cleary is an attempt to collect a debt, stating "**TOTAL DEFECIENCY**

3    **OWED\***" and stating "[C]ontact us to make arrangements for the payment of this

4    debt.  If you do not, AmeriCredit Financial Services may take any legal action

5    necessary in order to recover the debt."

6    The deficiency letters are, once again, form letter, varying in no material

7    respect.  Only the dates and dollar amounts are different.  Both the Notice of

8    Intent to Dispose of Vehicle and the deficiency letters are "fill in the blank" forms.

9    See **Exhibit 5** to Declaration of Michael E.  Lindsey, ¶ 3, declaration of

10   AmeriCredit Vice President, Craig Paterson, re Notice of Removal in 09cv04892,

11   Northern District of California.[3] Mr.  Paterson refers to the Notice of Intent to

12   Dispose of Vehicle "forms".  Clearly they are.  The text in each AmeriCredit form

13   is identical from one to the next.

14   Each of the persons who received form NOIs were subsequently sent the

15   form deficiency letters.

16   **C. AmeriCredit Reported the Deficiency Claims to Credit Bureaus**

17   AmeriCredit uses reports to the Credit Reporting Agencies as additional

18   means to collect on the invalid deficiencies.  AmeriCredit has reported the

19   deficiency for Aho.  See **Exhibit 4** to Declaration of Mr.  Aho, credit report for

20   Equifax, p.  3, and **Exhibit 5, p.  2**, credit report for TransUnion.  Per Equifax,

21   AmeriCredit renewed its report of the invalid deficiency it asserts as recently as

22   May of 2010.  As with form NOIs and form deficiency letters, AmeriCredit

23   pursues a uniform collection policy of reports to Credit Reporting Agencies.  (Aho

24   Decl., Smith Decl.)

25   *///*

26   *///*

27

28       [3]AmeriCredit filed a Notice of Removal in the State Court case of Bankston v.
AmeriCredit, under CAFA thus admitting that the putative class is at least 100.

**ARGUMENT**

**A. Legal Standard for Motion for Class Certification Rule 23 of the Federal Rules of Civil Procedure sets forth a two-step procedure for class certification.**

First, the Court must determine that the following four requirements of Rule 23(a) have been satisfied: (1) numerosity; (2) common questions of law and fact: (3) typicality; and (4) fair and adequate representation. Fed.R.Civ.P. 23(a).

Courts have also read an additional threshold requirement into Rule 23(a) that does not neatly fall under any of the four listed prerequisites: to certify a class there must be some evidence that a class exists and that it is ascertainable. *In re Tableware Antitrust Litigation*, 241 F.R.D. 644, 650 (N.D.Cal.2007). A proper class definition is needledl because it "identifies the persons (1) entitled to relief, (2) bound by the judgment, and (3) entitled to notice in a Rule 23(b)(3) action." *Id.*, citing *Gustafson v. Polk County, Wis.*, 226 F.R.D. 601, 607 (W.D. Wis. 2005). A class definition is "definite enough" to satisfy Fed.R.Civ.P. 23(a)(1) if it "is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing North American, Inc.* 184 F.R.D. 311, 319 (C.D.Cal. 1998).

Once these requirements are met, the plaintiff must also show that the lawsuit qualifies for class action status under one of the criteria found in Rule 23(b).  See *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir.2001), amended and superseded on denial of rehearing by *Zinser v. Accufix Research Institute, Inc.*, 273 F3d 1266 (9th Cir.2001). Rule 23(b) requires that the plaintiff establish that either: (1) there is a risk of inconsistent adjudication or adjudication of individual class member's claims would substantially impair non-party members' ability to protect their interests; (2) the defendant acted on grounds generally applicable to the class; or (3) common questions of law and fact predominate and class resolution is superior to other available methods.

Fed.R.Civ.P. 23(b).

The plaintiff bears the burden of proving that certification is appropriate. See *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir.2001). The Court maintains great discretion in certifying a class action. *Vizena v. Union Pac.R.R. Co.*, 360 F.3d 496, 502 (5th Cir.2004). The Court must rigorously analyze whether the class action allegations meet the requirements of Rule 23. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982). The court is "bound to take the substantive allegations of the complaint as true." *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir.1975). If the plaintiff offers a reasonable theory of the case supporting a classwide cause of action, that is sufficient. *See Id.* at 901; *In re Folding Carton Antitrust Litigation*, 88 F.R.D. 211, 215 (N.D. Ill. 1980); *In re Corrugated Container Antitrust Litigation*, 80 F.R.D. 244 (S.D. Tex. 1978).

Because the early resolution of the class certification question requires some degree of speculation, all that is required is that the Court form a reasonable judgment on each certification requirement. *In re Citric Acid Antitrust Litig.*, 1996 WL 655791 *2 (N.D.Cal.1996). In formulating this judgment, the Court may properly consider both the allegations of the class action complaint and the supplemental evidentiary submissions of the parties." Id. at *2. The Court may also consider the manageability of trying the plaintiffs' claims in the form of a class action. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir.1996).

**B. This Case Meets the Requirements of Rule 23(a)**

**1. Ascertainability**

Plaintiff proposes the following Class definition:

All persons who were sent an NOI by AmeriCredit to an address in California at any time from May 18, 2005 through May 15, 2009, following the

repossession or voluntary surrender of a motor vehicle, who were assessed a
deficiency balance following the disposition of the vehicle, and against whom
AmeriCredit has asserted, collected, or attempted to collect any portion of the
deficiency balance. The class excludes persons whose obligations have been
discharged in bankruptcy, persons against whom AmeriCredit has obtained final
judgments for the deficiency balances, and persons who received NOIs that
denied them the right to reinstate.

This class is ascertainable. In the declaration he filed in support of
AmeriCredit's removal petition, Mr. Paterson explained that he asked
AmeriCredit's Information Technology Department for reports on the company's
deficiency balances and deficiency collections from the Class. **Exhibit 5** to
Declaration of Michael E. Lindsey, dec. of Craig Paterson, Vice President of
AmeriCredit, at ¶ 4. AmeriCredit's IT department reported to him precisely how
much had been collected from the Class and how much remained unpaid. Id. at
¶ 5. The IT department was able to provide Mr. Paterson with the borrowers to
whom NOIs were sent in California, and the addresses. In every case brought
against AmeriCredit, they have been able to produce the NOIs and other key
documents.

**2. Numerosity**

According to AmeriCredit, there are approximately 93,035 putative class
members. See **Exhibit 6, p. 6**, Declaration of Michael E. Lindsey, AmeriCredit
Financial Services, Inc., Responses to Special Interrogatories in *Arguelles-
Romero v. AmeriCredit*, BC410509, Los Angeles Superior Court. The issue in
the *Arguelles* case was the arbitration clause in the Purchase Contract. (There is
no arbitration clause in the Aho contract.) When asked if AmeriCredit had
accepted any Retail Installment Sales Contract with terms on the back of the
contract deleted, AmeriCredit responded that this would require a manual search

of "approximately 93,035 California contracts".  The verification is by Vice President of AmeriCredit, Mr. Craig Paterson.

In support of that Notice of Removal, in *Bankston v.  AmeriCredit*, AmeriCredit filed a declaration of its employee, Craig Patterson.  **Exhibit 5**, **p. 2:1-3**, Declaration of Michael E.  Lindsey.  In support of the Removal in the *Bankston* case, AmeriCredit stated;

"CAFA's first requirement - that putative class membership must be no less than 100 - is clearly satisfied."

Also in support of the *Bankston* removal, AmeriCredit's Craig Paterson filed a declaration stating that AmeriCredit has collected $3,879,947.85 from the Class as of October 14, 2009.  **Exhibit 5** to Declaration of Michael E.  Lindsey Declaration of Paterson, ¶ 5.  AmeriCredit continues its collection efforts on the outstanding deficiencies which AmeriCredit alleges against the Class.  Numerosity is met.

**3. Common Questions of Law and Fact**

Commonality focuses on the relationship of common facts and legal issues among class members. *Californians for Disability Rights, Inc. v. California Dept. of Transportation*, 249 F.R.D. 334, 344 (N.D.Cal.2008). "Rule 23(a)(2) has been construed permissively.  All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Id., quoting from *Dukes v. Wal-Mart, Inc*, 509 F.3d 1168, 1177 (9th Cir.2007).  Here, there are common questions of law and fact.

The only factual questions relevant to the case are what the form NOIs said about the conditions precedent to reinstatement, and whether AmeriCredit

attempts to collect on the deficiencies. The facts are clear: AmeriCredit sent virtually identical NOIs to Mr. Aho and the other class members over the Class period. Each one had the same form language about reinstatement. See **Exhibit 2**, Dec. of Stephen D. Aho**, Exhibits 1-4** Dec. of Michael E. Lindsey. Other common questions of fact concern AmeriCredit's practices of collecting on these deficiency claims and reporting them to credit bureaus. Plaintiff contends that each of those practices is unlawful, unfair and deceptive. It is unlawful to collect on the claims because the class members are not liable for them. Civil Code §2983.2(a). Because the class members are not liable for those deficiencies, it is unlawful, unfair and deceptive for AmeriCredit to report those claims to the credit bureaus. Civil Code § 1785.25(a), *et al.*

The central common legal question is whether AmeriCredit's NOIs violate Rees-Levering because they failed to tell consumers "all the conditions precedent" to reinstatement. Civil Code § 2983.2(a)(2). If AmeriCredit did not inform the consumer of all the preconditions to reinstatement—such as monthly payments and late fees that came due after the date of the NOI and the information needed to pay the $15 fee to police department for a release—then AmeriCredit's NOIs violated the Rees-Levering Act. Mr. Aho alleges that each of these NOI were defective in exactly the same way. Moreover, Aho has alleged and submitted supporting evidence that AmeriCredit used from NOIs for virtually the entire class period that were not materially different in any way. Thus, AmeriCredit is liable in the same way to the entire class and liability issues are entirely common to the class.

A final common question of law includes the type of relief that should be ordered. The UCL authorizes the Court to enter declaratory and injunctive relief and to order restitution of money that has been taken from Class Members as a result of AmeriCredit's UCL violations. Fashioning and enforcing suitable declaratory and injunctive relief is a common question. In this case, even the

calculation of restitution presents common questions.  While class members paid different amounts on different dates, computing the rate of interest or profit that AmeriCredit owes for its use of those funds is a common question.  See *Juarez*, supra at 912-917 (plaintiffs entitled to discovery of finance company's return on equity to use in computing the amount of profit or interest to be used in computing disgorgement to class members).  In addition, the statutory damages under the Rosenthal Act, plaintiff requests will be based on the same evidence of AmeriCredit's common practices and culpability.

**4. Typicality**

The typicality requirement focuses on the similarity between the lead plaintiff's legal theories and those of the people he purports to represent.  *Lightbourn v. County of El Paso*, 118 F.3d 421,426 (5th Cir. 1998).  Typicality refers to the nature of the class representative's claim, and not to the specific facts from which it arose or the relief sought.  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Mr. Aho is typical. He defaulted on his car contract and lost the car when it was repossessed and sold. Thereafter AmeriCredit asserted that he owed it the deficiency balance and tried to collect it from him and reported it to the credit bureaus.  AmeriCredit has done the same thing to thousands of California consumers.  Mr.  Aho seeks the same forms of relief for himself as he seeks for the class: declaratory and injunctive relief, restitution of all payments on the deficiency, and statutory damages.  The legal theories and the nature of his claim are exactly the same as those of the proposed class members he seeks to represent.

**5. Adequacy**

Rule 23(a)(4) requires that class representatives must "fairly and

1  adequately protect the interests of the class."  Legal adequacy turns on two

2  questions: (1) whether the class representative's interests are common with, and

3  not antagonistic to, the class's interests; and (2) whether the class representative

4  is "able to prosecute the action vigorously through qualified counsel."  *Whiteway*

5  *v. FedEx Kinko's Office and Print Services, Inc.* 2006 WL 2642528 at *7

6  (N.D.Cal. 2006), citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512

7  (9th Cir.1978).

8      Mr. Aho has no conflicts with the proposed class.  Members of the class

9  have a mutual and coterminous interest in establishing that AmeriCredit's

10  deficiency claims are invalid because its NOIs did not comply with California law

11  and in obtaining declaratory and injunctive relief preventing AmeriCredit from

12  collecting on those claims or reporting them to credit bureaus.

13      Because class representatives serve as guardian of the interests of the

14  class, they should have some minimal familiarity with the litigation, although a

15  detailed understanding of the theories and facts is not required. *In re Tableware*

16  *Antitrust Litigation*, supra at 649.  Mr.  Aho understands the underlying theory of

17  this case and his duties as Class representative.  (Aho Decl. at ¶ 9.)  Mr. Aho is

18  represented by counsel with substantial experience and success in representing

19  consumers in Rees-Levering class actions. Mr.  Lindsey was trial and appellate

20  co-counsel for the consumers in the Rees-Levering cases: *Juarez*, supra, 152

21  Cal.App.4th 889, and *Salenga v. Mitsubishi Motors Credit of America, Inc.*,

22  (2010) 183 Cal.App.4th 986.  Both Mr. Lindsey and Mr. Hanson have substantial

23  experience in consumer litigation, and consumer class litigation. (Lindsey Decl.

24  at ¶ ¶ 4, 5, 6; Hanson Decl. at ¶ ¶ 3-4.) They have successfully represented

25  consumers in a series of cases that have challenged the legal sufficiency of

26  NOIs.  Id. There is no question but that class counsel is qualified.

27  **B. This Case Meets the Requirements of Fed.R.Civ.P. 23(b)**

28      After satisfying the requirements of Rule 23(a), Mr. Aho must also show

that at least one of the three requirements of Rule 23(b) is satisfied before the Court can certify the class.  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614-15 (1997).  Mr. Aho contends that class certification is appropriate pursuant to Rule 23(b)(2) and (b)(3).

### 1. Class Certification is Appropriate Pursuant to Rule 23(b)(2)

Rule 23(b)(2) allows a class to be certified when Rule 23(a) is met and "the party opposing the class has acted or refused to act on grounds generally applicable to the class," making it appropriate to grant relief to the class as a whole.  This subsection primarily applies to suits for injunctive relief, but the Court can certify a class seeking money damages if "the claim for monetary damages [is] secondary to the primary claim for injunctive or declaratory relief." *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003).

Mr. Aho seeks declaratory and injunctive relief that would (i) declare that the class members are not liable for the deficiencies, (ii) enjoin AmeriCredit from further collection activity, (iii) enjoin AmeriCredit from reporting the deficiencies to credit bureaus and require it to notify those bureaus that the class members are not liable for those claims. See First Amended Complaint, ¶¶ 1, 27, and Prayer. The importance of the injunctive and declaratory relief vastly exceeds the restitution sought in this case by a factor of 100 to 1. In his removal declaration (**Exhibit 11**, ¶ 5), Craig Paterson states that AmeriCredit's unpaid deficiency claims are $383,676,237.22. In comparison, the amount collected is tiny, "$3,879,947.85 (without counting interest or alleged "profits" thereon)" or approximately 1% of the total. Id.

Because the restitutionary relief sought is minimal by comparison, class certification pursuant to Rule 23(b)(2) is appropriate

### 2. Class Certification is Appropriate Pursuant to Rule 23(b)(3)

Class certification is also appropriate pursuant to Rule 23(b)(3). Under this

1   rule, the Court must find that the questions of law or fact common to the class

2   predominate over any questions affecting only individual class members, and

3   that a class action is superior to other available methods for the fair and efficient

4   adjudication of the controversy.  The matters pertinent to a finding under Rule

5   23(b)(3) include: (a) the interest of members of the class in individually

6   controlling the prosecution or defense of separate actions; (b) the extent and

7   nature of any litigation concerning the controversy already commenced by or

8   against members of the class; (c) the desirability or undesirability of

9   concentrating the litigation of the claims in the particular forum; (d) the difficulties

10  likely to be encountered in the management of a class action. The objective

11  behind the two requirements of Rule 23(b)(3) is the promotion of economy and

12  efficiency. In re *Tableware*, supra, at 651, citing Fed.R.Civ. P. advisory

13  committee notes.

14      When common issues predominate, class actions achieve these

15  objectives by minimizing costs and avoiding the confusion that would result from

16  inconsistent outcomes. *Id.*  Because no precise test can determine whether

17  common issues predominate, the Court must pragmatically assess the entire

18  action and the issues involved.  *Romero v. Producers Dairy Foods, Inc.* 235

19  F.R.D. 474, 489 (E.D.Cal. 2006).

20      Here, the predominate legal issue that will determine AmeriCredit's liability

21  is whether AmeriCredit failed to include statutorily-required information in the

22  NOIs **Exhibits 1-6**, that it sent to Mr. Aho and to the proposed class members.

23  That will require a determination of whether AmeriCredit complied with Civil Code

24  § 2983.2(a)(2), which requires AmeriCredit to include information in its NOIs

25  listing all the conditions precedent to reinstatement, i.e., all the payments its

26  customers had to make and other conditions they had to fulfill before they could

27  reinstate. See *Juarez*, supra, 152 Cal.App.4th at 904-905, 912. This issue is

28  common to the proposed class and can be determined by evaluating the form

NOIs and collection procedures.  Individual issues are minor. They include the amounts paid by those persons who made deficiency payments and the restitution to which they are entitled. These issues do not predominate over the common factual and legal issues.  In addition, no class members have shown a willingness to control this litigation, and counsel is unaware of any individual (non-class) litigation or arbitration regarding AmeriCredit and its NOIs. (Lindsey Decl.  ¶ 10.)

Finally, there are no difficulties that are likely to be encountered in managing this class action. This type of class action has been routinely certified. *See, e.g.*, *Fireside Bank v. Superior Court*, 40 Cal.4th 1069 (2007)(class certified involving UCL/Rees-Levering Act and notice requirements); *Juarez v. Arcadia Financial, Ltd.,* 152 Cal.App.4th 889 (2007)(same)(Mr. Lindsey was co-counsel for plainitff Juarez); *Lewis v. Robinson Ford Sales Inc.*, 156 Cal.App.4th 359 (2007)(reversing denial of class certification in UCL/Rees-Levering Act case, and directing trial court to certify the class)(Mr. Hanson was one of the attorneys for plaintiff/appellant in *Lewis*); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005)(certifying Rosenthal Act claim). AmeriCredit has the records of the class members and knows how much they paid to AmeriCredit and how much AmeriCredit claims that they owe in deficiency balances.

///

///

///

**CONCLUSION**

For the foregoing reasons, Plaintiff Stephen D. Aho respectfully requests this Court certify the class defined above, to appoint him as class representative, and to appoint his counsel as class counsel.

August 16, 2010

_/s/Michael E. Lindsey_

Michael E. Lindsey
Attorney for Plaintiff

PROOF OF SERVICE
(Sections 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF SAN DIEGO    )

I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 4455 Morena Blvd., Ste. 207, San Diego, California 92117-4325.

On the date shown below,  I served the foregoing document described as:

MOTION FOR CLASS CERTIFICATION
Aho v. AmeriCredit , Case No. 10cv1373 MMA POR

to the interested parties in this action by mail at San Diego, California addressed as follows:

Peter S. Hecker
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA, 94111-4109

[X]    (**BY EFILE**) The above document was served on the interested party named above by electronic means via Efile.

[]    (**BY MAIL**)  The envelope was mailed with postage thereon fully prepaid.  As follows:  I am "readily familiar" with this office's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    (**BY PERSONAL SERVICE**) I caused to be delivered such envelope by hand to the addressee.

[X]    (**FEDERAL**] I declare that I am a member of the bar of this court.

Executed on August 16, 2010, at San Diego, California.

/s/Michael E. Lindsey
Michael E. Lindsey

PI.'S MOTION FOR CLASS CERTIFICATION , *Aho v. AmeriCredit* , Case No. 10cv1373 DMS-BLM    19