1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, individually, and on behalf of all others similarly situated,<br><br>                                         Plaintiff,<br><br>            vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. dba ACF FINANCIAL SERVICES, INC.,<br><br>                                         Defendant. | CASE NO. 10cv1373 DMS (BLM)<br><br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, STAY THIS CASE**<br><br>**[Docket No. 18]** |

        This case is one of six cases against Americredit currently pending in the state and federal courts of California.  In order of filing, the cases are as follows:

        1.  *Arguelles-Romero v. Americredit*, Case Number BC410509, which is currently pending before the Los Angeles Superior Court;

        2.  *Smith v. Americredit*, Case Number 09cv1076, in which this Court granted Defendant's motion to compel arbitration.  That decision is currently on appeal at the Ninth Circuit;

        3.  *Bankston v. Americredit*, Case Number 09cv4892, which is currently pending before the United States District Court for the Northern District of California.  Defendant's motion for summary judgment re: standing and motion to strike portions of the First Amended Complaint, and Plaintiff's motion for class certification are currently pending before the court;

4. *Cardenas v. Americredit*, Case Number 09cv4978, which is also pending in the Northern District of California;

5. *Wright v. Americredit*, Case Number 10cv0922, which is currently pending before this Court; and

6. *Aho*, the present case.

Michael Lindsey and John Hanson represent the plaintiffs in *Smith* and *Aho*, and Kemnitzer, Anderson, Barron, Ogilvie & Brewer represent the plaintiffs in the other cases. Defendant is represented in all of the cases by Peter Hecker of Sheppard, Mullin, Richter & Hampton LLP.

The present case comes before the Court on Defendant's motion to dismiss or, alternatively, stay this case on the ground it is duplicative of *Bankston*. Plaintiff has filed an opposition to the motion, and Defendant has filed a reply. For the reasons set out below, the Court denies the motion.

# I.

## DISCUSSION

"The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000). These principles are intended "'to avoid duplicative litigation,' and to promote judicial efficiency." *Id.* (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Defendant asserts that this case involves the same parties and issues as *Bankston*, therefore comity warrants a dismissal or stay of this case. There is no dispute that Defendant is involved in each case. However, there is a dispute about whether the plaintiffs in each case are the same. Plaintiff also disputes that the cases involve the same issues.

Both this case and *Bankston* are purported class actions. Plaintiff here seeks to certify the following class:

> All California residents to whom Americredit sent NOIs during the period beginning March 18, 2005, to May 15, 2009, whose vehicles were repossessed or voluntarily surrendered to Americredit or its agents, and against whom Americredit has asserted a deficiency claim. The Class excludes the Court and its staff, all employees of Americredit and its affiliates, and all persons whose conditional sales contract obligations have been discharged in bankruptcy.

(Pl.'s Mot. for Class Certification at 3-4.)  In *Bankston*, the plaintiff seeks to certify the following class:

> All persons who were sent an NOI by Americredit to an address in California at any time from October 2, 2005 through June 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against whom Americredit has asserted, collected, or attempted to collect any portion of the deficiency balance.

(Def.'s Req. for Judicial Notice in Supp. of Mot., Ex. B at 21.)  Although the wording of the proposed classes is not identical, the boundaries of the proposed classes are substantially similar.  Each includes California residents whose vehicles were repossessed or voluntarily surrendered to Americredit, and against whom Americredit has asserted a deficiency claim.  The only difference between the proposed classes is the time period, with the class period here starting on March 18, 2005, and continuing through May 15, 2009, and the *Bankston* class period beginning on October 2, 2005, and continuing through June 2009.

Defendant argues the difference between the class periods does not defeat a finding that the cases involve the same parties, and in support of that argument it cites *Weinstein v. Metlife, Inc.*, No. C 06-04444 SI, 2006 WL 3201045 (N.D. Cal. Nov. 6, 2006).  In that case, the court granted a motion to stay a later-filed action based on principles of comity despite an eleven month difference in the class periods. Specifically, the class period in the later-filed action started eleven months after the class period in the first-filed action.  Here, however, the class period in the first-filed action, *Bankston*, starts seven months *after* the class period in this case.  Therefore, unlike in *Weinstein*, the class period in this case is not encompassed within the class period of the first-filed action.  Under these circumstances, the Court finds the parties in this case are not the same as the parties in *Bankston*.[1]

## II.

## CONCLUSION

For these reasons, the Court denies Defendant's motion to dismiss.  The Court also declines to stay this case pending the resolution of *Bankston*.  Although that case is further along in the litigation

/ / /

---

[1]  In light of this finding, the Court declines to address whether the issues in the two cases are the same.  However, the Court notes that this case involves a claim for violation of California Civil Code §§ 1788, *et seq.*, the Rosenthal Fair Debt Collections Practices Act, which claim is absent from *Bankston*.  The Court also notes that the NOIs at issue in each case are different.

process than this case, that case appears to be at a standstill with several motions pending and no trial date.  Under those circumstances, a stay of this case is not warranted.

       **IT IS SO ORDERED**.

DATED:  November 18, 2010

_____
HON. DANA M. SABRAW
United States District Judge

10cv1373