SHANNON Z. PETERSEN, Cal. Bar No. 211426
  spetersen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California 92101-3598
Telephone:    619-338-6500
Facsimile:    619-234-3815

PETER S. HECKER, Cal. Bar No. 66159
  phecker@sheppardmullin.com
ANNA S. McLEAN, Cal. Bar No. 142233
  amclean@sheppardmullin.com
DAVID E. SNYDER, Cal. Bar No. 262001
  dsnyder@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, an individual, individually and on behalf of a class of similarly situated persons,<br><br>                    Plaintiffs,<br><br>        v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC.,<br>a business entity form unknown,<br><br>                    Defendant. | Case No. 10 CV 1373 DMS BLM<br><br>**AMERICREDIT'S ANSWER TO COMPLAINT**<br><br>[Complaint Filed: June 29, 2010] |

Defendant AmeriCredit Financial Services, Inc. ("AmeriCredit"), for itself alone, answers plaintiff's Complaint for alleged violations of the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq.*; the Unfair Competition Law, Business & Professions Code § 17200, *et seq.* ("UCL"), with alleged violations of the Rees-Levering Automobile Sales Finance Act, Cal. Civil Code § 2981, *et seq.* ("Rees-Levering") as an alleged "predicate"; and plaintiff's purported claim for declaratory relief (the "Complaint"), as follows:

In response to the introductory paragraph, AmeriCredit admits that plaintiff purports to bring this action "on behalf of himself and all others similarly situated," and that plaintiff makes the allegations set forth in the Complaint. Except as so expressly admitted, AmeriCredit denies each and every allegation of the introductory paragraph.

## NATURE OF THE ACTION

1. AmeriCredit admits that plaintiff purports to bring this action on behalf of a putative class of California consumers for alleged violations of California law, seeking relief as set forth in the Complaint. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 1.

## JURISDICTION AND VENUE

2. AmeriCredit admits that it is incorporated under the laws of Delaware and has its corporate headquarters and principal place of business in Fort Worth, Texas. Except as so expressly admitted, AmeriCredit denies each and every allegation contained in paragraph 2.

3. AmeriCredit denies each and every allegation of paragraph 3.

4. AmeriCredit admits that plaintiff purchased his vehicle in Southern California, and that his vehicle was repossessed in Southern California. AmeriCredit lacks information or knowledge sufficient to respond to the allegation that plaintiff resided in this District. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 4.

## PARTIES

5. AmeriCredit lacks information or knowledge sufficient to respond to the allegations of paragraph 5 and, on that basis, denies each and every allegation of paragraph 5.

6. AmeriCredit admits that is registered in California as ACF Financial Services, Inc., and that it is engaged in the business of purchasing and servicing retail installment sales contracts. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 6.

7. AmeriCredit denies each and every allegation of paragraph 7.

8. AmeriCredit denies each and every allegation of paragraph 8.

## FACTS

9. AmeriCredit admits that the retail installment sales contract associated with plaintiff's purchase of a 2002 Dodge Dakota, VIN 1B7GL42N22S598833 (the "vehicle"), was assigned to AmeriCredit. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 9.

10. AmeriCredit admits that it repossessed the vehicle after plaintiff defaulted on his obligations under his retail installment sales contract. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 10.

11. AmeriCredit admits that, pursuant to applicable California law, it sent plaintiff a document entitled "Notice of Our Plan to Sell Property" ("NOI"). Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 11.

12. AmeriCredit admits that plaintiff was entitled to reinstate, per the terms of the NOI. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 12.

13. AmeriCredit admits that the vehicle was sold. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 13.

14. AmeriCredit admits that plaintiff owed a deficiency balance. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 14.

15. AmeriCredit denies each and every allegation of paragraph 15.

16. AmeriCredit denies each and every allegation of paragraph 16.

17. AmeriCredit denies each and every allegation of paragraph 17.

18. AmeriCredit denies each and every allegation of paragraph 18.

19. AmeriCredit denies each and every allegation of paragraph 19.

W02-WEST:5DAS1\403114644.2                    AMERICREDIT'S ANSWER TO COMPLAINT
No. 10cv1373

## CLASS ACTION ALLEGATIONS

20. AmeriCredit admits that plaintiff purports to bring this action on behalf of a putative class, and that plaintiff purports to seek relief as he alleges. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 20.

21. AmeriCredit denies each and every allegation of paragraph 21.

22. AmeriCredit denies each and every allegation of paragraph 22.

23. AmeriCredit denies each and every allegation of paragraph 23

24. AmeriCredit denies each and every allegation of paragraph 24.

25. AmeriCredit denies each and every allegation of paragraph 25.

26. AmeriCredit denies each and every allegation of paragraph 26.

27. AmeriCredit denies each and every allegation of paragraph 27.

28. AmeriCredit denies each and every allegation of paragraph 28.

## COUNT I

29. AmeriCredit incorporates by reference its allegations, admissions and denials as set forth in paragraphs 1-28 of this Answer.

30. AmeriCredit denies each and every allegation of paragraph 30.

31. AmeriCredit denies each and every allegation of paragraph 31.

32. AmeriCredit denies each and every allegation of paragraph 32.

33. AmeriCredit denies each and every allegation of paragraph 33.

34. AmeriCredit denies each and every allegation of paragraph 34.

35. AmeriCredit denies each and every allegation of paragraph 35.

## COUNT II

36. AmeriCredit incorporates by reference its allegations, admissions and denials as set forth in paragraphs 1-35 of this Answer.

37. AmeriCredit admits that plaintiff alleges violations of Rees-Levering as a claimed "predicate" to his purported UCL cause of action. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 37.

38. AmeriCredit denies each and every allegation of paragraph 38.

39. AmeriCredit denies each and every allegation of paragraph 39.

40. AmeriCredit denies each and every allegation of paragraph 40.

41. AmeriCredit denies each and every allegation of paragraph 41.

42. AmeriCredit denies each and every allegation of paragraph 42.

43. AmeriCredit denies each and every allegation of paragraph 43.

44. AmeriCredit denies each and every allegation of paragraph 44.

45. AmeriCredit admits that plaintiff purports to seek an order as alleged in paragraph 45 and that plaintiff purports to seek recovery of attorneys' fees, costs and expenses. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 45.

46. AmeriCredit admits that plaintiff purports to seek an order as alleged in paragraph 46. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 46.

## COUNT III

47. AmeriCredit incorporates by reference its allegations, admissions and denials as set forth in paragraphs 1-46 of this Answer.

48. AmeriCredit denies each and every allegation of paragraph 48.

49. AmeriCredit denies each and every allegation of paragraph 49.

50. AmeriCredit admits that plaintiff purports to seek declaratory relief from the Court. Except as so expressly admitted, AmeriCredit denies each and every allegation of paragraph 50.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses to the Complaint, AmeriCredit alleges as follows. By alleging the matters set forth in these defenses, AmeriCredit does not thereby allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters. AmeriCredit reserves the right to raise additional affirmative defenses as they become known to it through discovery in this case.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a claim for relief against AmeriCredit.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that plaintiff or members of the purported class on whose behalf plaintiff purports to sue breached their conditional sale contracts, any liability of AmeriCredit and the harm, if any, that members of the purported class suffered, is excused.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that plaintiff or members of the purported class on whose behalf plaintiff purports to sue breached their conditional sale contracts, their claims against AmeriCredit are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff or members of the purported class on whose behalf plaintiff purports to sue breached their conditional sale contracts, their claims against AmeriCredit are barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff or members of the purported class on whose behalf plaintiff purports to sue breached their conditional sale contracts, their claims against AmeriCredit are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent that California courts entered deficiency judgments against plaintiff or any member of the purported class on whose behalf plaintiff purports to sue, their claims against AmeriCredit are barred by the doctrines of *res judicata* and collateral estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

The purported claims made by plaintiff and members of the purported class on whose behalf plaintiff purports to sue are barred by the applicable statutes of limitation, including but not limited to California Civil Code section 1788.30(f), California Code of Civil Procedure sections 337, 338 and California Business & Professions Code section 17208.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and members of the purported class on whose behalf plaintiff purports to sue are precluded and estopped from making any of the claims embodied in the Complaint, to the extent they have not performed the covenants, promises, terms and conditions precedent contained in their conditional sale contracts.

### NINTH AFFIRMATIVE DEFENSE

The purported claims made by plaintiff and members of the purported class on whose behalf plaintiff purports to sue and their recovery, if any, must be reduced or offset by any amounts owed by them to AmeriCredit, and by the amount of damages proximately caused to AmeriCredit by reason of the breach of the terms and conditions of the conditional sale contracts by plaintiff and such members of the purported class.

### TENTH AFFIRMATIVE DEFENSE

The purported claims made by plaintiff and members of the purported class on whose behalf plaintiff purports to sue are barred by the doctrine of laches, in that plaintiff and such members of the purported class delayed an unreasonable period of time before bringing this action, which delay caused detriment and prejudice to AmeriCredit.

### ELEVENTH AFFIRMATIVE DEFENSE

The purported claims made by plaintiff and members of the purported class on whose behalf plaintiff purports to sue are precluded by federal and California principles of due process, among other things, preventing imposition of liability for unexpected or unusual interpretations of vague or uncertain statutes.

### TWELFTH AFFIRMATIVE DEFENSE

Any claims for restitution under California Business & Professions Code sections 17200 *et seq.* made by plaintiff and members of the purported class on whose behalf plaintiff purports to sue are precluded because such recovery would constitute an excessive penalty and forfeiture in violation of AmeriCredit's Eighth Amendment and federal and California due process rights, applicable statutory provisions and rules of equity, among other things.

## THIRTEENTH AFFIRMATIVE DEFENSE

The purported claims made by plaintiff and members of the purported class on whose behalf plaintiff purports to sue are precluded to the extent that such members of the purported class previously released some or all of their claims against AmeriCredit.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any purported loss, damage or injury suffered by plaintiff and members of the purported class on whose behalf plaintiff purports to sue was not proximately caused by any act or omission, wrongful or otherwise, of AmeriCredit, which acted in good faith at all times in connection with the matters alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

The alleged claims of plaintiff and members of the purported class on whose behalf plaintiff purports to sue are barred by the doctrine of ratification.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged claims of plaintiff and members of the purported class on whose behalf plaintiff purports to sue are barred by the doctrine of accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiff and members of the purported class on whose behalf plaintiff purports to sue are at fault with respect to the matters complained of herein, and/or the alleged harm suffered, any recovery by them should be reduced by the proportion of such harm, if any, caused by said comparative fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Although AmeriCredit denies that plaintiff, and/or the persons on whose behalf he purports to sue, have suffered any harm, including as alleged in the Complaint, to the extent that plaintiff and/or such others have suffered harm, they have failed to mitigate such harm.

## NINETEENTH AFFIRMATIVE DEFENSE

By his own conduct, acts and omissions, plaintiff, and/or the persons on whose behalf he purports to sue, consented to and acquiesced in AmeriCredit's conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

The alleged claims of certain persons on whose behalf plaintiff purports to sue are subject to mandatory arbitration pursuant to the arbitration clauses contained in the contracts they entered into, which were assigned to AmeriCredit.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The alleged claims of certain persons on whose behalf plaintiff purports to sue are barred because the case of *Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889 (2007), on which their claims are purportedly based, cannot legally or equitably be applied retroactively.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he does not have standing to pursue the claims asserted in the Complaint.

WHEREFORE, AmeriCredit prays for judgment as follows:

1. That plaintiff and members of the putative class on whose behalf plaintiff purports to sue take nothing by reason of the Complaint herein;

2. That the Court offset the recovery, if any, by plaintiff and members of the putative class on whose behalf plaintiff purports to sue, by any amounts owed by them to AmeriCredit;

3. That AmeriCredit recover its expenses, costs and attorneys' fees in connection with this lawsuit;

4. That this Court grant AmeriCredit such other and further relief as it deems just and proper.

Dated: December 2, 2010                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ Peter S. Hecker
PETER S. HECKER

Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES, INC.

E-mail: phecker@sheppardmullin.com

-8-

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Local Rules 5.2 and 5.4c, I hereby certify that I am an employee of Sheppard, Mullin, Richter & Hampton LLP, Four Embarcadero Center, 17th Floor, San Francisco, California, am over the age of eighteen years and not a party to the within entitled action. I certify that on December 2, 2010, I served the following documents:

AMERICREDIT'S ANSWER TO COMPLAINT

by electronic means via the Court's Electronic Filing System to those on the Court's Electronic Mail Notice List who are currently listed to receive e-mail notices for this case as shown below:

- **John W Hanson**
  john@thesandiegolemonlawyer.com, johnwhanson@hotmail.com

- **Peter Scott Hecker**
  phecker@sheppardmullin.com, mnewland@sheppardmullin.com, arose@sheppardmullin.com, amclean@sheppardmullin.com, dsnyder@sheppardmullin.com, khollenbeck@sheppardmullin.com

- **Michael E Lindsey**
  mlindsey@nethere.com

- **Shannon Z Petersen**
  spetersen@sheppardmullin.com, pchavez@sheppardmullin.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 2, 2010, at San Francisco, California.

_____
Karen Hollenbeck