John W. Hanson, SBN 214771
THE HANSON LAW FIRM
16870 W. Bernardo Dr., Ste. 400
San Diego, CA 92127
Phone: 858.451.0291
Fax: 858.451.0281
Email: john@thesandiegolemonlawyer.com

Michael E. Lindsey
Attorney at Law
State Bar No. 99044
4455 Morena Blvd., Ste. 207
San Diego, California 92117-4325
(858) 270-7000
mlindsey@nethere.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE AHO, an individual, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown,<br><br>Defendants. | Case No. 10 cv 1373-DMS (BLM)<br><br>PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANT'S IMPROPER AND OVERLENGTH BRIEFING REGARDING CLASS CERTIFICATION |

Plaintiff, Stephen D. Aho, requests the Court strike Defendant's, AmeriCredit Financial Services, Inc.'s, two recently-filed Motions as they are procedurally improper and violate the Court's Local Rules by effectively allowing Defendant up to seventy (70) additional pages and four extra briefs with which to oppose Plaintiff's Motion for Class Certification [Doc. No. 40].

1    According to Local Rule 7.1(h), a party has only one brief of twenty-five
2 pages to oppose a motion, unless the Court grants leave to file an overlength
3 brief.  The Rules do not even consider the filing of extra briefs.  Defendant has
4 never sought permission from the Court to have extra briefing of any kind.
5 Plaintiff's counsel met-and-conferred with Defense counsel prior to the filing of
6 these motions, indicating that we thought them improper attempts to gain extra
7 briefing without Court permission.
8    The Court should strike Docket Nos. 41 and 42.  The Court does not need
9 two *extra* motions, six *extra* briefs (two motions, two oppositions, two replies), and
10 hundreds of *extra* pages of briefing regarding the proposed Class.
11    Defendant's two "motions to exclude" potential members [Doc. Nos. 41 and
12 42] from the proposed class are simply arguments to be raised in opposition to
13 the Motion for Class Certification [Doc. No. 40], as they have to do with the
14 proposed class definition.  By raising these issues as independent motions,
15 Defendant has surreptitiously granted itself an additional seventy (70) pages of
16 briefing, as well as two opening and two reply briefs, that it would not have under
17 the Local Rules.  If the Motions are not struck, Defendant will have no less than
18 five (5) lengthy and burdensome briefs with which to oppose Plaintiff's Motion for
19 Class Certification.  This is simply unfair and unduly burdensome to the Court and
20 to Plaintiff.
21    There is no such thing as a "motion to exclude potential class members."  It
22 is neither a motion to dismiss, under Rule 12, nor a motion for summary judgment
23 under Rule 56.  Even if they were cognizable under either Rule, Defendant has
24 already filed its Motions to Dismiss and its Motion for Summary Judgment.  The
25 Court has previously expressed that it would not accept any such serial and
26 dilatory motion practice.  The only procedural relevance these two ostensible
27 "motions to exclude" have is with regard to Rule 23 and Plaintiff's Motion for
28 Class Certification.  As such, Defendant should have to, at the very least, request

and justify its need for more than one brief of twenty-five pages with which to oppose Class Certification. See Civ.LR 7.1(h).

Neither plaintiff, nor the Court should have to respond to four extra briefs and hundreds more pages of briefing than what the rules already generously allow.

DATED: March 24, 2011  /s/ John W. Hanson

John W. Hanson, SBN 214771
THE HANSON LAW FIRM
16870 W. Bernardo Dr., Ste. 400
San Diego, CA 92127
Phone: 858.451.0291
Fax: 858.451.0281
Email: john@thesandiegolemonlawyer.com

1           <u>PROOF OF SERVICE</u>

2

3     I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is: 16870 W. Bernardo Dr., Ste, 400, San Diego, CA 92127

4

5     On the date shown below,  I served the foregoing document described as:

6 PLAINTIFF'S EX PARTE APPLICATION TO STRIKE DEFENDANT'S IMPROPER AND OVERLENGTH BRIEFING REGARDING CLASS CERTIFICATION

7 Aho v. AmeriCredit , Case No. 10 cv 1373-DMS (BLM)

8 as follows:

9 Peter S. Hecker
Sheppard Mullin Richter & Hampton LLP
10 Four Embarcadero Center, 17th Floor
San Francisco, CA, 94111-4109

11

12 [X]    (**BY EFILE**) The above document was served on the interested party named above by electronic means via Efile.

13 []    (**BY MAIL**)  The envelope was mailed with postage thereon fully prepaid.  As follows:  I am "readily familiar" with this office's practice of collecting and

14     processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully

15     prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal

16     cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

18 [ ]    (**BY PERSONAL SERVICE**) I caused to be delivered such envelope by hand to the addressee.

19 [X]    (**FEDERAL**] I declare under penalty of perjury that the above is true and correct and that I am a member of the bar of this court.

20

21

22     Executed on March 24, 2011, at San Diego, California.

23

24                             /s/John W. Hanson
                              John W. Hanson,
                              SBN 2147771

25                             THE HANSON LAW FIRM
                            16870 W. Bernardo Dr.

26                             Ste. 400
                            San Diego, CA 92127

27

28