PETER S. HECKER, Cal. Bar No. 66159
 phecker@sheppardmullin.com
ANNA S. McLEAN Cal. Bar No. 142233
 amclean@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 A Limited Liability Partnership
 Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

SHANNON Z. PETERSEN, Cal. Bar No. 211426
 spetersen@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
501 West Broadway, 19th Floor
San Diego, California  92101-3598
Telephone:    619-338-6500
Facsimile:    619-234-3815

Attorneys for Defendant
AMERICREDIT FINANCIAL SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, an individual, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC.,<br>a business entity form unknown,<br><br>Defendant. | Case No. 10cv1373 DMS BLM<br>Related to Case No. 10cv0922 DSM BLM<br><br>**CLASS ACTION**<br><br>**AMERICREDIT'S OPPOSITION TO PLAINTIFF'S BELATED *EX PARTE* APPLICATION TO STRIKE AMERICREDIT'S MOTIONS**<br><br>Courtroom 10, 2nd Floor<br>Hon. Dana M. Sabraw |

## I. INTRODUCTION AND BACKGROUND

Plaintiff's belated *ex parte* application contradicts his previous stipulation and the Order of this Court.

On March 23, 2011, the parties submitted a *joint motion* acknowledging the filing of: (1) plaintiff's motion for class certification; (2) defendant's motion for summary judgment based on lack of standing, statute of limitations, and preemption; (3) defendant's motion to exclude putative class members with arbitration clauses; and (4) defendant's motion to exclude putative class members who received notices pre-*Juarez*. In the joint motion, the parties agreed to a revised briefing schedule for all four oppositions to these motions and all four replies. *See* Doc. 45. Indeed, the point of the motion was to accommodate the expected heavy briefing on these potentially dispositive and other significant motions. In particular, it allows the parties more time (nineteen days instead of seven) to file their replies, and allows the Court more time (nine days instead of seven) to consider these key motions prior to the May 13, 2011 hearing. *Id.* In the joint motion, plaintiff made no mention of any procedural objection to the filing of AmeriCredit's motions (3) and (4) above. *Id.*

On March 24, 2011, the Court issued an order approving the stipulated briefing schedule. In it, the Court acknowledged that in response to the four separate motions the parties would file four oppositions and four replies. *See* Doc. 46. Later that day, however, plaintiff filed his *ex parte* application seeking to strike AmeriCredit's "improper and overlength briefing regarding class certification." *See* Doc. 47. In light of the joint motion and the Court's order, it is plaintiff's *ex parte* application that is improper.

## II. THIS COURT'S AUTHORITY UNDER FRCP 23

In addition to the fact that it violates the parties' stipulation and the Court's order, the Court should deny plaintiff's *ex parte* application for other reasons as well. To begin with, there is nothing procedurally improper about AmeriCredit's motions to limit the scope of any class. Plaintiff fails to cite any law in support of his claim otherwise.

Under Federal Rule of Civil Procedure ("FRCP") 23, this Court has broad discretion to address procedural issues concerning putative class actions. Indeed, this Court ruled, and the

-1-

Ninth Circuit affirmed, that FRCP 23 is flexible enough to allow defendants to bring preemptive motions regarding class certification, as AmeriCredit has done here.  *See Vinole v. Countrywide*, 571 F.3d 935 (9th Cir. 2009).  "Plaintiff's briefing appears to incorrectly assume that defendants to purported class actions may only raise issues regarding the appropriateness of this procedure in response to class certification motions."  *Id.* at 940 *quoting with approval Osborn v. Pennsylvania-Delaware Serv. Station Dealers Ass'n*, 499 F.Supp. 533, 560 (D. Del. 1980).  Plaintiff's *ex parte* application fails to address this controlling authority.

Further, under FRCP 23(d)(1)(A), this Court has broad discretion to "determine the course of proceedings" in class actions.  Under FRCP 23(d)(1)(C), a court can "impose conditions on the representative parties."  Under FRCP 23(d)(1)(D), a court can "require that pleadings be amended to eliminate [or, implicitly, modify] allegations about representation of absent persons."  Under FRCP 23(d)(1)(E), a court has broad authority to "deal with similar procedural matters" regarding class actions as it sees fit.  Under FRCP 23(c)(1)(C), a court can alter or amend a class certification order.  Accordingly, under *Vinole* and the various provisions of FRCP 23(d)(1), this Court may consider AmeriCredit's motions to limit the scope of any class.

### III.    THE MOTIONS IN QUESTION

In its opposition to plaintiff's motion for class certification, AmeriCredit intends to focus primarily on the reasons why the Court should not certify *any* class in this case.  In the event the Court does certify a class, AmeriCredit asks the Court to limit its size and scope for the reasons set forth in its two motions.  As demonstrated above, the Court plainly has the power to consider these issues as presented by AmeriCredit.

Plaintiff argues that the Court should not do so, primarily complaining about the extra briefing he *already agreed to*.  Plaintiff's position is ironic, given his previous stance.  AmeriCredit originally asked this Court to first hear its motion for summary judgment before considering plaintiff's motion for class certification and related matters.  *See* Doc. 32; Chambers Rule 4(b)(2); *Lierboe v. State Farm Mutual Auto. Ins. Co.*, 350 F.3d 1018, 1023, n.6 (9th Cir. 2003) (holding that it is "better procedure for the district court to defer ruling on the class certification until making a decision whether the purported class representative can state a claim

within the asserted class"). In opposition, plaintiff argued that the Court should hear both motions together "to avoid needless delay and provide the Court with the full set of options and information to make the best decision." Doc. 36 at 5:6-9. The Court decided not to postpone consideration of class certification issues. Doc. 38.

The Court currently has four motions before it. Efficiency does not require that the Court strike two of them, as plaintiff requests. Instead, the most logical and efficient thing for the Court to do is to first consider AmeriCredit' motion for summary judgment. If it grants that motion—which AmeriCredit strongly believes is well-taken—there is no need to decide the other three. *See Lierboe*, 350 F.3d at 1023, n.6.

If the Court does reach the issue of class certification, the arguments raised by AmeriCredit deserve full consideration. There are potentially millions of dollars at stake. If granted, AmeriCredit's motion to exclude the putative class members with arbitration clauses would reduce the proposed class by approximately 60%. If granted, AmeriCredit's motion to exclude the putative class members who received notices before *Juarez* was decided in June 2007 would reduce the proposed class by a similar proportion.

The issues are also complex. AmeriCredit's motion to exclude putative class members with arbitration clauses addresses the enforceability of class action waivers. It also requires analysis of the preemptive effect of the Federal Arbitration Act. This Court is very familiar with the complexity of these issues, including from the related case of *Smith v. AmeriCredit*, No. 09cv1076 DMS (BLM), 2009 WL 4895280 (S.D. Cal. Dec. 11, 2009), in which the Court considered such matters only after full briefing and oral argument  Indeed, the preemption issue is sufficiently complex that the U.S. Supreme Court is currently considering it in the long-anticipated case of *AT&T Mobility LLC v. Concepcion*, 130 S.Ct. 3322 (2010), which originated from this Court.

Similarly, AmeriCredit's motion to exclude putative class members who received notices pre-*Juarez* is complex and warrants full consideration. In it, AmeriCredit explains the *Juarez* decision, then analyzes four different factors showing why *Juarez* should apply prospectively only. AmeriCredit has been concise in both briefs, keeping them to 10 pages (arbitration) and 14

-3-

1  pages (*Juarez*), well under the Court's 25 page limit.  AmeriCredit should not be forced to
2  truncate its analysis even further, as plaintiff belatedly proposes.

3  **IV.    CONCLUSION**

4      For these reasons, AmeriCredit respectfully requests that the Court deny plaintiff's *ex parte*
5  application.

6  Dated:  March 29, 2011

7                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8                By    *s/Shannon Z. Petersen*
9                            SHANNON Z. PETERSEN

10                           Attorneys for Defendant
                  AMERICREDIT FINANCIAL SERVICES, INC.
11                 Email:  spetersen@sheppardmullin.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28