# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, individually, and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. dba ACF FINANCIAL SERVICES, INC.,<br><br>                                    Defendant. | CASE NO. 10cv1373 DMS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Docket No. 43]** |

This matter comes before the Court on Defendant's motion for summary judgment re standing, statute of limitations and preemption. Plaintiff filed an opposition to the motion, and Defendant filed a reply. The motion came on for hearing on May 13, 2011. John Hanson and Michael Lindsey appeared and argued on behalf of Plaintiff, and Anna McLean and Peter Hecker appeared and argued on behalf of Defendant. Having carefully considered the pleadings and arguments of counsel, the Court now grants in part and denies in part Defendant's motion.

## I.
## BACKGROUND

On December 14, 2003, Plaintiff Steven Aho entered into a Retail Installment Sale Contract ("RISC") with Rancho Chrysler Jeep Dodge for the financing and purchase of a 2002 Dodge Dakota

truck. (Decl. of Anna S. McLean in Supp. of Mot., Ex. A.) Pursuant to the RISC, Plaintiff was to make monthly payments on the loan beginning in January 2004. (*Id.*)

Plaintiff's truck was repossessed on August 13, 2005, after he failed to make the monthly payments required by the RISC. On August 15, 2005, Defendant AmeriCredit Financial Services, Inc. sent Plaintiff a "Notice of Our Plan to Sell Property" ("NOI"). (*Id.*) The NOI informed Plaintiff that the truck would be sold, and the proceeds from the sale would be used to pay the outstanding balance. (*Id.*) It also informed Plaintiff that he would be responsible for any balance remaining if the sale proceeds did not cover the entire outstanding amount. (*Id.*)

On September 15, 2005, Plaintiff's truck was sold at a private sale. (*Id.*) On September 27, 2005, Defendant sent Plaintiff a "Deficiency Calculation," which listed a deficiency in the amount of $9,212.48. (*Id.*) Over the next three years, Defendant attempted to collect this deficiency from Plaintiff, and reported the deficiency to various credit reporting agencies. Plaintiff did not make any payments toward the deficiency until June 14, 2010, at which time he made a $25 payment.

About two weeks after making that payment, Plaintiff filed the present case. He alleges three claims: (1) for violation of California Civil Code §§ 1788, *et seq.* ("the California Fair Debt Collection Practices Act" or "the Rosenthal Act"), (2) for violation of California Business and Professions Code §§ 17200, *et seq.*, and (3) for declaratory relief. Plaintiff's theories are that Defendant's collection and credit reporting activities violated the Rosenthal Act, and Defendant's NOI failed to comply with California Civil Code §§ 2981, *et seq.* ("the Automobile Sales Finance Act" or "Rees-Levering Act").

**II.**

**DISCUSSION**

Defendant moves for summary judgment on the grounds that Plaintiff lacks standing, his claims are untimely and his credit reporting claims are preempted. Plaintiff disputes each argument.

**A.   Summary Judgment**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other

1  evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp.*
2  *v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the
3  litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard*
4  *Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

5        The burden then shifts to the opposing party to show that summary judgment is not appropriate.
6  *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences
7  are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to
8  avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v.*
9  *Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there
10 is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956,
11 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond
12 pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt"
13 is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith*
14 *Radio Corp.*, 475 U.S. 574, 586 (1986).

15 **B.    Standing**

16       Defendant's first argument in support of its motion for summary judgment is that Plaintiff lacks
17 standing to pursue this case. Although Defendant's argument goes to the case as a whole, the argument
18 is focused on Plaintiff's 17200 claim and the statutory standing requirements for that claim.

19       California Business and Professions Code § 17204 sets out the statutory standing requirements
20 for section 17200 claims. It states that individual claims may only be brought by "a person who has
21 suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus.
22 & Prof. Code § 17204. To satisfy these requirements, "a party must now (1) establish a loss or
23 deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2)
24 show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false
25 advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322
26 (2011).

27 / / /
28 / / /

### 1. Injury

Here, Plaintiff alleges he suffered two distinct injuries as a result of Defendant's conduct. First, Plaintiff asserts he paid $25 toward a legally unenforceable deficiency. Defendant argues Plaintiff made this payment to manufacture standing for this case, and thus the payment does not constitute injury. However, this argument relies on speculation. A genuine issue of material fact exists about the reason for Plaintiff's payment, thereby defeating Defendant's argument that Plaintiff has not demonstrated an injury.

Even if the $25 payment was insufficient to establish injury, Plaintiff asserts a second injury in that his credit report has been negatively affected by Defendant's reporting of the deficiency to credit reporting agencies. Defendant argues any harm to Plaintiff's credit report cannot constitute injury because that claim is preempted by the Fair Credit Reporting Act ("FCRA"). Whether the claim is preempted, however, has no bearing on whether a negative credit report constitutes injury for standing purposes. "The perpetration of Credit Reports containing inaccurate erroneous information regarding 'due and owing' debts is a sufficient injury to grant Plaintiffs standing." *White v. Trans Union, LLC*, 462 F.Supp.2d 1079, 1084 (C.D. Cal. 2006). Thus, Defendant is not entitled to summary judgment on the ground Plaintiff has failed to show injury sufficient to support standing.

### 2. Causation

In addition to challenging the injury requirement, Defendant argues Plaintiff has not established that his injuries were caused by Defendant's conduct. To the extent Plaintiff's claim relies on a fraud theory, Defendant asserts Plaintiff cannot show reliance. On the defective notice theory and the unlawful collection theories, Defendant contends Plaintiff cannot show causation.

#### a. *Fraudulent Conduct*

The parties appear to agree that to the extent Plaintiff is relying on a fraudulent conduct theory he must show reliance on Defendant's fraudulent conduct. To show reliance, Plaintiff "'must show that the misrepresentation was an immediate cause of the injury-producing conduct[.]'" *Kwikset*, 51 Cal. 4th at 327 (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009)). "'A plaintiff may establish that the defendant's misrepresentation is an 'immediate cause' of the plaintiff's conduct by showing that in its absence the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing

1 conduct.'" *In re Tobacco II Cases*, 46 Cal. 4th at 326 (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1110-1111 (1993) (Kennard, J., concurring and dissenting)). "However, a 'plaintiff is not required to allege that [the challenged] misrepresentations were the sole or even the decisive cause of the injury-producing conduct.'" *Id.* (quoting *In re Tobacco II Cases*, 46 Cal. 4th at 328).

Here, the injury-producing conduct is Defendant's representation "that the deficiency is or will be legally due and owing, as the pursuit of debt and the NOI show." (Opp'n to Mot. at 13.) Defendant argues Plaintiff cannot show he made the $25 payment in reliance on this conduct, therefore he lacks standing to pursue a fraud theory. However, Defendant fails to demonstrate the absence of a genuine issue of material fact on the cause of Plaintiff's payment. Defendant argues, based on the facts, that Plaintiff made the payment to manufacture standing for this case, but that is only one inference that may be drawn from the evidence. Construing the evidence in the light most favorable to Plaintiff, another inference is justifiable, namely that Plaintiff made the payment in response to Defendant's NOI and its repeated attempts to collect the deficiency. In light of the competing inferences, Defendant is not entitled to summary judgment on Plaintiff's fraud theory based on lack of causation.

### b. *Defective Notice*

The second theory underlying Plaintiff's 17200 claim is that Defendant's NOI was defective. Specifically, Plaintiff alleges the NOI does not comply with the Rees-Levering Act. As with the fraud theory, Defendant argues Plaintiff cannot establish that his $25 payment was caused by Defendant's alleged violation of the Rees-Levering Act. For the reasons set out above, the Court rejects this argument. Accordingly, Defendant is not entitled to summary judgment on Plaintiff's defective notice theory based on lack of causation.

### c. *Unlawful Debt Collection/Credit Reporting*

The third theory underlying Plaintiff's 17200 claim is that Defendant violated the Rosenthal Act in its attempts to collect the deficiency and reporting the deficiency to credit agencies. As above, Defendant argues Plaintiff cannot establish that he made the $25 payment as a result of this conduct. Again, the Court rejects this argument. Accordingly, Defendant is not entitled to summary judgment on Plaintiff's unlawful debt collection and credit reporting theory based on lack of causation.

///

1    In sum, Defendant has not demonstrated there is an absence of a genuine issue of material fact on the issue of Plaintiff's standing sufficient to warrant summary judgment in its favor. Accordingly, that request is denied.

**C.     Statute of Limitations**

In addition to challenging Plaintiff's standing, Defendant argues Plaintiff's Rosenthal Act claim and his 17200 claim are barred by the statutes of limitations. Plaintiff disagrees that either of these claims is time-barred.

### 1.      The Rosenthal Act Claim

The statute of limitations for Plaintiff's Rosenthal Act claim is one year. Cal. Civ. Code § 1788.30(f). Defendant argues this claim is untimely because it did not engage in any collection activity in the year prior to the filing of the Complaint on June 29, 2010. However, Defendant fails to show there is an absence of genuine issues of material fact on the timing of its collection activity. Indeed, the evidence submitted in support of Defendant's opposition to Plaintiff's pending motion for class certification creates a genuine issue of material fact. (*See* Decl. of Craig Paterson in Opp'n to Renewed Mot. for Class Cert., ¶ 3) (stating AmeriCredit's policy to stop actively collecting deficiencies on California accounts applied to "vast majority" of California borrowers, but "there were isolated instances where this policy was not followed[.]") Accordingly, Defendant is not entitled to summary judgment on Plaintiff's Rosenthal Act claim on the ground that claim is untimely.

### 2.      The 17200 Claim

The statute of limitations for Plaintiff's 17200 claim is four years. Cal. Bus. & Prof. Code § 17208. Defendant asserts this claim accrued on August 15, 2005, the date of the NOI. Because the Complaint was not filed until June 29, 2010, more than four years after the date of the NOI, Defendant argues this claim is untimely. Because this argument rests on a faulty premise, the Court rejects it.

"It is well accepted that a limitations period commences when the cause of action 'accrues.'" *Salenga v. Mitsubishi Motors Credit of Am.*, 183 Cal. App. 4th 986, 996 (2010). Accrual occurs "when the cause of action is complete with all of its elements – the elements being generically referred to be sets of terms such as 'wrongdoing' or 'wrongful conduct,' 'cause' or 'causation,' and 'harm' or 'injury.'" *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999) (citations omitted). In *Salenga*, the

1  plaintiff brought a 17200 claim similar to that asserted by Plaintiff in this case. 183 Cal. App. 4th at 991.
2  The defendants filed a demurrer based on the four-year statute of limitations, which the trial court
3  sustained without leave to amend. *Id.* The trial court found the statute of limitations accrued on the date
4  of the NOI, but the court of appeal reversed that finding. Indeed, it specifically disagreed with the
5  defendants "that the only relevant time period for assessing standing and/or accrual of a statutory cause
6  of action is 2003, when the defective NOI was sent." *Id.* at 1001. Rather, the court stated the plaintiff
7  should have been allowed "to make a greater effort to plead that she did not incur actual injury until the
8  2007-2008 attempts to enforce the allegedly inadequate NOI were made, through the demand letter and
9  judicial procedures to obtain a deficiency judgment." *Id.*

10  In this case, Plaintiff makes the same argument advanced by the plaintiff in *Salenga*, namely that
11  he did not sustain any injury until he made his $25 payment on June 14, 2010. Defendant argues
12  *Salenga* is distinguishable because in that case the defendants filed a lawsuit against the debtor in an
13  effort to collect the deficiency. However, the manner by which the defendants attempted to collect the
14  debt does not serve to distinguish the case. The important factors are the same, namely that the
15  defendants attempted to collect the debt, and the plaintiff eventually made a payment, arguably in
16  response to those attempts. Under those circumstances, *Salenga* holds that the cause of action may not
17  accrue until the plaintiff makes payment. Following that holding, Defendant has not shown that it is
18  entitled to summary judgment on Plaintiff's 17200 claim on the ground it is untimely.[1]

19  **D.      Preemption**

20  Defendant's final argument in support of its motion for summary judgment is that Plaintiff's
21  claims, to the extent they rely on Defendant's credit reporting activity, are preempted by the FCRA. In
22  support of this argument, Defendant cites *Pirouzian v. SLM Corp.*, 396 F.Supp.2d 1124 (S.D. Cal.
23  2005), and *Roybal v. Equifax*, 405 F.Supp.2d 1177 (E.D. Cal. 2005). In *Pirouzian*, the court held that
24  claims under the Rosenthal Act were:

> preempted by the FCRA because they pertain to Defendant's reporting of or failure to report certain information about Plaintiff. Specifically, Plaintiff alleges that Defendant violated the [Rosenthal Act] by failing to communicate to the credit reporting agencies

---

[1] In light of this finding, the Court declines to address whether Plaintiff is entitled to any tolling of the statute of limitations.

1 | that Plaintiff's debt to Defendant was in dispute and by failing to correct the erroneous information.

396 F.Supp.2d at 1130. The *Roybal* court extended this holding to "all state statutory or common law causes of action that would impose any 'requirement or prohibition' on the furnishers of credit information[,]" including 17200 claims. 405 F.Supp.2d at 1181.

Plaintiff does not address the reasoning of these cases, other than to say they are inconsistent with more recent authority from the Ninth Circuit, specifically *Gorman v. Wolpoff & Abramson, LLC*, 552 F.3d 1008 (9th Cir. 2009). However, that opinion, which was amended and superseded at 584 F.3d 1147 (9th Cir. 2009), does not address claims under the Rosenthal Act or section 17200. Rather, that case addresses claims under California's Consumer Credit Reporting Agencies Act, which is not at issue here. Based on *Pirouzian* and *Roybal*, this Court finds Plaintiff's claims, to the extent they rely on Defendant's credit reporting activities, are preempted by the FCRA. Accordingly, Defendant is entitled to summary judgment on those theories of Plaintiff's claims.

## III.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment is granted in part and denied in part. Specifically, the Court denies the motion as to the issues of standing and the statutes of limitation, but grants the motion as to preemption.

**IT IS SO ORDERED.**

DATED: June 8, 2011

                                    HON. DANA M. SABRAW
                                    United States District Judge