# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. dba ACF FINANCIAL SERVICES, INC.,<br><br>Defendant. | CASE NO. 10cv1373 DMS (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE PUTATIVE CLASS MEMBERS WHO RECEIVED NOTICES PRE-*JUAREZ***<br><br>**[Docket No. 42]** |

This matter comes before the Court on Defendant's motion to exclude putative class members who received notices prior to the California Court of Appeal's decision in *Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 912 (2007). Plaintiff filed an opposition to the motion, and Defendant filed a reply. The motion came on for hearing on May 13, 2011. John Hanson and Michael Lindsey appeared and argued on behalf of Plaintiff, and Anna McLean, Peter Hecker and Shannon Peterson appeared and argued on behalf of Defendant. Having carefully considered the pleadings and arguments of counsel, the Court now denies the motion.

/ / /

/ / /

/ / /

# I.

# DISCUSSION[1]

In *Juarez*, the California Court of Appeal interpreted that portion of the Rees-Levering Automobile Sales Finance Act that states a notice of intent to dispose of a repossessed vehicle must include "all the conditions precedent" to reinstatement of the finance contract. 152 Cal. App. 4th at 895. Considering the purpose and language of the statute, the court held this specific portion of the statute:

> requires that a creditor inform the buyer of any amounts the buyer must pay to the creditor and/or to third parties, and provide the buyer with the names and addresses of those who are to be paid. The creditor must also inform the buyer regarding any additional monthly payments that will come due before the end of the notice period, as well as of any late fees, or other fees, the amount(s) of these additional payments or fees, and when the additional sums will become due.

*Id.* at 904-05. This decision serves as the basis for Plaintiff's claims in this case. Defendant argues *Juarez* should apply prospectively only, and therefore any member of the class who received a notice pre-*Juarez* should be excluded. Plaintiff disagrees.

"The general rule is that judicial decisions are given retroactive effect." *Grobeson v. City of Los Angeles*, 190 Cal. App. 4th 778, 796 (2010) (citing *Brennan v. Tremco Inc.*, 25 Cal. 4th 310, 318 (2001)). This rule "rests on the theory that the new decision does not really pronounce 'new' law but rather states what the law always was." *Id.* Whether a judicial decision announced a new rule of law is the threshold inquiry in determining whether the decision should be given retroactive effect. *People v. Guerra*, 37 Cal. 3d 385, 399 (1984). "If it does, the new rule may or may not be retroactive, ...; but if it does not, 'no question of retroactivity arises' because there is no material change in the law." *Id.* (citations omitted).

Here, Defendant argues *Juarez* established a new rule of law when it interpreted the "all conditions precedent" language of the statute. However, Defendant admits that, "[p]rior to *Juarez*, no court had analyzed the phrase 'all the conditions precedent.'" (Mem. of P. & A. in Supp. of Mot. at 7.) Under these circumstances, *Juarez* did not establish a new rule of law. *See County of Sacramento v. Superior Court*, 180 Cal. App. 4th 943, 953-54 (2009) (stating issue of first impression "does not justify

---

[1] The factual and procedural background of this case is set out in detail in the Court's order on Plaintiff's renewed motion for class certification.

giving our decision prospective application only[.]"); *West Shield Investigations and Sec. Consultants v. Superior Court*, 82 Cal. App. 4th 935, 955 (2000) (quoting *Gentis v. Safeguard Business Systems, Inc.*, 60 Cal. App. 4th 1294, 1306 (1998)) ("Where there is no decisional authority addressing an issue, a party cannot have relied, 'reasonably or otherwise, on any established body of California decisional authority,' and retroactive application of a decision does not constitute an injustice.") Absent the establishment of a new rule of law, *Juarez* is entitled to retroactive effect. Accordingly, Defendant's motion to exclude class members who received notices pre-*Juarez* is denied.

## II.

## CONCLUSION

For the reasons set out above, the Court denies Defendant's motion to exclude class members who received notices pre-*Juarez*.

**IT IS SO ORDERED.**

DATED: July 25, 2011

HON. DANA M. SABRAW
United States District Judge