# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. dba ACF FINANCIAL SERVICES, INC.,<br><br>Defendant. | CASE NO. 10cv1373 DMS (BLM)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL AND (2) DENYING AS MOOT DEFENDANT'S MOTION TO EXCLUDE PUTATIVE CLASS MEMBERS WITH ARBITRATION CLAUSES**<br><br>**[Docket Nos. 40 and 41]** |

This matter has been fully briefed and comes before the Court on Plaintiff's renewed motion for class certification and appointment of class counsel. John Hanson and Michael Lindsey appeared and argued on behalf of Plaintiff, and Peter Hecker, Anna McLean, and Shannon Petersen appeared and argued on behalf of Defendant Americredit Financial Services, Inc. Having carefully considered the pleadings and arguments of counsel, the Court now grants in part and denies in part Plaintiff's motion.

## I.
## BACKGROUND

On December 14, 2003, Plaintiff Steven Aho entered into a Retail Installment Sales Contract ("RISC") with Rancho Chrysler Jeep Dodge for the financing and purchase of a 2002 Dodge Dakota

truck. (Decl. of Stephen D. Aho in Supp. of Mot. ("Aho Decl."), Ex. 1.) Pursuant to the RISC, Plaintiff was to make monthly payments on the loan beginning in January 2004. (*Id*.)

Plaintiff's truck was repossessed on August 13, 2005, after he failed to make the monthly payments required by the RISC. On August 15, 2005, Defendant AmeriCredit Financial Services, Inc. sent Plaintiff a "Notice of Our Plan to Sell Property" ("NOI"). (Aho Decl., Ex. 2.) The NOI informed Plaintiff that the truck would be sold, and the proceeds from the sale would be used to pay the outstanding balance. (*Id.*) It also informed Plaintiff that he would be responsible for any balance remaining if the sale proceeds did not cover the entire outstanding amount. (*Id.*)

On September 15, 2005, Plaintiff's truck was sold at a private sale. (Aho Decl., Ex. 3.) On September 27, 2005, Defendant sent Plaintiff a "Deficiency Calculation," which listed a deficiency in the amount of $9,212.48. (*Id.*) Over the next three years, Defendant attempted to collect this deficiency from Plaintiff, and reported the deficiency to various credit reporting agencies. Plaintiff did not make any payments toward the deficiency until June 14, 2010, at which time he made a $25 payment.

Thereafter, Plaintiff filed the present action. He alleges three claims: (1) for violation of "the California Fair Debt Collection Practices Act" or "the Rosenthal Act" (Cal. Civ. Code §§ 1788, *et seq.*); (2) for violation of California's Unfair Competition Law ("UCL"; Bus. & Prof. Code §§ 17200, *et seq.*); and (3) for declaratory relief. Plaintiff's theories are that Defendant's collection activities violated the Rosenthal Act, and Defendant's NOI failed to comply with California's Rees-Levering Automobile Sales Finance Act ("ASFA"; Cal. Civ. Code §§ 2981, *et seq*.)

Specifically, Plaintiff claims the NOI failed to comply with Section 2983.2(a)(2) of the ASFA, because the NOI did not inform him of "all the conditions precedent" to reinstating his RISC.[1] Citing *Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 912 (2007), a case that interpreted the statute's "conditions precedent" language, Plaintiff asserts the NOI must "inform the consumer of any amounts the consumer will have to pay to reinstate a contract [and] inform the consumer if, when and by how much those amounts may increase as a result of late fees and other charges." The subject NOI,

---

[1] Cal. Civ. Code § 2983.2(a)(2) provides, in pertinent part, that a purchaser shall not be liable for a deficiency following repossession unless the NOI "[s]tates ... that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto ...." Cal. Civ. Code § 2983.2(a)(2).

according to Plaintiff, informs him of only a "partial dollar amount" to reinstate, followed by other vague language: "Plus any storage charges, additional payments, and late charges that come due after the date of this notice." The NOI did not inform Plaintiff of the specific amounts and dates of the "plus payments" that came due between the date of the NOI and the expiration of the reinstatement period. Nor did it tell him how much, or to whom, he would have to pay storage charges, late charges, and government fees.

Because the NOI fails to set forth the conditions precedent to reinstatement as required by Section 2983.2(a)(2) of the AFSA, Plaintiff claims Defendant failed to create a valid debt and is barred from collecting a deficiency. Plaintiff further claims that as a result of the disclosure violation he is entitled to remedies provided by statute, including restitution, citing *Lewis* v. *Robinson Ford Sales, Inc.,* 156 Cal. App. 4th 359, 365 n.4 (2007) ("'conditional sale contract shall not be enforceable'" where disclosure requirements of ASFA are violated). *See also* Cal. Civ. Code § 2983 (providing restitution for statutory violation). Finally, Plaintiff claims that because the same (defective) standard-form NOI was used with all class members, the statutory violation is readily determinable by common proof on a classwide basis.

## II.

## DISCUSSION

Plaintiff moves to certify a class consisting of:

> All persons who were sent an NOI by AmeriCredit to an address in California at any time from March 18, 2005 through May 15, 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against whom AmeriCredit has asserted, collected, or attempted to collect any portion of the deficiency balance. The class excludes persons whose obligations have been discharged in bankruptcy, persons against whom AmeriCredit has obtained final judgments in replevin actions, and persons who received NOIs that denied them the right to reinstate.

(Mem. of P. & A. in Supp. of Mot. at 4.) Plaintiff asserts the proposed class satisfies the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3). Defendant questions whether Plaintiff's claims are typical of the claims of absent class members and whether Plaintiff and his counsel are adequate representatives for the class. Defendant also contests that Plaintiff has met the requirements of Rules 23(b)(2) and 23(b)(3).

/ / /

## A. Legal Standard

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc.* v. *Dukes,* ___U.S.___, 131 S.Ct. 2541, 2550 (2011) (citing *Califano* v. *Yamasaki,* 442 U.S. 682, 700-01 (1979)).  To qualify for the exception to individual litigation, the party seeking class certification must provide facts sufficient to satisfy the requirements of Federal Rules of Civil Procedure 23(a) and (b).  *Doninger v. Pacific Northwest Bell, Inc.,* 564 F.2d 1304, 1308-09 (9th Cir. 1977).

Federal Rule of Civil Procedure 23(a) sets out four requirements for class certification – numerosity, commonality, typicality, and adequacy of representation.[2]  A showing that these requirements are met, however, does not warrant class certification.  Plaintiff also must show that one of the requirements of Rule 23(b) is met.  Here, Plaintiff asserts that the requirements of both Rule 23(b)(2) and (b)(3) are met.

Rule 23(b)(2) allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Because the relief requested in a (b)(2) class is prophylactic, enures to the benefit of each class member, and is based on accused conduct that applies uniformly to the class, notice to absent class members and an opportunity to opt out of the class is not required.  *See Dukes*, 131 S.Ct. at 2558 (noting relief sought in a (b)(2) class "perforce affect[s] the entire class at once" and thus, the class is "mandatory" with no opportunity to opt out).

In contrast, Rule 23(b)(3) applies to situations "in which class-action treatment is not as clearly called for," as in a (b)(2) class.  *Id.* (quoting *Amchem Prods., Inc.* v. *Windsor,* 521 U.S. 591, 614 (1997)).  Rule 23(b)(3) "allows class certification in a much wider set of circumstances but with greater procedural protections," (*id.*), including that: (a) "questions of fact or law common to class members

---

[2] Fed. R. Civ. P. 23(a) provides: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

10cv1373                                          - 4 -

predominate over questions affecting only individual members," (b) class treatment is determined to be superior to other methods of adjudicating the controversy, and (c) class members receive "'the best notice that is practicable under the circumstances'" and are allowed to "withdraw from the class at their option." *Id*. (citing Fed. R. Civ. P. 23(c)(2)(B)).[3]

The district court must conduct a rigorous analysis to determine whether the prerequisites of Rule 23 have been met. *Gen. Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982). It is a well-recognized precept that "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 (1978) (quoting *Mercantile Nat'l Bank v. Langdeau,* 371 U.S. 555, 558 (1963)). However, "[a]lthough some inquiry into the substance of a case may be necessary to ascertain satisfaction of the commonality and typicality requirements of Rule 23(a), it is improper to advance a decision on the merits at the class certification stage." *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir. 1983) (citation omitted); *see also Nelson v. United States Steel Corp.,* 709 F.2d 675, 679-80 (11th Cir. 1983) (plaintiff's burden "entails more than the simple assertion of [commonality and typicality] but less than a prima facie showing of liability") (citation omitted). Rather, the court's review of the merits should be limited to those aspects relevant to making the certification decision on an informed basis. *See* Fed. R. Civ. P. 23 advisory committee notes. If a court is not fully satisfied that the requirements of Rules 23(a) and (b) have been met, certification should be refused. *Falcon,* 457 U.S. at 161.

**B.     Rule 23(a)**

Rule 23(a), and its prerequisites for class certification – numerosity, commonality, typicality, and adequacy of representation-- are addressed in turn.

1.     <u>Numerosity</u>

---

[3] Rule 23(b)(3) requires the court to find: "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Rule 23(a)(1) requires the class to be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Staton v. Boeing Co.,* 327 F.3d 938, 953 (9th Cir. 2003). The plaintiff need not state the exact number of potential class members; nor is a specific minimum number required. *Arnold v. United Artists Theatre Circuit, Inc.,* 158 F.R.D. 439, 448 (N.D. Cal. 1994). Rather, whether joinder is impracticable depends on the facts and circumstances of each case. *Id.*

Here, Plaintiff states, and Defendant does not dispute, that there are more than 93,035 potential class members. In a companion motion, Defendant has moved to exclude putative class members who had agreed to arbitrate their claims against Defendant. Approximately 60% of the potential class members would be affected, according to Defendant. Assuming Defendant's 60% estimate is accurate, the class would still consist of approximately 37,000 members, which would satisfy the numerosity requirement. Accordingly, Plaintiff has satisfied the first requirement of Rule 23(a).

2. Commonality

The second element of Rule 23(a) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is met through the existence of a "common contention" that is of "such a nature that it is capable of classwide resolution[.]" *Dukes,* 131 S.Ct. at 2551. As summarized by the Supreme Court:

> What matters to class certification ... is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of commons answers.

*Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L. Rev. 97, 132 (2009)).

In this case, there are discrete factual and legal issues common to the proposed class that, when answered, are dispositive of the entire litigation. Factually, Plaintiff states Defendant sent a defective standard-form NOI to all class members, and Defendant has uniformly asserted deficiency balances against class members. (*See* Pl.'s Supp. Br. in Supp. of Mot. at 5.) Legally, Plaintiff states each class member's claim is the same, namely, that the NOI fails to comply with ASFA disclosure requirements, and thus, Defendant has failed to create a valid debt and is barred from collecting any deficiency. These

issues meet the standard of commonality, as their resolution will generate common answers apt to drive resolution of the litigation.

///

### 3. Typicality

The next requirement of Rule 23(a) is typicality, which focuses on the relationship of facts and issues between the class and its representatives. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted).

Here, Plaintiff asserts the facts underlying his claim are typical of the facts underlying the claims of all members of the proposed class. Specifically, Plaintiff defaulted on a car loan and had his car repossessed. AmeriCredit then sent a defective standard-form NOI to Plaintiff (and all class members) explaining how he could redeem his vehicle or reinstate his loan. The NOI also informed Plaintiff that if he did not reinstate or redeem, the vehicle would be sold and Plaintiff would be liable for any deficiency. Plaintiff did not reinstate or redeem, his vehicle was sold, and AmeriCredit asserted the deficiency against Plaintiff.

Defendant argues Plaintiff's claim is not typical of the claims of members of the proposed class because Plaintiff cannot show the NOI or Defendant's collection efforts caused Plaintiff any harm. (Opp'n to Mot. at 16-17.) Specifically, Defendant asserts Plaintiff cannot show Defendant's conduct caused Plaintiff to make the $25 deficiency payment or resulted in Plaintiff's loss of employment. This argument, however, does not address whether Plaintiff's claim is typical of the claims of absent class members. Rather, the argument attacks the merits of Plaintiff's individual claim. Moreover, Defendant's argument does not address the other common injury alleged in this case, *i. e.*, that class members are subjected to an invalid debt caused by AmeriCredit's defective NOI and assertion of a deficiency.

Defendant also argues Plaintiff's claims are not typical of those members of the proposed class whose RISCs contain arbitration clauses. On this issue, the Court agrees with Defendant. In an effort to cure this problem, Plaintiff proposes that the Court redefine the proposed class to exclude individuals whose RISCs include an arbitration clause. With this adjustment to the class definition, Plaintiff has met the typicality requirement.[4]

### 4. Adequacy of Representation

The final requirement of Rule 23(a) is adequacy. Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is grounded in constitutional due process concerns; "absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon,* 150 F.3d at 1020 (citing *Hansberry* v. *Lee,* 311 U.S. 32,42-43 (1940)). In reviewing this issue, courts must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.* (citing *Lerwill* v. *lnflight Motion Pictures, Inc.,* 582 F.2d 507, 512 (9th Cir. 1978)). The named plaintiffs and their counsel must have sufficient "zeal and competence" to protect the interests of the rest of the class. *Fendler* v. *Westgate-California Corp.,* 527 F.2d 1168, 1170 (9th Cir. 1975).

Plaintiff has demonstrated the absence of any conflict between himself and his counsel and the members of the proposed class. He has also demonstrated that he and his counsel will vigorously prosecute the case on behalf of the class. Nevertheless, Defendant argues Plaintiff is not an adequate class representative because he lacks standing, his claim is time-barred and his credibility is lacking. For the reasons set out in the Court's order on Defendant's motion for summary judgment, the Court rejects Defendant's first two arguments. Defendant's latter argument is relevant to the adequacy analysis, but is not determinative. *See Harris* v. *Vector Marketing Corp.,* 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) (stating credibility is relevant to adequacy but does not automatically render proposed representative inadequate). Although Defendant has pointed out some inconsistencies in Plaintiff's

---

[4] The Court therefore denies as moot Defendant's companion motion to exclude putative class members with arbitration clauses.

testimony, those inconsistencies are not "'so sharp as to jeopardize the interests of absent class members[,]'" thereby rendering Plaintiff an inadequate class representative. *Id.* (quoting *Lapin* v.

/ / /

*Goldman Sachs & Co.,* 254 F.R.D. 168, 177 (S.D.N.Y. 2008)). Defendant's arguments about Plaintiff's counsel are similarly unpersuasive. Accordingly, Plaintiff has satisfied Rule 23(a)(4).

**C.     Rule 23(b)**

Having satisfied the requirements of Rule 23(a), the next issue is whether Plaintiff has shown that at least one of the requirements of Rule 23(b) is met. *Amchem,* 521 U.S. at 614-15. Plaintiff asserts he has met the prerequisites of certification for both a (b)(2) and (b)(3) class. Each proposed class is addressed in turn.

    1.     Rule 23(b)(2)

Under Rule 23(b)(2), class certification may be appropriate where a defendant acted or refused to act in a manner applicable to the class generally, rendering injunctive and declaratory relief appropriate to the class as a whole. Until recently, the Ninth Circuit permitted certification of claims for damages, including restitution, under Rule 23(b)(2) if the injunctive or declaratory relief sought predominated over any monetary relief sought. The parties focused on the predominance test in their briefs, but shortly after argument in this case the Supreme Court rejected that test and held that "individualized monetary claims belong in Rule 23(b)(3)." *Dukes*, 131 S.Ct. at 2558. The Supreme Court reasoned:

> The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.' (Citation omitted.)  In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.  It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant.  Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

*Dukes,* 131 S.Ct. at 2557.

Notably, however, the Supreme Court indicated – but did not decide – that claims for monetary relief may be certified under Rule 23(b)(2) if such relief is "incidental" to the injunctive or declaratory relief sought. *Id.* at 2560 ("We need not decide whether there are any forms of 'incidental' monetary

1 relief that are consistent with the interpretation of Rule 23(b)(2) we have announced and that comply
2 with the Due Process Clause.")  Here, Plaintiff for himself, and on behalf of the class, is seeking
3 statutory damages under the Rosenthal Act and restitution of all amounts paid toward the deficiencies.
4 The statutory damages are limited to $1,000 per lawsuit per plaintiff.  *See Marseglia v. JP Morgan*
5 *Chase Bank*, 750 F.Supp.2d 1171, 1180 (S.D. Cal. 2010).  Because statutory damages under the
6 Rosenthal Act would flow automatically in a sum certain to each class member should liability be
7 proven, the pursuit of such damages is appropriate under Rule 23(b)(2) – as they arise from Defendant's
8 conduct against the class generally and, if awarded, would affect and benefit the entire class at once.
9 These damages are therefore incidental to the declaratory and injunctive relief sought and are
10 appropriately certified under Rule 23(b)(2).

11 The restitutionary relief, however, is not incidental to the injunctive and declaratory relief
12 sought, as each class member who paid a deficiency paid a different sum, and thus would be entitled to
13 an "individualized award." *Dukes*, 131 S.Ct. at 2557.  While such relief would follow automatically if
14 liability is proven by the class and individualized proof would be required only as to the *amount* of the
15 individual award, certification is nevertheless appropriately sought under Rule 23(b)(3).  Given that the
16 restitution sought here exceeds $ 4 million and will vary from class member to class member, and some
17 individual relief may involve significant sums, these absent class members ought to be provided notice
18 and an opportunity to withdraw from the class to pursue these and other potential damages and claims
19 against Defendant on an individual basis if they so desire.

20 Plaintiff has proposed in the alternative that the Court create a subclass consisting of all those
21 who made a payment toward a deficiency, thereby carving out the restitutionary relief sought from the
22 injunctive and declaratory relief sought. (Pl.'s Supp. Br. in Supp. of Mot. at 4 n.l.)  That proposed
23 subclass is addressed below under Rule 23(b)(3).

24 With restitutionary relief carved out, the class is appropriately certified under Rule 23(b)(2).
25 Plaintiff seeks declaratory and injunctive relief on behalf of the class under the "unlawful" prong of
26 California's UCL.  Cal. Bus. & Prof. Code §§ 17200, *et seq.*  Plaintiff employs the ASFA, and
27 Defendant's violation of its disclosure requirements, as a predicate for the unlawful act requirement
28 under the UCL.  If the NOI fails ASFA's disclosure requirements, Plaintiff argues the deficiency

1 balances ought to be declared invalid and any collection activities enjoined. Plaintiff's legal theory, 2 which finds support in California case law, is that a violation of ASFA's mandatory disclosure 3 requirements renders sellers strictly liable. *See Lewis,* 156 Cal. App. 4th at 370 (mandatory disclosures 4 required by the ASFA are analogous to a strict liability provision, and individualized proof of reliance 5 by or financial harm to the customer is not required). The core factual issues under this theory are 6 whether Defendant's form NOI used during the class period satisfies the disclosure requirements of the 7 ASFA, and whether Defendant asserted a deficiency against class members. These issues can be 8 determined by examining the face of the NOIs. Similarly, whether Defendant initiated collection efforts 9 against class members can be readily determined from the discovery.[5] Excluding Plaintiff's request for 10 restitution, the declaratory and injunctive relief sought stems from Defendant's conduct against the class 11 generally and the relief, if granted, would be appropriate to the class as a whole.

12    2.    Rule 23(b)(3)

13 With certification of the class specified above, the Court next considers whether Plaintiff has met 14 the requirements of Rule 23(b)(3) for the subclass consisting of all those who made a payment toward 15 a deficiency and seek restitution. Certification under Rule 23(b)(3) is proper "whenever the actual 16 interests of the parties can be served best by settling their differences in a single action." *Hanlon,* 150 17 F.3d at 1022 (internal quotations omitted). Rule 23(b)(3), as discussed, calls for two separate inquiries: 18 (1) do issues common to the class "predominate" over issues unique to individual class members, and 19 (2) is the proposed class action "superior" to the other methods available for adjudicating the 20 controversy. Fed. R. Civ. P. 23(b)(3). In adding these requirements to the qualifications for class 21 certification, "the Advisory Committee sought to cover cases 'in which a class action would achieve 22 economies of time, effort, and expense, and promote ... uniformity of decisions as to persons similarly 23 situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem,* 24 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3)(advisory committee notes)).

    *a.*    *Predominance*

---

[5] Plaintiff asserts Defendant "automatically" reported every class member to credit bureaus. (Pl.'s Supp. Br. in Supp. of Mot. at 5.) Plaintiff also claims Defendant uniformly attempted collection from class members through demand letters and telephone calls.

A "central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 944 (9th Cir. 2009) (quoting *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1189 (9th Cir. 2001)). Thus, courts must determine whether common issues constitute such a significant aspect of the action that "there is a clear justification for handling the dispute on a representative rather than on an individual basis." 7A Charles Alan Wright, *et al., Federal Practice and Procedure* § 1778 (3d ed. 2005). To satisfy the predominance inquiry, it is not enough simply to establish that a common question of law or fact exists, as it is under Rule 23(a)(2)'s commonality requirement. The predominance inquiry under Rule 23(b) is more rigorous, *Amchem,* 521 U.S. at 624, as it "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623.

Here, as discussed, Plaintiff argues the primary issue is whether Defendant AmeriCredit failed to include statutorily-required information in the NOIs that it sent to Plaintiff and class members. Plaintiff asserts this issue is common to the class and can be determined by evaluating the form NOIs and uniform collection procedures. The Court agrees that these issues can be determined by common proof, namely by reference to the NOI to determine whether it complies with the ASFA, and hence whether Defendant violated the Rosenthal Act by threatening to take action that cannot legally be taken, *i.e.,* attempting to collect or collecting an invalid debt. *See* Cal. Civ. Code § 1788.17 (incorporating provisions of federal Fair Debt Collection Practices Act ("FDCPA")); 15 U.S.C. § 1692e(5) (prohibiting the "threat to take any action that cannot legally be taken or that is not intended to be taken.") Notwithstanding these common issues, Defendant argues there are other issues that will be subject to individual proof and that will predominate over common issues, specifically, issues of injury and causation. The Court disagrees.

Defendant attempts to analogize this case to *Cohen* v. *DIRECTV, Inc.,* 178 Cal.App.4th 966 (2010), where the court affirmed the trial court's denial of class certification on the ground that individual issues of reliance would predominate over common issues. But *Cohen* is distinguishable. There, the plaintiff asserted "a species of fraud in the inducement, alleging that subscribers to DIRECTV's HD services purchased those services in reliance on the company's false advertising." 178 Cal.App.4th at 969. That claim required a showing of "actual reliance." *Id.* at 980. The claim at issue

here, that Defendant has engaged in unlawful conduct under the UCL, does not require reliance. *See Lewis,* 156 Cal. App 4th at 370-71; *In re Tobacco II Cases,* 46 Cal. 4th 298, 325 n.17 (2009) ("There are doubtless many types of unfair business practices in which the concept of reliance, as discussed here, has no application.") Therefore, Defendant's reliance-based argument does not defeat a finding of predominance of common issues.

Defendant next argues that all class members must satisfy Article III standing and thus, individual issues of injury and causation will predominate. *See Webb v. Carter's Inc.*, 272 F.R.D. 489 (C.D. Cal. 2011) (holding absent class members must satisfy Article III standing requirements). Plaintiff disagrees, citing *Tobacco II*, 46 Cal. 4th at 298, for the proposition that only class representatives have to meet standing requirements. *Id.* at 306 ("We conclude that standing requirements are applicable only to the class representatives, and not all absent class members."). *Tobacco II*, however, addressed only the *statutory standing* requirements of California's UCL as codified in Section 17204 of the Business & Professions Code;[6] it did not address Article III standing in federal court.

Article III requires the plaintiff to "present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Horne v. Flores,* ___U.S.___,129 S. Ct. 2579, 2592 (2009) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). Those requirements, according to the district court in *Webb,* 272 F.R.D. at 498, apply to all members of a class, regardless of the holding in *Tobacco II. See id.*

Plaintiff argues *Webb* is inconsistent with Ninth Circuit law, citing *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974 (9th Cir. 2007), and *Casey v. Lewis,* 4 F.3d 1516 (9th Cir. 1993). In both of those cases, the Ninth Circuit stated that "at least one named plaintiff" must satisfy Article III's standing requirements in order for the case to proceed. *Bates,* 511 F.3d at 985; *Casey,* 4 F.3d at 1519. However, neither case addressed whether all members of a class must satisfy Article III requirements. *See Burdick*

---

[6] Bus. & Prof. Code § 17204 provides, in pertinent part, that actions may be brought "by a person who has suffered an injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

*v. Union Security Ins. Co.,* No. CV07-4028 ABC(JCx), 2009 WL 4798873, at *4 (C.D. Cal. 2009) (distinguishing *Bates*).

Both *Burdick* and *Webb* addressed that issue head-on, and concluded that all members of the class must satisfy the standing requirements of Article III. *See Webb*, 272 F.R.D. at 497; *Burdick,* 2009 WL 4798873, at *4. That holding is consistent with the view of other circuit courts. *See Avritt v. Reliastar Life Ins. Co.,* 615 F.3d 1023, 1034 (8th Cir. 2010) (stating "to the extent that *Tobacco II* holds that a single injured plaintiff may bring a class action on behalf of a group of individuals who may not have a cause of action themselves, it is inconsistent with the doctrine of standing as applied by federal courts."); *Denney v. Deutsch Bank AG,* 443 F.3d 253, 263-64 (2d Cir. 2006) (stating class must be defined in such a way that all members have Article III standing); *Adashunas v. Negley,* 626 F.2d 600 (7th Cir. 1980) (affirming denial of class certification where it was unclear "that the proposed class members have all suffered a constitutional or statutory violation warranting some relief.")  It also comports with a leading treatise on federal practice and procedure. *See* 7AA Charles Alan Wright, *et al., Federal Practice and Procedure* § 1785.1 (3d ed. 2005) (stating that to avoid dismissal for lack of standing, "court must be able to find that both the class and the representatives have suffered some injury requiring court intervention.")

The requirement that all members of the class have Article III standing makes sense. If that were not the rule, a class could include members who could not themselves bring suit to recover, thus permitting a windfall to those class members and allowing Rule 23 to enlarge substantive rights. *See Dukes*, 131 S.Ct. at 2561 ("[T]he Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right[.]'") (quoting 28 U.S.C. § 2072(b)); *Tobacco II*, 46 Cal. 4th at 335 (Baxter, J., concurring and dissenting) (stating problem with majority's reasoning is that "a person may be a party to a UCL private representative action as a class member even though he or she could not sue in his or her own name.")  Accordingly, this Court agrees that absent class members must satisfy Article III standing requirements.

Here, Defendant raises the Article III standing issue in the context of Rule 23(b)(3)'s predominance requirement,[7] and argues that in this case – since all class must members must satisfy the standing requirements – individual standing issues of "*particularized injury and causation*" will predominate over common issues. (Def. 's Supp. Br. in Opp'n to Mot. at 2) (emphasis added). Defendant, however, conflates California's UCL standing requirements (which requires proof of both injury and *particularized* causation, that is, "los[s] of money or property as a result of the unfair competition"), with Article III's less stringent requirements – an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's conduct; and redressable by a favorable ruling. Noticeably absent from Article III is requirement of an injury or causation tethered to loss of money or property. *See Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 323-24 (2011) (standing under § 17204 is "substantially narrower" than federal standing under Article III.).

Importing Section 17204 standing requirements, Defendant argues the Court "would necessarily have to conduct individualized inquires as to each person's: (1) intent, (2) ability to reinstate or redeem ...; and (3) related personal circumstances, ...." (Def.'s Supp. Br. in Opp'n to Mot. at 2.) Defendant claims individualized inquires as to each class member would be required regarding whether its collection activities "resulted in any concrete economic loss," such as lost employment or refinancing opportunities. (*Id*. at 2-3.) At bottom, Defendant argues each class member must establish injury and *particular* causation (loss of money or property) as a result of Defendant's actions.

The essence of Plaintiffs claim, however, is that Defendant has failed to create a valid and enforceable debt. Being subject to an invalid debt satisfies Article III standing requirements. *See White v. Trans Union, LLC*, 462 F.Supp.2d 1079, 1084 (C.D. Cal. 2006) (perpetuation of erroneous credit report is sufficient injury for standing purposes). Furthermore, the Rule 23(b)(3) subclass has suffered

---

[7] Determining whether all members of the class have standing may be addressed in several ways, such as through the class definition, *see Denny,* 443 F.3d at 264 (stating class must "be defined in such a way that anyone within it would have standing."); *Tobacco II*, 46 Cal. 4th at 331 (Baxter, J., concurring and dissenting) (stressing "that the definition of a class cannot be so broad as to include persons who would lack standing to bring suit in their own names."); through application of Rule 23(a) requirements of commonality, typicality and adequacy of representation, *see* 1 Alba Conte & Herbert Newberg, Newberg on Class Actions § 2.7 (4th ed. 2002) (stating ability of class representative to assert claims on behalf of absent class members is not a standing issue, but "depends rather on meeting the prerequisites of Rule 23 governing class actions."), or through "excising" from the class all members that lack standing. *See Burdick,* 2009 WL 4798873, at *4.

an additional injury in the form of payment toward an allegedly invalid debt. These injuries – being subjected to a disputed debt and payment toward a disputed debt – are traceable to Defendant's conduct, and redressable by a ruling in this case. Accordingly, Plaintiff has demonstrated that the standing requirements of Article III are met in this case and that satisfaction of these requirements does not raise individualized issues that defeat certification under Rule 23(b)(3).

The only other possible obstacle to a finding that common issues predominate is the individual nature of the restitutionary relief sought, as class members presumably paid different sums toward their deficiency balances. Damages calculations alone, however, "cannot defeat certification." *See Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010). If liability is proven, proof of restitution due each class member can be proved with relative ease through records in Defendant's possession.

For these reasons, the Court concludes that the proposed subclass presents common questions of fact and law that predominate over individual issues and that restitutionary damages calculations – while involving individualized proof – do not defeat class certification and are appropriately certified under Rule 23(b)(3). Accordingly, the Court considers the next prong of Rule 23(b)(3), whether this subclass meets the superiority requirement.

### *b.    Superiority*

Rule 23(b)(3) provides a list of factors relevant to the superiority inquiry:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). This inquiry "requires the court to determine whether maintenance of this litigation as a class action is efficient and whether it is fair," such that the proposed class is superior to other methods for adjudicating the controversy. *Wolin v. Jaguar Land Rover N. Am., LLC,* 617 F.3d 1168, 1175-76 (9th Cir. 2010).

1    Here, Plaintiff asserts that no other class members have shown an interest in individually
2 controlling separate actions against Defendant. Plaintiff also asserts it is unlikely there will be any
3 difficulties in managing this case as a class action. Defendant does not dispute these arguments, but
4 argues instead that the amount of the individual deficiency balances is sufficient incentive for class
5 members to litigate their claims on an individual basis. Based on the common legal and factual issues,
6 however, the Court finds that it would be more efficient to litigate this case on a class-wide basis rather
7 than have each member of the class litigate their claim individually (and that those class members who
8 desire to pursue restitution and other claims individually may opt out and do so). Accordingly, the Court
9 finds the superiority requirement has been met.

10    Notwithstanding Plaintiff's satisfaction of the requirements of Rule 23(b)(3), the Court is unable
11 to certify the subclass at this time because it is unclear whether the subclass satisfies the numerosity
12 requirement of Rule 23(a). Plaintiff has not provided the Court with any evidence on the numerosity
13 factor, *i.e.,* how many members of the subclass made a payment toward their deficiency balance. Absent
14 this evidence, the Court denies Plaintiff's motion to certify a subclass under Rule 23(b)(3).

## III.

## CONCLUSION

17    For the reasons set out above, the Court finds Plaintiff has satisfied the requirements for
18 certification of the following class under Rule 23(b)(2):

> All persons who were sent an NOI by AmeriCredit to an address in California at any time from March 18, 2005 through May 15, 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against whom AmeriCredit has asserted, collected, or attempted to collect any portion of the deficiency balance. The class excludes persons whose obligations have been discharged in bankruptcy, persons against whom AmeriCredit has obtained final judgments in replevin actions, persons whose contracts include arbitration clauses that prohibit class membership, and persons who received NOIs that denied them the right to reinstate.

24    The attorneys of record for the named class Plaintiff are designated as counsel for this class. This
25 class is entitled to pursue all forms of requested relief, with the exception of restitution of any amounts
26 paid toward a deficiency balance. The Court denies without prejudice Plaintiff's motion to certify a
27 subclass consisting of all those who made a payment toward a deficiency and are therefore entitled to
28 restitution, for failure to satisfy Rule 23(a)(4). If Plaintiff wishes to proceed with certification of that

subclass, he shall file a supplemental brief addressing this issue on or before **August 1, 2011.** Defendant shall file a responsive brief on or before **August 8, 2011.** The supplemental briefs shall be no longer than five (5) pages.

**IT IS SO ORDERED.**

DATED: July 25, 2011

HON. DANA M. SABRAW
United States District Judge