UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. dba ACF FINANCIAL SERVICES, INC.,<br><br>Defendant. | CASE NO. 10cv1373 DMS (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>**[Docket No. 79]** |

This case comes before the Court on Defendant's motion for reconsideration of this Court's order granting in part and denying in part Plaintiff's renewed motion for class certification. In that order, the Court certified the following class under Rule 23(b)(2):

> All persons who were sent an NOI by AmeriCredit to an address in California at any time from March 18, 2005 through May 15, 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against whom AmeriCredit has asserted, collected, or attempted to collect any portion of the deficiency balance. The class excludes persons whose obligations have been discharged in bankruptcy, persons against whom AmeriCredit has obtained final judgments in replevin actions, persons whose contracts include arbitration clauses that prohibit class membership, and persons who received NOIs that denied them the right to reinstate.

This class was certified for purposes of declaratory and injunctive relief, and statutory damages under the Rosenthal Act. Defendant now moves for reconsideration of that portion of the Court's order certifying a class for purposes of collecting statutory damages under the Rosenthal Act. Plaintiff filed

an opposition to the motion, and Defendant filed a reply. The motion came on for hearing on October 7, 2011. John Hanson and Michael Lindsey appeared and argued on behalf of Plaintiff, and Anna McLean and Shannon Peterson appeared and argued on behalf of Defendant.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Defendant argues the Court committed clear error when it certified a class for the purpose of collecting statutory damages under the Rosenthal Act. Defendant raises three arguments. First, Defendant asserts the Court erred to the extent it found this claim could be based on credit reporting. Second, Defendant claims the Court erred in finding that Defendant's collection activities were uniform with respect to the class members. Third, Defendant contends the Court erred in stating that statutory damages are "automatic" and available in a "sum certain."

Defendant's first argument is based on a misreading of the Court's order. As stated in the Court's order granting in part and denying in part Defendant's motion for summary judgment, the Rosenthal Act claim is preempted to the extent that claim is based upon Defendant's credit reporting activities. Those activities, however, still provide relevant background information and are relevant to Article III injury. They were not otherwise considered in ruling on the renewed motion for class certification. Thus, Defendant's argument concerning those activities does not warrant reconsideration of the Court's order.

Nor does Defendant's second argument warrant reconsideration. Although Plaintiff failed to provide sufficient evidence to support his assertion that Defendant's collection activities were uniform, the Court's ruling on class certification did not depend on that finding. Under Rule 23(b)(2), Plaintiff need only have shown that Defendant acted in a manner applicable to the class generally. That standard is met here in that Defendant asserted deficiency balances against each member of the class. (Decl. of Michael E. Lindsey in Supp. of Mot. for Class Cert., Ex. 9.) The argument that collection activities, such as telephone calls and demand letters to class members, were neither uniform nor implemented by Defendant pursuant to standardized protocol would be more persuasive if the Court had certified the class under Rule 23(b)(3), because under that Rule Plaintiff would have had to show that common issues

1 predominate. However, that showing is not required under Rule 23(b)(2). Accordingly, this argument
2 does not warrant reconsideration of the Court's order.

3     Defendant's third argument, however, warrants reconsideration of the Court's inclusion of
4 statutory damages in the 23(b)(2) class. Defendant argues that statutory damages under the Rosenthal
5 Act are not automatic, and that if they are awarded, the award is not in a "sum certain." In support of
6 this argument, Defendant cites 15 U.S.C. § 1692k, a provision of the Fair Debt Collection Practices Act
7 ("FDCPA"). This statute applies to claims under the Rosenthal Act by virtue of California Civil Code
8 § 1788.17.[1] *See Gonzalez v. Arrow Financial Services, LLC*, ___ F.3d ___, No. 10-55379, 2011 WL
9 4430844, at *6 (9th Cir. Sept. 23, 2011) (stating this statute "unambiguously supercedes any provision
10 of the Rosenthal Act inconsistent with the referenced provisions of the FDCPA"); *Sullivan v. American*
11 *Express Publishing Corp.*, No. SACV 09-142-JST (Anx), 2011 WL 2600702, at *7 (C.D. Cal. June 30,
12 2011) (stating statutory damages for class action under Rosenthal Act are capped at $500,000 pursuant
13 to 15 U.S.C. § 1692k). Section 1692k provides that for class action claims, the plaintiffs may recover,
14 in addition to actual damages:

15     (i) such amount for each named plaintiff as could be recovered under subparagraph (A),
    and (ii) such amount as the court may allow for all other class members, without regard
16     to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum
    of the net worth of the debt collector[.]

18 15 U.S.C. §1692k(a)(2)(B). In determining whether to award any amounts under this section in a class
19 action, the statute sets out the following factors: "the frequency and persistence of noncompliance by
20 the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of
21 persons adversely affected, and the extent to which the debt collector's noncompliance was intentional."
22 15 U.S.C. § 1692k(b)(2).

23     Given the plain language of the statute, Defendant is correct that statutory damages under the
24 Rosenthal Act do not "flow automatically in a sum certain to each class member should liability be
25 / / /

26

27     [1] This statute provides: "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b
28 to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17.

1  proven[.]"  (Order at 10.)  Rather, such statutory damages are subject to the court's discretion
2  considering the factors listed above. *Irwin v. Mascott*, 112 F.Supp.2d 937, 946 (N.D. Cal. 2000).

3  With this understanding of statutory damages under the Rosenthal Act, the question becomes
4  whether the Court committed clear error in finding these damages are incidental to the declaratory and
5  injunctive relief sought by Plaintiff.  Based on the reasoning in the July 25, 2011 order, the Court
6  concludes the statutory damages are not incidental to the declaratory and injunctive relief sought.  The
7  statutory damages would not flow automatically from a finding of liability, nor would they be in a sum
8  certain.  Rather, the Court has discretion to award these damages, and if it decides to do so, it would
9  have to consider the factors set out above, namely, the frequency and persistence of Defendant's
10 noncompliance with the statute, the nature of the noncompliance, Defendant's resources, the number
11 of people adversely affected, and whether Defendant's noncompliance was intentional.  Given this
12 procedure, Plaintiff's request for statutory damages must be excluded from the 23(b)(2) class.  In light
13 of this finding, the Court will issue a second amended order on the motion for class certification that is
14 consistent with this ruling.

15 **IT IS SO ORDERED**.

16 DATED: November 8, 2011

18 HON. DANA M. SABRAW
United States District Judge