John W. Hanson, SBN: 214771
The Hanson Law Firm
16870 W. Bernardo Dr., Ste. 400
San Diego, CA 92127
Phone: (858) 451-0291
Fax: (858) 451-0281
EMail: john@thesandiegolemonlawyer.com

Michael E. Lindsey, SBN: 99044
Attorney at Law
4455 Morena Blvd., Ste. 207
San Diego, CA 92117-4325
Phone: (858) 270-7000
EMail: mlindsey@nethere.com

Attorneys for Plaintiff Steven D. Aho

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. AHO, an individual, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown,<br><br>Defendants. | Case No. 10cv1373 DMS (BLM)<br><br>PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON ROSENTHAL CLAIM<br><br><br>DATE: January 20, 2012<br>TIME: 1:30 pm<br>PLACE: 940 Front Street, San Diego<br>JUDGE: Hon. Dana M. Sabraw |

PLAINTIFF STEVEN D. AHO HEREBY SUBMITS the following opposition to defendant AmeriCredit's Motion for Partial Summary Judgment on plaintiff's Rosenthal Act claim.

///

///

**1. Plaintiff has properly pled the definition of "debt collector" as provided by Civil Code § 1788.2 (c).**

AmeriCredit is incorrect in its claim that it is not a debt collector under the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788, et seq. Civil Code § 1788.2 (c) provides;

> The term "debt collector" means any person who, in the ordinary course of business, regularly, *on behalf of himself or herself or others*, engages in debt collection. The term includes *any* person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law. (Emphasis added.)

AmeriCredit's claim not to be a debt collector is without merit. Moreover, AmeriCredit cites absolutely no statute or authority in support of this specious argument. Instead it ignores ¶ 30 of Mr. Aho's complaint which states;

> AmeriCredit is a "debt collector," as defined by the California Rosenthal Fair Debt Collections Practices Act, Civ. Code §1788.2(c).

The Rosenthal Act thus specifically defines those who collect on behalf of themselves as "debt collectors." Defendant disingenuously argues that *Marcotte v. Gen. Elec. Capital Servs. Inc.*, 709 F. Supp. 2d 994 (S.D. Cal.2010), supports AmeriCredit not having to comply with Cal.Civ.Code §1788.17. *Marcotte* actually stands for the proposition that companies collecting their own debts are "debt collectors" under the Rosenthal Act, but states that regular billing statements are not grounds for legal violations. AmeriCredit's predicate violations are not from "billing statements," but rather clearly labeled attempts at debt collection. See *Kelliher v. Target Nat'l Bank*, 2011 U.S. Dist. LEXIS 138196 at *9-11 (M.D. Fla. Nov. 23, 2011)(discussing and distinguishing *Marcotte*); (See **Exhibit 2**)(deficiency letter demanding "payment of this debt"); *Alkan v. Citimortgage Inc.*, 336 F.Supp.2d 1061 (N.D. Cal. 2004). See also *Aguayo v. US Bank*, where the Ninth Circuit found no preemption specifically because the NOI was "debt collection" and within the savings clause of the OCC regulation and thus not

1 preempted.

2       Section 2983.2 of the Rees-Levering Act is a state law, *directed toward a lender's debt collection*, requiring that the lender inform the borrower of the full amount of his or her "indebtedness evidenced by the contract" or "liability," Cal. Civ.Code § 2983.2(a)(1), (8), and therefore falls squarely within the OCC savings clause. *Aguayo v. U.S. Bank* 653 F.3d 912, 925 (C.A.9 (Cal.),2011).  (Emphasis added.)

6       Defendant argues that somehow creditors are not within the purview of the
7 Rosenhal Act because they can be trusted not to be verbally abusive or
8 physically threatening.  This is nothing more than an irrelevant "Straw Man"
9 argument.  Americredit's argument fails to address false credit reporting and false
10 claims that debts are due and owing – both violations of the FDCPA and
11 Rosenthal — violations that have nothing to do with using bad language, etc.
12 AmeriCredit does nothing more than rationalize the defeat of a Straw Man that is
13 not in this dispute.

14 **2.     AmeriCredit's assertion that it stopped collections in 2009 is not**
15 **supported by the evidence.**

16       Equally specious is AmeriCredit's assertion that it stopped collections in
17 2009.  First, AmeriCredit has never stopped the negative credit reporting on any
18 class member in this case.  That negative credit reporting is the driver behind
19 each and every payment sent to AmeriCredit.  False and/or derogatory credit
20 reporting is a long-recognized and actionable form of debt collection under state
21 and federal law. *Rivera v. Bank One*, 145 F.R.D. 64, 623 (D.P.R. 1993) (credit
22 reporting is a "powerful tool designed, in part, to wrench compliance with payment
23 terms."); *Brady v. Credit Recovery Co.*, 160 F.2d 64 (1st Cir. 1998); *Wallace v.*
24 *King*, 2000 Tex.App. Lexis 5879 (Tex.Civ.App. 2010).  Plaintiff has provided
25 undisputed evidence that collections activity included AmeriCredit's June 2010
26 credit reporting on the AmeriCredit debt.  Please see Mr. Aho's credit reports for
27 the three major Credit Reporting Agencies [Doc. No. 11-18, 11-19, and 11-20]
28 Exhibits 4, 5, 6, to Dec., of Steven D. Aho filed in support of the Motion for Class

PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT  ON  ROSENTHAL
CLAIM, *Aho v. AmeriCredit* , Case No. 10cv1373 DMS (BLM)      3

Certification.

AmeriCredit's own records confirm the continuing violations of AmeriCredit in attempting to collect payment of the invalid deficiency against Mr. Aho. **Exhibit 1** is a collection letter from AmeriCredit to Mr. Aho dated **May 20, 2010**, a year after AmeriCredit claims it stopped collections. The letter states in part;

> "An AmeriCredit representative recently spoke with you regarding an agreement to settle the above referenced account for the sum of $5,600.00. This settlement will release you from further obligation to AmeriCredit on this account."

If that is not collections, then one may well ask what is[1]. Moreover, case law recognizes the doctrine of continuing violation of the Act.

> However, we do not interpret the statute to require that a plaintiff answer harassing collection calls before they can be actionable. As previously explained, because the harassing phone calls were a continuing course of conduct that extended into the limitations period, plaintiff could recover under the continuing violation doctrine for all of the violations that occurred during those calls. *Komarova v. National Credit Acceptance, Inc.* 175 Cal.App.4th 324, 345 (Cal.App. 1 Dist.,2009).

AmeriCredit's ongoing negative credit reporting of the invalid deficiency, and AmeriCredit's May 20, 2010, collections letter, **Exhibit 1**, were continuing violations, and negate its Statute of Limitations arguments. In *Purnell v. Arrow Financial Servs. L.L.C.*, 2007 WL 421828 (E.D. Mich. Feb 2, 2007), the Court held that, for purposes of the FDCPA statute of limitations, each monthly credit bureau report presented a separate harm to plaintiff and an independent opportunity for defendants to comply with the statute. Even if some of the reports were outside the one-year statute, the plaintiff could proceed based on the reports within the statute of limitations. *Accord, Sullivan v. Equifax, Inc.*, 2002 U.S.Dist. LEXIS 7884 (E.D. Pa. April 19, 2002); *Maynard v. Bryan W. Cannon,*

---

[1] Any claim of AmeriCredit regarding litigation privilege was eliminated by the Court in *Komorova*. The privilege cannot be used to shield violations of the Act. *Komarova v. National Credit Acceptance, Inc.* 175 Cal.App.4th 324, 337,(Cal.App. 1. Dist.,2009)

PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON ROSENTHAL CLAIM, *Aho v. AmeriCredit*, Case No. 10cv1373 DMS (BLM)  4

1  *P.C.*, 2006 U.S. Dist. LEXIS 59297 (D. Utah Aug. 21, 2006) ("[T]he continuing
2  publication of the Notice of Default was a continuing attempt at collecting the
3  debt. It was clearly being used as a means to collect on the debt. It also appears
4  to have been in violation of Section 1692f of the FDCPA because it was an
5  attempt to collect a debt in an amount not permitted by law.").

In addition to the May 20, 2010, collections letter, and the ongoing credit reports, AmeriCredit attempted debt collection by phone the same month the complaint was filed.

> "I adv him that I can not establish an arrangement under these circumstances, However, I will take that $100.00 that he has left over from his unemployment checks each month as an agreement for repayment but that I also want a letter from this prospective employer, on their letterhead, that states that once he shows that he has established a repayment agreement, that he will have a position with them and an ETA on first pay check." **Exhibit 3**, AmeriCredit Phone Logs, entry dated June 8, 2010, at page 8.

AmeriCredit's claims that it stopped collecting are patently false.

**3.  AmeriCredit's assertion of an invalid deficiency, i.e., its collection of monies *not owed* violates the Rosenthal Fair Debt Collection Practices Act, Civil Code § 1788, et seq.**

The Act does nor require harassing phone calls in order to constitute a violation. In drafting the Rosenthal Fair Debt Collection Practices Act, the Legislature made specific findings. Among them,

> It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts... Civ.Code § 1788.1

The collection of money not owed from persons who do not owe it is within the protections of the Act. It is also within the purview of the Federal Act. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> A debt collector may not use any false, deceptive, or misleading

1  representation or means in connection with the collection of any debt.
2  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

3  (2) The false representation of--

4  (A) the character, amount, or legal status of any debt.

5  15 U.S.C.A. § 1692e

6  Engaging an elaborate and sophisticated collections machine, such as
7  AmeriCredit's to misinform consumers that they owe money, which they do not,
8  violates the Rosenthal Fair Debt Collection Practices Act, and the Federal
9  FDCPA, 15 U.S.C. § 1692, et seq.

10  See also 15 U.S.C. § 1692e(5):

11  (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
12

13  AmeriCredit cannot legally sue to collect an invalid deficiency, nonetheless
14  it threatens to do so.

15  See also 15 U.S.C. § 1692e(8):

16  (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including
17  the failure to communicate that a disputed debt is disputed.

18  Despite knowing the deficiency is invalid, despite knowing it is disputed,
19  and despite knowing the information it reports is false, AmeriCredit continues to
20  make the negative credit report regarding Mr. Aho to the respective Credit
21  Reporting Agencies. See [Doc. No. 11-18, 11-19, 11-20, credit reports for Mr.
22  Aho].
23  ///
24  ///
25  ///

## **CONCLUSION**

AmeriCredit was engaged in active and vigorous debt collection through the date of filing of this complaint, on an invalid deficiency in violation of State and Federal law.  For the foregoing reasons, Mr. Aho respectfully submits that AmeriCredit's motion is without merit and should be denied.

January 6, 2012

/s/Michael E. Lindsey
Michael E. Lindsey
Attorney for Plaintiff

PROOF OF SERVICE
(Sections 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA )
) ss.
COUNTY OF SAN DIEGO )

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is: 4455 Morena Blvd., Ste. 207, San Diego, California 92117-4325.

On the date shown below, I served the foregoing document described as:

PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT ON ROSENTHAL CLAIM
Aho v. AmeriCredit, Case No. 10cv1373 DMS (BLM)

to the interested parties in this action by mail at San Diego, California addressed as follows:

Peter S. Hecker
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA, 94111-4109

[X] (**BY EFILE**) The above document was served on the interested party named above by electronic means via Efile.

[X] (**FEDERAL**] I declare that I am a member of the bar of this court.

Executed on January 6, 2012, at San Diego, California.

/s/Michael E. Lindsey
Michael E. Lindsey