UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, an individual, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown,<br><br>Defendant. | Case No. 10cv1373-DMS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND RESPONSES TO SPECIAL INTERROGATORIES**<br><br>[ECF Nos. 118 & 119] |

Pending before the Court is Plaintiff's Motion to Compel Further Responses to Requests for Production (ECF No. 118) and Plaintiff's Motion to Compel Further Responses to Special Interrogatories (ECF No. 119). Pursuant to this Court's Orders setting a briefing schedule (ECF Nos. 113 & 122), Defendant timely filed its opposition (ECF No. 126) and Plaintiff timely filed his reply (ECF No. 128).

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motions to compel.

**FACTUAL AND PROCEDURAL BACKGROUND**

This class action arises from Defendant's alleged violations of the requirements of

California's Business and Professions Code and the Automobile Sales Finance Act ("ASFA"), among other laws, "by failing to provide required notices and rights to reinstatement and redemption for California consumers regarding vehicles [Defendant] AmeriCredit repossessed." ECF No. 1 at 2. Plaintiff is seeking a determination that Defendant's notices of its intent to dispose of the repossessed vehicles ("NOIs") failed to comply with the ASFA, and that Defendant consequently lost the right to assert deficiency claims. Id. Among other forms of relief, Plaintiff is seeking restitution based on the amount of money each class member paid on Defendant's invalid deficiency claims. Id.

On November 8, 2011, Judge Sabraw issued an Order certifying the following class under Rule 23(b)(2):

> All persons who were sent an NOI by AmeriCredit to an address in California at any time from March 18, 2005 through May 15, 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against who AmeriCredit has asserted, collected, or attempted to collect any portion of the deficiency balance. The class excludes persons whose obligations have been discharged in bankruptcy, persons against whom AmeriCredit has obtained final judgments in replevin actions, persons whose contracts include arbitration clauses that prohibit class membership, and persons who received NOIs that denied them the right to reinstate.

ECF No. 98 at 20. Pursuant to Judge Sabraw's Order, the above described class is "entitled to pursue all forms of requested relief, with the exception of statutory damages under the Rosenthal Act and restitution of any amounts paid toward a deficiency balance." Id. Judge Sabraw also "certifie[d] under Rule 23(b)(3) a subclass consisting of all those who made a payment toward a deficiency and are therefore entitled to restitution." Id.

On November 10, 2011, Defendant filed a Motion for Partial Summary Judgment on Rosenthal Act Claim (ECF No. 105), and on December 14, 2011, Plaintiff also filed a Motion for Partial Summary Judgment (ECF No. 117), both of which are currently pending.

## LEGAL STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court

may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is also no requirement that the information sought directly relate to a particular issue in the case; rather, relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 (1978) (citation omitted). District courts have broad discretion to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action," Fed. R. Civ. P. 26(b)(1). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

A party may serve interrogatories that relate to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a). "The grounds for objecting to an interrogatory must be stated with specificity," and any interrogatory not objected to must be answered fully in writing under oath. Fed. R. Civ. P. 33(b). Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). However, actual possession, custody or control is not required; rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## DISCUSSION

The instant discovery dispute relates to five of Plaintiff's Requests for Production and two of his Special Interrogatories. ECF Nos. 118 & 119. Plaintiff categorizes the desired discovery as "former [AmeriCredit] employee contact information, certain invoices for relevant class member charges, and information regarding certain third-party customer files," and Plaintiff asserts that he is "entitled" to this pertinent information. ECF No. 118-1 at 2; see also ECF No. 119-1 at 2. Defendant, however summarizes the discovery at issue as "(1) private financial information pertaining to thousands of third-party consumers; (2) thousands of individual invoices to AmeriCredit from auto auctions and repossession agents pertaining to class members; and (3) contact information for hundreds of AmeriCredit current and former collections personnel." ECF No. 126 at 3-4. Accordingly, Defendant contends that the information requested is private, cumulative, and/or unduly burdensome. ECF No. 126 at 4-5. Moreover, Defendant argues that Plaintiff's failure to adequately meet and confer is sufficient grounds to deny his motions to compel in their entirety. ECF No. 126 at 3.

**A.      The Adequacy of the Parties' Meet and Confer Efforts**

Defendant contends that its October 28, 2011 meet and confer letter, namely, the "last letter addressing the parties' differences, including on the very issues [P]laintiff now raises in his motions to compel," went unanswered. ECF No. 126 at 3. Defendant asserts that after receiving this letter, Plaintiff waited six weeks "before contacting AmeriCredit's counsel, not to meet and confer, but to ask AmeriCredit to participate in an oral conference

with the Court's clerk the next day regarding discovery issues plaintiff had abandoned six weeks earlier." ECF No. 126 at 3. Defendant therefore argues that Plaintiff's motions should be denied in their entirety for failure to adequately meet and confer as required by this Court. ECF No. 126 at 3. Plaintiff counters that Defendant "promised additional responses and productions" in its October 28, 2011 letter, so he was simply awaiting further information, and the promised discovery did not arrive until six weeks later. ECF No. 128 at 5-7. Thus, Plaintiff contends that he "is moving to compel on responses received for the *first time* on December 12, 2011." ECF No. 128 at 5.

Although the parties vigorously disagree as to whether Defendant's October 28, 2011 letter constituted an implicit termination or continuation of their meet and confer efforts, the Court finds that both parties are responsible for the breakdown in communication for several reasons, including that both parties allowed six weeks to pass without contacting each other to complete the meet and confer process, verify resolution of the dispute, or determine the need for a motion to compel. As a result, the Court has now had to expend valuable time in resolving disagreements that likely could have been resolved weeks ago had the parties simply communicated more regularly and effectively. The Court will decide the instant motions on their merits, but both attorneys are reminded of the need for courtesy and civility in the litigation of cases before this Court, and the Court expects them to make such efforts throughout the remaining litigation.

**B.     Request for Production No. 60**

Request for Production No. 60 seeks "[a]ny documents recording or reflecting the last-known name, position/title with AmeriCredit[,] address, phone number, email address, or other contact information for any and all AmeriCredit personnel (past or present) that worked in the Loss Recovery Department from March 15, 2005 to present." ECF No. 118-3 at 6; ECF No. 126 at 9-10.

Defendant asserts that it "has produced the names and titles of employees who worked in the Loss Recovery Department from March 15, 2005 to the present." ECF No. 126 at 10. Plaintiff, however, contends that the productions Defendant made regarding the Loss

Recovery Department provide name, title, and some employment history, but no contact information. ECF No. 118-1 at 8. In its opposition, Defendant states that it "will provide the current employment status for these [previously disclosed Loss Recovery Department employees], as well as contact information for the former employees." ECF No. 126 at 10. This concession satisfies Plaintiff's request that the Court order Defendant "to produce the last-known address, phone number and e-mail for the former personnel whose names and positions have already been provided." ECF No. 128 at 2, 8. The Court finds this concession reasonable, orders Defendant to provide the documents/information described in Defendant's opposition, and **DENIES** as moot Plaintiff's motion to compel a response to Request for Production No. 60.

**C.     Request for Production No. 61**

Request for Production No. 61 seeks "[a]ny documents recording or reflecting the last-known name, position/titles with AmeriCredit, address, phone number, email address, or other contact information for any and all AmeriCredit personnel (past or present) involved in, except in a purely clerical or other non-substantive manner, Class Member reinstatements (e.g., made decisions about reinstatement, or communicated with Class Members regarding reinstatement)." ECF No. 118-3 at 7; ECF No. 126 at 10.

Defendant made no production in response to this request regarding reinstatement personnel and instead objected on the basis of burden. ECF No. 118-1 at 8; ECF No. 126 at 10. However, in his motion to compel, Plaintiff, apparently for the first time, offers that "AmeriCredit does not have to review every call record, but only list the personnel who handled reinstatement calls during the class period." ECF No. 118-1 at 8. Accordingly, in its opposition, Defendant states that it "would be willing to provide a list of its personnel who worked in the Reinstatement Group during the class period." ECF No. 126 at 11. The Court finds this concession reasonable, orders Defendant to provide the documents/information described in Defendant's opposition, and **DENIES** as moot Plaintiff's motion to compel a response to Request for Production No. 61.

///

### D.  Special Interrogatory Nos. 14 and 15

Special Interrogatory No. 14 asks Defendant to "IDENTIFY all YOUR former employees that responded to CLASS MEMBER questions or inquiries regarding reinstatement at any point during the period March 18, 2005 through May 15, 2009." ECF No. 119-2 at 2; ECF No. 126 at 11. Similarly, Special Interrogatory No. 15 asks Defendant to "IDENTIFY all YOUR former employees that responded to CLASS MEMBER questions or inquiries regarding DEFICIENCIES at any point during the period March 18, 2005 through May 15, 2009." ECF No. 119-2 at 4; ECF No. 126 at 11.

Although Defendant previously "produced the names and employment status of the 74 employees who spoke to plaintiff Aho" (ECF No. 126 at 11), Plaintiff points out that "[n]o productions containing contact information were ever produced" (ECF No. 119-1 at 5). However, Plaintiff then goes on to reiterate what he said regarding Request for Production No. 60; namely, that in order to satisfy these discovery requests, "AmeriCredit does not have to review every call record, but only list the personnel who handled reinstatement calls during the class period." ECF No. 119-1 at 5. Plaintiff's compromise once again obviates Defendant's previous objections on the basis of burden, because Defendant states that it is "willing to supplement [its previously disclosed list of Loss Recovery Department personnel] with contact information with former employees, if necessary." ECF No. 126 at 11-12.  Defendant also "agree[s] to identify and provide the contact information for personnel who worked in the Reinstatement Group from March 18, 2005 to May 15, 2009." ECF No. 126 at 12. Because Defendant has agreed to produce the requested discovery, the Court **DENIES** as moot Plaintiff's motion to compel responses to Special Interrogatory Nos. 14 and 15. Defendant is ordered to produce the agreed upon information.

### E.  Request for Production No. 7

Request for Production No. 7 seeks "[t]he customer files (records of communications, payment history, internal notes or summaries, etc.) for all YOUR customers since March 18, 2005 that reinstated their contracts after repossession by YOU." ECF No. 118-2 at 2; ECF No. 126 at 6.

Plaintiff argues that this information is "among the most probative regarding Defendant's claimed reinstatement policies, procedures and practices," and that these reinstatement files will "provide evidence regarding what was actually done and required, for example: were payments that came due during the reinstatement period paid, what insurance was required, what 3rd party fees were noted or collected, etc." ECF No. 118-1 at 4-5. Defendant asserts that Plaintiff already has this information from depositions, and even "attached much of the relevant testimony to his recent motion for summary judgment." ECF No. 126 at 8. Defendant also contends that this information falls under California's privacy protections, and there is "absolutely no need to invade the privacy of thousands of individual third party consumers—who are not class members or otherwise parties to this case—by producing their account files." ECF No. 126 at 4. As such, Defendant previously produced "a spreadsheet containing contact information for the over 4,000 California customers who reinstated [their contracts]," but only offered to provide further documentation if Plaintiff provided AmeriCredit with signed consents from the individuals. ECF No. 126 at 6, 8. Plaintiff asserts that he "must be allowed to see the objective facts," and not just rely on "AmeriCredit's well-coached witnesses and counsel written responses to written discovery." ECF No. 128 at 4. Moreover, Plaintiff argues that the customers need only be provided an opportunity to object to the disclosure of their financial information, and that the onus is on Defendant to provide the individuals with pre-disclosure notice. ECF No. 118-1 at 5-6; ECF No. 128 at 4-5.

Plaintiff does not describe in detail precisely how or why the requested files would provide relevant, non-cumulative information; instead, Plaintiff simply states that this information "is clearly critical to test the AmeriCredit line on what was required of customers to reinstate." ECF No. 128 at 3. Plaintiff's request therefore presupposes that pertinent information is contained within these files, but Plaintiff's bald assertions fail to provide the Court with any evidence indicating that these consumer files do, in fact, contain relevant, non-cumulative information warranting the discovery of all 4,000 files in their entirety. Plaintiff contends that "[t]here exist significant disagreements about what conditions

precedent AmeriCredit would impose to class member's (sic) exercising their reinstatement rights." ECF No. 118-1 at 5. Accordingly, Plaintiff's discovery request just assumes that information in the files of non-class members will demonstrate that people who reinstated were not dealt with according to Defendant's purported policies, procedures, and practices, but Plaintiff does not provide any facts substantiating his argument that the requested files contain information that contradicts AmeriCredit's policy. Defendant initially objected to this discovery request on grounds of relevance and overbreadth (see ECF No. 118-1 at 5; ECF No. 118-2 at 2), and the Court finds that Defendant's objections have merit. Plaintiff's speculative hope that the requested files will contain information contradictory to that previously acquired through depositions (see ECF No. 117, Exs. 1, 2, 3, 5, & 7) does not permit him to embark on a fishing expedition and acquire <u>all</u> personal and financial information from <u>all</u> persons who effectively reinstated, none of whom are in the class.[1]

Because Plaintiff has failed to establish that producing the requested files may result in relevant and non-cumulative information, the Court declines to permit such extensive and invasive discovery at this late stage. See Fed. R. Civ. P. 26(b)(2)(C). Moreover, because Plaintiff has the contact information for the customers who effectively reinstated, he has been and continues to be free to contact them if he so desires. The Court therefore **DENIES** Plaintiff's motion to compel responses to Request for Production No. 7.

F.  **Request for Production Nos. 23 and 24**

Request for Production No. 23 seeks "[c]opies of AmeriCredit's contracts with the repossession agents that it has used to repossess vehicles in California during the period March 2005 to June 2009. [Plaintiff is seeking both the blanket agreements that govern the overall relationships, and the individual invoices for particular repossessions regarding Class

---

[1] The Court finds the lack of supporting facts particularly concerning because Defendant provided Plaintiff with contact information for the approximately 4,000 individuals in California who successfully reinstated their contracts. If any of these individuals provided information to Plaintiff indicating that his or her account was handled in a manner inconsistent with the testimony of Defendant's policies and procedures, such evidence would have been extremely probative and the Court assumes Plaintiff would have provided it. Since no such evidence was provided, the Court finds that either there is no evidence indicating that the requested files would contain contradictory evidence or Plaintiff has not contacted any of the identified individuals which would indicate the files are not as critical as alleged.

Member vehicles.]" ECF No. 118-3 at 2; ECF No. 126 at 9. Similarly, Request for Production No. 24 seeks "[c]opies of all contracts with auto auctions that AmeriCredit has used to dispose of vehicles that it repossessed in California during the period March 2005 to June 2009. [Plaintiff is seeking the blanket agreements that govern the overall relationships, and the individual invoices for particular repossession sales regarding Class Member vehicles.]" ECF No. 118-3 at 4; ECF No. 126 at 9.

Plaintiff contends that this information is "highly relevant and proves for each class member the conditions precedent to reinstatement that were not provided on their NOI: e.g., key charges, transport charge, and other charges." ECF No. 118-1 at 7. Defendant asserts that the requested information is cumulative, "because plaintiff has already been provided contracts and fee schedules detailing repossession and auction costs charged by the various repossession agents and auction houses AmeriCredit uses." ECF No. 126 at 4. Defendant also objects to the production of these invoices as unduly burdensome, stating that the repossession invoices "are electronically stored and could only be retrieved by a third party vendor at substantial expense," while the auto auction invoices "are stored in paper form at the auction facilities and would have to be requested and reviewed." ECF No. 126 at 9. Plaintiff counters that Defendant's argument about the "cumulative" nature of these requests is without merit because he has reviewed the produced contracts and avers that they "do not show what was in fact charged or incurred by the consumer class, [and] they also do not show which consumer was repossessed by which agent." Hanson Decl., ECF No. 128-1, at 1-2. Plaintiff further contends that Defendant's argument regarding burden "lacks real value and foundation." ECF No. 128 at 7.

Defendant does not describe in detail precisely why producing this relevant information would constitute an undue burden; instead, Defendant provides general and conclusory statements that recovering the repossession invoices would cost "several thousand dollars" and requesting the auto auction invoices "would be very burdensome both to the auctions and AmeriCredit." Weems Decl., ECF No. 126-1, at 2. Although producing the requested invoices may be a substantial undertaking, the Court finds that any

concomitant burden or expense does not outweigh the likely benefits of production. See Fed. R. Civ. P. 26(b)(2)(C). Moreover, because the discovery sought is not unreasonably cumulative, and neither party suggests a more convenient method of obtaining this information, the Court **GRANTS** Plaintiff's motion to compel responses to Request for Production Nos. 23 and 24. See id.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Further Responses to Requests for Production (ECF No. 118) is **GRANTED IN PART AND DENIED IN PART** and Plaintiff's Motion to Compel Further Responses to Special Interrogatories (ECF No. 119) is **DENIED AS MOOT**. Defendant is ordered to abide by its agreement to respond to Plaintiff's Request for Production Nos. 60 and 61 and Special Interrogatory Nos. 14 and 15 by **January 23, 2012**. Defendant is further ordered to respond to Plaintiff's Request for Production Nos. 7, 23, and 24 by **January 23, 2012**.

**IT IS SO ORDERED.**

DATED: January 13, 2012

_Barbara F. Major_
BARBARA L. MAJOR
United States Magistrate Judge