# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. dba ACF FINANCIAL SERVICES, INC.,<br><br>Defendant. | CASE NO. 10cv1373 DMS (BLM)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ROSENTHAL ACT CLAIM**<br><br>**[Docket Nos. 105, 144]** |

This matter comes before the Court on Defendant's motion for partial summary judgment on Plaintiff's Rosenthal Act claim. Plaintiff filed an opposition to the motion, and Defendant filed a reply. The motion came on for hearing on January 20, 2012. John Hanson and Michael Lindsey appeared and argued on behalf of Plaintiff, and Anna McLean and Shannon Peterson appeared and argued on behalf of Defendant. Having carefully considered the pleadings and arguments of counsel, the Court now denies the motion.[1]

---

[1] After the briefs were submitted, but before oral argument, Plaintiff filed an *ex parte* application for an order shortening time on its motion for approval of class notice and requesting the Court postpone ruling on the present motion, and Plaintiff's pending motion for partial summary judgment, to avoid potential issues of "one-way intervention." Plaintiff has raised the potential issue of "one-way intervention" in three previous motions, all of which the Court has denied. Plaintiff fails to provide any reason why the Court should now reverse course, and it declines to do so. Furthermore, it appears any

# I.

# BACKGROUND

On December 14, 2003, Plaintiff Steven Aho entered into a Retail Installment Sale Contract ("RISC") with Rancho Chrysler Jeep Dodge for the financing and purchase of a 2002 Dodge Dakota truck. Pursuant to the RISC, Plaintiff was to make monthly payments on the loan beginning in January 2004.

Plaintiff's truck was repossessed on August 13, 2005, after he failed to make the monthly payments required by the RISC. On August 15, 2005, Defendant AmeriCredit Financial Services, Inc. sent Plaintiff a "Notice of Our Plan to Sell Property" ("NOI"). The NOI informed Plaintiff that the truck would be sold, and the proceeds from the sale would be used to pay the outstanding balance. It also informed Plaintiff that he would be responsible for any balance remaining if the sale proceeds did not cover the entire outstanding amount.

On September 15, 2005, Plaintiff's truck was sold at a private sale. On September 27, 2005, Defendant sent Plaintiff a "Deficiency Calculation," which listed a deficiency in the amount of $9,212.48. Over the next three years, Defendant attempted to collect this deficiency from Plaintiff, and reported the deficiency to various credit reporting agencies. Plaintiff did not make any payments toward the deficiency until June 14, 2010, at which time he made a $25 payment.

About two weeks after making that payment, Plaintiff filed the present case. He alleges three claims: (1) for violation of California Civil Code §§ 1788, *et seq.* ("the California Fair Debt Collection Practices Act" or "the Rosenthal Act"), (2) for violation of California Business and Professions Code §§ 17200, *et seq.*, and (3) for declaratory relief. Plaintiff's theories are that Defendant's collection and credit reporting activities violated the Rosenthal Act, and Defendant's NOI failed to comply with California Civil Code §§ 2981, *et seq.* ("the Automobile Sales Finance Act" or "Rees-Levering Act").

This is the second summary judgment motion Defendant has filed on Plaintiff's Rosenthal Act claim. In the first motion, Defendant argued the claim was time-barred. The Court found Defendant

---

concerns about one-way intervention are premature. Although the Court's rulings on the pending motions are dispositive of the issues raised therein, they are not entitled to preclusive effect until the Court enters a final judgment on the merits of the entire case. For these reasons, the Court denies Plaintiff's *ex parte* application for an order shortening time and request to postpone ruling on the pending motions.

failed to meet its burden to show the absence of a genuine issue of material fact to support that argument, and therefore denied the motion as to the Rosenthal Act claim.

Plaintiff then moved for class certification, including on the Rosenthal Act claim. After full briefing and a motion for reconsideration, the Court declined to certify a class on the Rosenthal Act claim. Thus, the only Rosenthal Act claim at issue before the Court is Plaintiff's individual claim.

## II.

## DISCUSSION

Defendant argues it is entitled to summary judgment on Plaintiff's Rosenthal Act claim for three reasons. First, Defendant reasserts its argument that this claim is time-barred. Second, Defendant argues it is not a debt collector under the federal Fair Debt Collections Practices Act ("FDCPA"), which Plaintiff relies on to support his Rosenthal Act claim. Third, Defendant contends it did not engage in any conduct that violates the Rosenthal Act.

**A.     Summary Judgment**

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond

1  pleadings, plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt"
2  is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith*
3  *Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.     Statute of Limitations**

The statute of limitations for Plaintiff's Rosenthal Act claim is one year. Cal. Civ. Code § 1788.30(f). Defendant argues this claim is untimely because it did not *initiate* any collection activity on Plaintiff's account after February 3, 2009, which is more than one year prior to the filing of the Complaint on June 29, 2010. However, whether Defendant *initiated* any collection activity in the year prior to the filing of the Complaint is not the issue. Rather, the issue is whether Defendant *engaged in* any conduct that violates the Rosenthal Act within that one year. On this issue, there is, at a minimum, a genuine issue of material fact. For instance, Defendant's phone logs reflect that Defendant followed up on payment on Plaintiff's account in May and June of 2010, after Plaintiff initiated contact on his account. (Docket No. 51-2.) Therefore, Defendant is not entitled to summary judgment on the Rosenthal Act claim on the ground the claim is time-barred.

**C.     Debt Collector**

Next, Defendant argues that when a Rosenthal Act claim relies on substantive violations of the FDCPA, as Plaintiff's claim does, it also incorporates the FDCPA's definition of "debt collector." Because Defendant is not a "debt collector" under the FDCPA, it argues it cannot be held liable for Plaintiff's claim under the Rosenthal Act.

In support of this argument, Defendant relies on *Marcotte v. General Electric Capital Services, Inc.*, 709 F.Supp.2d 994 (S.D. Cal. 2010). In that case, the plaintiff owed a consumer debt to the defendant. *Id.* at 996. The plaintiff hired a law firm to assist with his debts and file for bankruptcy. *Id.* The firm sent a letter to the defendant informing the defendant of its representation of the plaintiff, and asking that all future communications be sent to the firm. *Id.* Thereafter, the defendant sent two billing statements to the plaintiff. *Id.* Based thereon, the plaintiff alleged the defendant violated that portion of the Rosenthal Act that "prohibits certain communications by creditors to debtors represented by counsel." *Id.*

///

The defendant moved for judgment on the pleadings. It noted the Rosenthal Act's definition of prohibited communications did not include billing statements, therefore its conduct could not be a violation of the Act. *Id.* at 997. However, the plaintiff did not allege a substantive violation of the Rosenthal Act. Instead, he alleged the defendant violated a substantive provision of the FDCPA, which also prohibited certain communications by debt collectors to debtors represented by counsel. *Id.* at 997-98. The defendant urged the court to "harmonize these provisions by applying the exception for billing statements to both sections." *Id.* at 998.

The court did so for three reasons. First, the court found that although the Rosenthal Act incorporated certain specific provisions of the FDCPA, those provisions "must be read in the context of a statutory scheme that permits and requires credit-card companies to send billing statements." *Id.* at 1001. Second, the court found that portion of the Rosenthal Act that incorporates the FDCPA was modified by the specific exception for billing statements. *Id.* "Any other interpretation would result in an implied repeal-a result disfavored by both California and federal law." *Id.* at 1001-02. Third, the court found the plaintiff's construction of the state and federal statutes "would result in the preemption and partial invalidity of § 1788.17[.]" *Id.* at 1002.

Defendant asserts the facts of this case are similar to those alleged in *Marcotte*, therefore this Court should likewise find that Plaintiff's claim is not viable. However, none of the reasons for the *Marcotte* decision apply here. First, unlike in *Marcotte*, there is no specific provision of federal law that allows, much less requires, that Defendant engage in the specific conduct at issue in this case. In *Marcotte*, that conduct was the transmission of billing statements, which was required by TILA. There is no similar law that requires or allows for false representations, threats or the use of deceptive means to collect debts, which is the alleged conduct at issue here. Second, there is no specific exception for this conduct in the Rosenthal Act. This is in contrast to *Marcotte*, where billing statements were specifically excluded from the definition of prohibited communications. Third, there is no conflict between the FDCPA and Rosenthal Act that would lead to preemption. Although the Rosenthal Act and the FDCPA define "debt collector" differently, that difference does not create a conflict like the one discussed in *Marcotte*. Indeed, "nothing indicates that Congress intended to preempt the CFDCPA or to completely occupy the field of debt collection." *Alkan v. Citimortgage, Inc.*, 336 F.Supp.2d 1061,

1065 (N.D. Cal. 2004). Thus, *Marcotte* is distinguishable from the facts of this case, and does not support Defendant's argument in its request for summary judgment. Absent any other authority, Defendant's argument that it is not a debt collector under the FDCPA does not warrant summary judgment in its favor.

**D.     Substantive Violations**

Defendant's final argument in support of its motion for partial summary judgment is that there is no evidence that it engaged in conduct that violates the Rosenthal Act. However, this argument misses the mark. The conduct at issue here is alleged to violate the FDCPA, which is incorporated into the Rosenthal Act by California Civil Code § 1788.17. Defendant offers no evidence or argument that it did not engage in that conduct. Thus, this argument does not warrant summary judgment in Defendant's favor.

## III.
## CONCLUSION

For these reasons, Defendant's motion for partial summary judgment on Plaintiff's Rosenthal Act claim is denied.

**IT IS SO ORDERED.**

DATED: January 31, 2012

_____
HON. DANA M. SABRAW
United States District Judge