1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

STEPHEN D. AHO, individually, and on
behalf of all others similarly situated,

                          Plaintiff,

        vs.

AMERICREDIT FINANCIAL SERVICES,
INC. dba ACF FINANCIAL SERVICES,
INC.,

                        Defendant.

CASE NO. 10cv1373 DMS (BLM)

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT**

**[Docket No. 117]**

      This matter comes before the Court on Plaintiff's motion for partial summary judgment. Defendant filed an opposition to the motion, and Plaintiff filed a reply. The motion came on for hearing on January 20, 2012. John Hanson and Michael Lindsey appeared and argued on behalf of Plaintiff, and Anna McLean and Shannon Peterson appeared and argued on behalf of Defendant. Having carefully considered the pleadings and arguments of counsel, the Court now grants the motion.

## I.

### BACKGROUND

      On December 14, 2003, Plaintiff Steven Aho entered into a Retail Installment Sale Contract ("RISC") with Rancho Chrysler Jeep Dodge for the financing and purchase of a 2002 Dodge Dakota

/ / /

1  truck.  Pursuant to the RISC, Plaintiff was to make monthly payments on the loan beginning in January

2  2004.

3      Plaintiff's truck was repossessed on August 13, 2005, after he failed to make the monthly

4  payments required by the RISC.  On August 15, 2005, Defendant AmeriCredit Financial Services, Inc.

5  sent Plaintiff a "Notice of Our Plan to Sell Property" ("NOI").  (Decl. of Stephen Aho in Supp. of Mot.

6  ("Aho Decl."), Ex. 2.)  The NOI informed Plaintiff that the truck would be sold, and the proceeds from

7  the sale would be used to pay the outstanding balance.  It also informed Plaintiff that he would be

8  responsible for any balance remaining if the sale proceeds did not cover the entire outstanding amount.

9      On September 15, 2005, Plaintiff's truck was sold at a private sale.  On September 27, 2005,

10  Defendant sent Plaintiff a "Deficiency Calculation," which listed a deficiency in the amount of

11  $9,212.48.  Over the next three years, Defendant attempted to collect this deficiency from Plaintiff, and

12  reported the deficiency to various credit reporting agencies.  Plaintiff did not make any payments toward

13  the deficiency until June 14, 2010, at which time he made a $25 payment.

14      About two weeks after making that payment, Plaintiff filed the present case.  He alleges three

15  claims: (1) for violation of California Civil Code §§ 1788, *et seq.* ("the California Fair Debt Collection

16  Practices Act" or "the Rosenthal Act"), (2) for violation of California Business and Professions Code

17  §§ 17200, *et seq.*, and (3) for declaratory relief.  Plaintiff's theories are that Defendant's collection and

18  credit reporting activities violated the Rosenthal Act, and Defendant's NOI failed to comply with

19  California Civil Code §§ 2981, *et seq.* ("the Automobile Sales Finance Act" or "Rees-Levering Act").

20                                          **II.**

21                                    **DISCUSSION**

22      Plaintiff argues he is entitled to summary judgment on his claims for violation of California

23  Business and Professions Code § 17200 and for declaratory relief.  Both of these claims depend on a

24  showing that Defendant violated the Automobile Sales Finance Act ("ASFA").  Plaintiff asserts he has

25  met that showing with respect to the NOI at issue in this case.  Defendant disagrees.

26  **A.      Summary Judgment**

27      Summary judgment is appropriate if there is no genuine issue as to any material fact, and the

28  moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party has

the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324.  The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).  Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.  See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings, plaintiff must counter by producing evidence of his own).  More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.    The ASFA**

Plaintiff's 17200 claim and declaratory relief claim depend on the ASFA, or the Act.

> Under the Act, defaulting buyers whose cars have been repossessed by a creditor must be given the opportunity to redeem their vehicles by paying the full balance due under the contract.  The Act also requires the defaulting buyers be given the opportunity, in many circumstances, to reinstate their contracts by curing the default and meeting certain other conditions set by the creditor.

*Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 894 (2007).  The ASFA:

> requires that creditors provide a defaulting buyer with a notice of intention (NOI) to dispose of the repossessed vehicle.  To ensure that a defaulting buyer is made aware of his or her right to redeem or reinstate prior to the creditor disposing of the vehicle, the Act requires that creditors include in the NOI information about the buyer's right to redeem or reinstate.  The act further requires that the NOI set forth "all the conditions precedent" to reinstatement.

*Id.*

In *Juarez*, the court interpreted the phrase "all the conditions precedent" to require:

> that creditors provide sufficient information to defaulting buyers to enable them to determine precisely what they must do in order to reinstate their contracts, including stating the amounts due, to whom they are due, the addresses and/or contact information for those parties, and any other specific actions the buyer must take.

*Id.* at 899.  The court went on to state, "[t]he creditor must provide the buyer with all of the relevant information it possesses and/or information it has the ability to discern, concerning precisely what the buyer must do to reinstate his or her contract."  *Id.* at 909.

In this case, Defendant sent Plaintiff an NOI pursuant to the ASFA.  (*See* Aho Decl., Ex. 2.)  The terms of the NOI are not in dispute.  What is in dispute is whether the NOI includes "all the conditions precedent" to reinstatement, as required by the ASFA.

The NOI lists the following specific amounts that must be paid prior to reinstatement: (1) past due amount, (2) late charges and (3) repossession costs.  (*Id.*)  It also states the buyer must pay "any storage charges, additional payments, and late charges which become due after the date of this notice." (*Id.*)  Plaintiff takes issue with the latter statement, asserting that it violates the ASFA because it does not include specific information about amounts due and to whom the amounts are payable.  Plaintiff also contends the NOI fails to include "all the conditions precedent" to reinstatement, including installment and late fees, storage charges, key charges, transportation fees and insurance information.  Defendant responds that the fees and charges identified by Plaintiff  either are not conditions precedent to reinstatement or Defendant did not know, nor should it have reasonably known, the specific amounts of those fees and charges.  Defendant also argues there is a triable issue as to Plaintiff's standing, therefore Plaintiff is not entitled to summary judgment.

As mentioned above, Plaintiff's first argument in support of its motion is that the language, "Plus any storage charges, additional payments, and late charges which become due after the date of this notice," is a *per se* violation of the ASFA.  In support of this argument, Plaintiff relies on *Juarez*, which states the NOI must "provide a level of specificity as to the conditions precedent to reinstatement sufficient to inform the buyer-without need for further inquiry-as to exactly what the buyer must do to cure the default."  152 Cal. App. 4th at 904.  However, Plaintiff misreads *Juarez*.  Although the *Juarez* court stated that all conditions precedent must be included in the NOI with sufficient particularity, it did

/ / /

1   not state that the kind of vague language Plaintiff relies on here results in a *per se* violation of the

2   ASFA.  Accordingly, this argument does not warrant summary judgment in Plaintiff's favor.

3        Next, Plaintiff points to specific fees and charges that it asserts are conditions precedent to

4   reinstatement, including (1) repossession agent storage fees, (2) auction house storage fees, (3)

5   transportation fees, (4) key fees, (5) personal property fees, (6) reconditioning fees, (7) monthly

6   payments or late fees, (8) law enforcement fees and (9) insurance-related fees.  Plaintiff argues

7   Defendant knew, or should have known, about these fees and charges, therefore they should have been

8   included in the NOI.  Because these fees and charges were not included in the NOI, Plaintiff argues the

9   NOI violates ASFA.

10       The Court has reviewed the evidence in support of Plaintiff's argument that these specific fees

11  and charges are conditions precedent to reinstatement, and that Defendant knew, or should have known,

12  about them.  For the majority of these fees and charges, the evidence reflects that either they were not

13  conditions precedent to reinstatement, Defendant did not know, or it was not reasonable for Defendant

14  to have known, the specifics of those fees and charges, or there is a genuine issue of material fact on one

15  or both of those elements.  However, there are two specific charges that are both conditions precedent

16  to reinstatement and that Defendant knew or should have known about.

17       The first of those charges are the monthly payments and late fees.  The NOI reflects that these

18  charges are conditions precedent to reinstatement.  (Aho Decl., Ex. 2.)  Indeed, it states specifically that

19  "additional payments, and late charges which become due after the date of this notice" are included in

20  the amount required to reinstate.  (*Id.*)  The evidence also reflects that Defendant knew, or reasonably

21  should have known, these amounts.  (Decl. of Michael Lindsey in Supp. of Mot., Ex. 14 at Ex. A at 34-

22  35.)

23       In response to this evidence, Defendant argues these amount were included in the sales contracts,

24  and therefore available to the consumer.  Defendant also argues it routinely waived these charges.

25  However, neither of these arguments defeats Plaintiff's showing that these amounts were conditions

26  precedent to reinstatement or that Defendant knew these amounts.  Defendant fails to cite any authority

27  that relieves it of its obligation to disclose information if that information is available to the consumer.

28  Indeed,

> [c]onsidering that [Americredit] has in its possession the relevant information the defaulting buyer needs in order to reinstate a contact, requiring the buyer to obtain this information by contacting [Americredit] and/or *by gleaning it from other sources* places a significantly greater burden on the buyer than any burden that would be placed on [Americredit] from requiring that it disclose this information to defaulting buyers in writing at the beginning of the process.

*Juarez*, 152 Cal. App. 4th at 905 (emphasis added).  Accordingly, that the information may be available to the consumer does not relieve Defendant of its obligation to include that information in the NOI. Defendant's argument of waiver fares no better.  On the contrary, the concept of waiver only reinforces that these amounts are both conditions precedent and that Defendant knew or should have known about them.  In sum, the monthly payments and late fees were conditions precedent to reinstatement that Defendant knew, or reasonably should have known, and thus they should have been included in the NOI.   The second amount that should have been included in the NOI is the law enforcement fee.  *See Mora v. Harley-Davidson Credit Corp.*, No. 1:08-CV-01453-OWW-GSA, 2010 WL 4321602 (E.D. Cal. Oct. 25, 2010) (holding law enforcement fee should have been included in NOI).  Defendant argues the law enforcement fee is a prerequisite to physical recovery of the vehicle, but it is not a condition precedent to reinstatement of the contract, therefore it need not be included in the NOI.  However, this argument ignores the consumer's primary purpose for reinstatement, which is to regain possession of the vehicle.  To accomplish that purpose, the consumer must pay the law enforcement fee.  Thus, although Defendant may not require payment of the law enforcement fee to reinstate the contract, payment of the fee is necessary to fulfill the purpose of reinstatement for the consumer, namely regaining possession of the vehicle.

Plaintiff has demonstrated the absence of a genuine issue of material fact that payment of additional monthly installments, late fees and the law enforcement fee is a condition precedent to reinstatement of the contract.  He has also demonstrated the absence of genuine issue of material fact that Defendant knew, or should have known, the specifics of those fees and charges.  Defendant's failure to include this information in the NOI is a violation of the ASFA.

## C.      Standing

The only remaining issue is whether Plaintiff has made a sufficient showing of standing such that he is entitled to summary judgment.  Defendant does not appear to challenge Plaintiff's standing

1  on the declaratory relief claim.  Therefore, Plaintiff is entitled to summary judgment on that claim.

2  However, Defendant does challenge Plaintiff's standing on the UCL claim.

3          "For purposes of a UCL cause of action, a plaintiff ... must prove the elements for standing to

4  bring a UCL cause of action, including causation of loss of money or property as a result of unfair

5  competition under the UCL." *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305, 1350 (2009) (citing

6  Cal. Bus. & Prof. Code § 17204).  Defendant raised the issue of Plaintiff's standing in its first motion

7  for summary judgment.  In the order on that motion, the Court found Defendant had failed to

8  demonstrate the absence of a genuine issue of material fact on the elements of injury and causation, and

9  therefore denied the motion as to Plaintiff's standing.  Defendant argues it is now Plaintiff's burden to

10  demonstrate there are no triable issues on these elements, and Plaintiff has not met that burden.

11          However, Plaintiff has come forward with evidence to support a finding of injury in the form

12  of his $25 payment toward his deficiency as well as his negative credit report.  Defendant does not show

13  there are triable issues of fact on these injuries.  Rather, Defendant's focus is on the element of

14  causation.

15          Previously, the Court found the evidence was susceptible to competing inferences about

16  causation: One inference was that Plaintiff's injury was caused by Defendant's conduct.  The other

17  inference was that Plaintiff made the payment to manufacture standing for this case.  That argument

18  holds true on the $25 payment, but it carries less weight with respect to the negative credit report.

19  Indeed, it is unreasonable to suggest that Plaintiff would have manufactured that kind of injury for

20  standing purposes.  With this injury, there is no dispute Defendant reported the deficiency to the credit

21  rating agencies.  Defendant argues Plaintiff had other delinquent accounts that negatively impacted his

22  credit report, but that argument does not defeat a showing of causation sufficient to satisfy the statutory

23  standing requirement.  As stated by the California Supreme Court, "a 'plaintiff is not required to allege

24  that [the challenged] misrepresentations were the sole or even the decisive cause of the injury-producing

25  conduct.'"  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 327 (2011) (quoting *In re Tobacco II*

26  *Cases*, 46 Cal. 4th 298, 327 (2009)).  Rather, the plaintiff need only show that the Defendant's conduct

27  "'was an immediate cause of the injury-producing conduct.'"  *Id.* (quoting *In re Tobacco II*, 46 Cal. 4th

28  / / /

1    at 326).   Plaintiff has made that showing here, and thus he has satisfied the statutory standing

2    requirements for his UCL claim.

3          Having demonstrated that he has standing under the UCL, and having shown that the NOI

4    violates the ASFA, Plaintiff is entitled to summary judgment on his declaratory relief and UCL claims.

5                                                **III.**

6                                           **CONCLUSION**

7          For these reasons, Plaintiff's motion for partial summary judgment on his declaratory relief and

8    17200 claims is granted.

9          **IT IS SO ORDERED.**

10   DATED:  January 31, 2012

11                                        _____

12                                        HON. DANA M. SABRAW
                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28