UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN D. AHO, an individual, individually and on behalf of similarly situated persons,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC., d.b.a. ACF FINANCIAL SERVICES, INC., a business entity form unknown,<br><br>  Defendant. | Case No. 10cv1373-DMS (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS AND WRITTEN DISCOVERY**<br><br>[ECF No. 176] |

Pending before the Court is Plaintiff's Ex Parte Request to Compel Depositions and Written Discovery. ECF No. 176 ("Pl.'s Mot."). Pursuant to this Court's order setting a briefing schedule (ECF No. 177), Defendant timely filed its opposition (ECF No. 179 ("Opp'n")) and Plaintiff timely filed his reply (ECF No. 180 ("Reply")).

Having considered all of the briefing and supporting documents presented, and for the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel.

**FACTUAL AND PROCEDURAL BACKGROUND**

This class action arises from Defendant's alleged violations of the requirements of California's Business and Professions Code and the Automobile Sales Finance Act ("ASFA"),

among other laws, "by failing to provide required notices and rights to reinstatement and redemption for California consumers regarding vehicles [Defendant] AmeriCredit repossessed." ECF No. 1 at 2. Plaintiff is seeking a determination that Defendant's notices of its intent to dispose of the repossessed vehicles ("NOIs") failed to comply with the ASFA, and that Defendant consequently lost the right to assert deficiency claims. Id. Among other forms of relief, Plaintiff is seeking restitution based on the amount of money each class member paid on Defendant's invalid deficiency claims. Id.

On November 8, 2011, Judge Sabraw issued an Order certifying the following class under Rule 23(b)(2):

> All persons who were sent an NOI by AmeriCredit to an address in California at any time from March 18, 2005 through May 15, 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against who AmeriCredit has asserted, collected, or attempted to collect any portion of the deficiency balance. The class excludes persons whose obligations have been discharged in bankruptcy, persons against whom AmeriCredit has obtained final judgments in replevin actions, persons whose contracts include arbitration clauses that prohibit class membership, and persons who received NOIs that denied them the right to reinstate.

ECF No. 98 at 20. Pursuant to Judge Sabraw's Order, the above described class is "entitled to pursue all forms of requested relief, with the exception of statutory damages under the Rosenthal Act and restitution of any amounts paid toward a deficiency balance." Id. Judge Sabraw also "certifie[d] under Rule 23(b)(3) a subclass consisting of all those who made a payment toward a deficiency and are therefore entitled to restitution." Id.

On January 31, 2012, Judge Sabraw issued an Order denying Defendant's Motion for Partial Summary Judgment on its Rosenthal Act claim (ECF No. 153) and an Order Granting Plaintiff's Motion for Partial Summary Judgment on his declaratory relief and 17200 claims (ECF No. 154). Trial is scheduled to commence on April 16, 2012. See ECF No. 28 at 7.

## LEGAL STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court

may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. Id. There is also no requirement that the information sought directly relate to a particular issue in the case; rather, relevance "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 354 (1978) (citation omitted). District courts have broad discretion to determine relevancy for discovery purposes, see Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action," Fed. R. Civ. P. 26(b)(1). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts may limit discovery where it is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where its burden or expense "outweighs its likely benefit").

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## DISCUSSION

The instant discovery dispute arises from the fact that Defendant, in its February 17, 2012 trial brief, indicated that it has instituted new policies that negate Plaintiff's claim for injunctive relief. See ECF No. 162 at 4. Upon learning of these policy changes for the first time by reading Defendant's trial brief, Plaintiff requested additional discovery, but Defendant "dismissed and denied" this request. Reply at 3. However, on March 2, 2012,

defense counsel provided Plaintiff's counsel with a declaration from Craig Paterson, in which Mr. Paterson stated that "[o]n February 14, 2012, AmeriCredit implemented a new policy with respect to all members of the certified class (including subclass members) in this action." Pl.'s Mot., Ex. 1, at 2 ("Paterson Declaration"). Plaintiff asserts that because Defendant "has instituted new policies and procedures, hitherto unknown and undisclosed," Plaintiff is "entitled to have discovery regarding the new, surprise changes." Pl.'s Mot. at 3-4. Defendant, however, contends that Plaintiff not only failed to properly meet and confer prior to filing his motion, but also that Plaintiff's requests are untimely, overbroad, and burdensome. Opp'n at 3-6. Defendant also insists that Mr. Paterson's declaration "fully informed plaintiff of AmeriCredit's policy changes," and "[a]ny remaining questions can be asked and answered during the April 16, 2012 bench trial." Id. at 5.

**A.      Failure to Meet and Confer**

This is not the first time the parties in this case have had a discovery dispute, and this is also not the first time the parties have disagreed as to the sufficiency of their meet and confer efforts. See ECF Nos. 80, 140. Due to the upcoming trial, the Court will resolve this discovery dispute without addressing the adequacy of the parties' meet and confer efforts.

**B.      Deposition of Person Most Qualified**

Plaintiff seeks to "take the Custodian of Records deposition, or other PMQ of AmeriCredit," regarding: 1) "Any and all changes in AmeriCredit policy, practice and/or procedure since November 15, 2011 regarding deficiency amounts and class and/or subclass members"; 2) "Any and all changes in AmeriCredit policy, practice, and/or procedure since November 15, 2011 regarding deficiency debts for non-class members who were sent the same form NOIs as class members and which NOIs were sent to a California Address during the class period."; and 3) "The documents produced in response to Plaintiff's Requests for Production served herewith." ECF No. 176-3 at 4-5.

At the outset of his motion, Plaintiff "requests the Court order Defendant to provide deponents and to respond to written discovery regarding its post January 31, 2012, changes

1  to its policies and procedures, and the steps it has undertaken regarding the purported
2  changes." Pl.'s Mot. at 1. Yet, in his actual deposition notice and requests for production,
3  Plaintiff inexplicably asks for information and documents reflecting policy changes <u>since</u>
4  <u>November 15, 2011</u>. See ECF No. 176-3 at 4-5, 12. Plaintiff also seeks information
5  regarding non-class members. Id. Plaintiff does not provide the Court with any justification
6  for these overbroad requests. Because Plaintiff has failed to establish that producing the
7  requested discovery may result in relevant and non-cumulative information, or that the
8  benefit of such discovery will outweigh the burden of producing it, the Court declines to
9  permit such expansive discovery so close to the commencement of trial. See Fed. R. Civ.
10 P. 26(b)(2)(C). However, the Court finds that Plaintiff is entitled to some discovery
11 regarding Defendant's recently enacted policy changes because these changes are directly
12 "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Although
13 Defendant summarizes AmeriCredit's "four recent policy changes" (Opp'n at 5), this
14 summary is insufficient, particularly because Plaintiff provides evidence which casts doubt
15 on the veracity of Defendant's claims (Reply at 2). The Court therefore **GRANTS** Plaintiff's
16 request to depose a Person Most Qualified of AmeriCredit. However, the deposition is
17 limited to the following topics: 1) the new policies regarding deficiency amounts and class
18 and/or subclass members implemented by AmeriCredit on or about February 14, 2012 (and
19 outlined in Mr. Paterson's declaration) and the related practices and procedures; and 2) the
20 documents that the Court orders be produced in response to Plaintiff's Requests for
21 Production. See ECF No. 176-3 at 4-5.

**C.   Request for Production No. 1**

Request for Production No. 1 seeks "[a]ll documents (including, but not limited to, bills, correspondence, contracts, and electronic records) regarding, evidencing, or otherwise reflecting any and all changes in AmeriCredit policy, practice, and/or procedure since November 15, 2011 regarding deficiency amounts and class and/or subclass members." ECF No. 176-3 at 12. For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel a response to Request for Production No. 1. Defendant

must produce all documents regarding the changes in AmeriCredit policy regarding deficiency amounts and class and/or subclass members implemented on or about February 14, 2012.

### D.     Request for Production No. 2

Request for Production No. 2 seeks "[a]ll documents regarding UDFs that you sent to any and all Credit Reporting Agencies." ECF No. 176-3 at 12. For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel a response to Request for Production No. 2. Defendant must produce all documents regarding UDFs sent to Credit Reporting Agencies regarding class and/or subclass members since February 14, 2012 or in response to the new policies implemented on or about February 14, 2012.

### E.     Request for Production No. 3

Request for Production No. 3 seeks "[a]ll documents regarding, evidencing or otherwise reflecting class member accounst (sic) have been cleared." ECF No. 176-3 at 12. For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel a response to Request for Production No. 3. Defendant must produce all documents reflecting that class member accounts have been cleared since February 14, 2012 or in response to the new policies implemented on or about February 14, 2012..

### F.     Request for Production No. 5[1]

Request for Production No. 5 seeks "[a]ll documents regarding settlements with subclass or class members." ECF No. 176-3 at 12. For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel a response to Request for Production No. 5. Defendant must produce all documents regarding settlements with subclass or class members since February 14, 2012 or in response to the new policies implemented on or about February 14, 2012.

///

---

[1] Plaintiff seemingly misnumbered its requests because there is no "Request No. 4" on its proposed Notice of Deposition and Request for Production. See ECF No. 176-3 at 12.

**G.     Request for Production No. 6**

Request for Production No. 6 seeks "[a]ll documents regarding subclass member payments and/or returns since any related policy change." ECF No. 176-3 at 12. For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel a response to Request for Production No. 6. Defendant must produce all documents regarding subclass member payments and/or returns since February 14, 2012 or in response to the new policies implemented on or about February 14, 2012.

**H.     Request for Production No. 7**

Request for Production No. 7 seeks "[a]ll documents regarding supervision and/or auditing of changes regarding Topic No. 1 of the deposition notice served herewith." ECF No. 176-3 at 12. For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel a response to Request for Production No. 7. Defendant must produce all documents regarding supervision and/or auditing of changes in AmeriCredit policy regarding deficiency amounts and class and/or subclass members since February 14, 2012 or in response to the new policies implemented on or about February 14, 2012.

**I.     Request for Production No. 8**

Request for Production No. 8 seeks "[a]ll document (sic) regarding communications with class and/or subclass members and the policy or other changes discussed in the March 2, 2012 Paterson Declaration." ECF No. 176-3 at 12. For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion to compel a response to Request for Production No. 8. Defendant must produce all documents regarding communications with class and/or subclass members regarding the policy or other changes discussed in the Paterson Declaration, which were created since February 14, 2012 or in response to the new policies implemented on or about February 14, 2012.

**J.     Request for Production No. 9**

Request for Production No. 9 seeks "[a]ll documents (including, but not limited to, bills, correspondence, contracts, and electronic records) regarding, evidencing, or otherwise reflecting [a]ny and all changes in AmeriCredit policy, practice, and/or procedure since

November 15, 2011 regarding deficiency debts for non-class members who were sent the same form NOIs as class members and which NOIs were sent to a California address during the class period." ECF No. 176-3 at 12-13. For the reasons stated above, the Court **DENIES** Plaintiff's motion to compel a response to Request for Production No. 9.

### **CONCLUSION**

For the foregoing reasons, Plaintiff's Ex Parte Request to Compel Depositions and Written Discovery is **GRANTED IN PART AND DENIED IN PART**. Defendant is ordered to provide a Person Most Qualified regarding Topic No. 1 and Topic No. 3 in Plaintiff's proposed deposition notice (as limited by this Order). See ECF No. 176-3 at 4-5. The deposition shall occur on or before **April 6, 2012**. Defendant is further ordered to respond to Plaintiff's Request for Production Nos. 1-3 and 5-8 by **March 29, 2012**.

**IT IS SO ORDERED.**

DATED: March 19, 2012

BARBARA L. MAJOR
United States Magistrate Judge