UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>**AMERICREDIT FINANCIAL SERVICES, INC. LITIGATION**<br><br>Included Actions:<br><br>*Robert Smith v. AmeriCredit Financial Services, Inc., d.b.a. ACF Financial Services, Inc.*, United States District Court, Southern District of California, Case No. 09-CV-01076-DMS-BLM<br><br>*Brandi N. Bankston v. AmeriCredit Financial Services, Inc. and DOES 1-10, inclusive*, United States District Court, Northern District of California, Case No. 09-CV-4892 SBA after removal from San Francisco Superior Court (Case No. CGC-09-493135)<br><br>*Juan A. Cárdenas and Florencia Herrera de Cárdenas v. AmeriCredit Financial Services, Inc. and DOES 1-10, inclusive*, United States District Court, Northern District of California, Case No. 09-CV-4978 SBA after removal from San Francisco Superior Court (Case No. CGC-09-493248)<br><br>*Stephen D. Aho v. AmeriCredit Financial Services, Inc., d.b.a. ACF Financial Services, Inc.*, United States District Court, Southern District of California, Case No. 10-CV-1373-DMS-BLM<br><br>*Michael Frank Machado v. AmeriCredit Financial Services, Inc., d.b.a. ACF Financial Services, Inc. / General Motors Financial Company, Inc., a business entity form unknown*, United States District Court, Southern District of California, Case No. 11-CV-1398-DMS-BLM | Case No. 10CV1373-DMS-BLM<br><br>**ORDER OF PRELIMINARY APPROVAL** |

**THIS MATTER HAVING** come before this Court for an Order preliminarily certifying a settlement class and preliminarily approving a settlement between plaintiffs ROBERT SMITH, BRANDI N. BANKSTON, JUAN A. CÁRDENAS, FLORENCIA HERRERA de CÁRDENAS, STEVEN D. AHO and MICHAEL F. MACHADO ("plaintiffs"), individually and on behalf of the proposed Plaintiff Settlement Class, and defendant AMERICREDIT FINANCIAL SERVICES, INC. ("AmeriCredit") (collectively the "Parties"); and this Court having reviewed the Settlement Agreement and Release and exhibits thereto (the "Agreement"), executed by the Parties, and submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, and the Parties having consented to the entry of this Order;

**IT IS HEREBY ORDERED** this 8th day of June, 2012, as follows:

1. This Order of Preliminary Approval incorporates the Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, filed June 1, 2012.

For purposes of the settlement, and conditioned upon the settlement receiving final approval following the final approval hearing, and upon the occurrence of Final Approval as defined in the Agreement, this Court hereby conditionally certifies a Plaintiff Settlement Class, defined as follows and subject to the stated exclusions below:

> All persons who were sent an NOI by AmeriCredit to an address in California at any time from March 25, 2005 through May 31, 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against whom AmeriCredit has asserted, collected, or attempted to collect any portion of the deficiency balance. The Plaintiff Settlement Class excludes persons whose obligations have been discharged in bankruptcy, persons against whom AmeriCredit has obtained final judgments, and persons who received NOIs that denied them the right to reinstate.

The settlement, on the terms and conditions stated therein, is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. This Court specifically finds that the settlement resulted from arms-length negotiation, the settlement is sufficient to warrant dissemination of the Settlement Notice to the Plaintiff Settlement Class; and the Representative

Plaintiffs and Plaintiffs' Counsel are provisionally found to fairly and adequately represent the interests of the Plaintiff Settlement Class and to satisfy the requirements to be representatives of and counsel to the Plaintiff Settlement Class.

2.   A final approval hearing shall be held on **October 5, 2012**, at **1:30 p.m.** before the Honorable Dana M. Sabraw in Courtroom 10 of the United States District Court, Southern District of California, located at 940 Front Street, San Diego, CA to consider: (a) the fairness, reasonableness and adequacy of the proposed settlement; (b) whether the settlement should be finally approved by this Court; (c) the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses; (e) the application of the Representative Plaintiffs for incentive awards; and (e) such other matters as this Court may deem proper and necessary.

3.   The Settlement Notice is attached to the Agreement as Exhibit "C" and is hereby approved for the purpose of notifying the Plaintiff Settlement Class as to the proposed settlement, the final approval hearing, and the rights of members of the Plaintiff Settlement Class, and it shall be sent in substantially the same form to the members of the Plaintiff Settlement Class. Notice shall be sent by first class mail within **ten (10) business days** after the date of this Order. The Settlement Administrator responsible for sending the Settlement Notice to the Plaintiff Settlement Class is:

> Kurtzman Carson Consultants LLC
> 75 Rowland Way, Suite 250
> Novato, CA 94945
> 415.798.5900

4.   Prior to the final approval hearing, the Settlement Administrator shall provide a declaration to the Court, with a copy to Plaintiffs' Counsel, and counsel for AmeriCredit, attesting to the measures undertaken to provide notice to the members of the Plaintiff Settlement Class.

5.   Settlement Notice to the Plaintiff Settlement Class, as set forth in Exhibit C to the Settlement Agreement, and approved by this Order, is the best notice practicable, and is reasonably calculated, under the circumstances, to apprise the Plaintiff Settlement Class of the pendency and status of the Action and the AmeriCredit NOI Cases, and their right to participate in, object to, or exclude themselves from the settlement. This Court further finds that the

Settlement Notice is due and sufficient notice of the final approval hearing, the settlement, the application for attorneys' fees and expenses, the application for incentive awards, and other matters set forth therein, and that the Settlement Notice fully satisfies the requirements of the Federal Rules of Civil Procedure and due process of law, to all persons entitled thereto. As set forth in the Agreement, AmeriCredit shall be responsible for all costs and expenses incurred in connection with disseminating the Settlement Notice and administration of the settlement.

6. Any Plaintiff Settlement Class member who intends to object ("Objector") to the fairness, reasonableness and adequacy of the settlement must send a written Objection ("Objection") to the Settlement Administrator, postmarked no later than **September 14, 2012**. Any Objector must set forth his/her full name, current address and telephone number. Objectors must state in writing all Objections and the reasons therefor, and a statement whether the Objector intends to appear at the final approval hearing. No Objector shall be entitled to be heard at the final approval hearing, and no Objections or briefs submitted by an Objector shall be received or considered by this Court at the final approval hearing, unless the Objector has fully complied with all terms and conditions set forth in the Settlement Notice as approved herein, and as set forth in the Agreement. If an Objection is overruled, the Objector will be bound by the terms of the settlement. Members of the Plaintiff Settlement Class who fail to send timely Objections to the Settlement Administrator in the manner specified above shall be deemed to have waived any objections and shall be forever foreclosed from making any objection (whether by appeal or otherwise) to the settlement.

7. Members of the Plaintiff Settlement Class may elect to exclude themselves from the settlement, relinquishing their rights to any and all benefits under the Agreement. Members of the Plaintiff Settlement Class who exclude themselves from the settlement will not release their claims pursuant to the release set forth in the Agreement. A Plaintiff Settlement Class member wishing to exclude himself/herself from the settlement must so notify the Settlement Administrator by letter postmarked no later than **September 14, 2012**, which in all respects complies with the terms and conditions for exclusion as set forth in the Settlement Notice approved herein. Members of the Plaintiff Settlement Class who fail to submit a valid and timely

request for exclusion shall be fully and finally bound by all terms of the Agreement and final order and judgment.

8. Any member of the Plaintiff Settlement Class who submits a timely request for exclusion may not file an Objection to the settlement and shall be deemed to have waived any rights or benefits under the Agreement.

9. Plaintiffs' Counsel shall file their Motion for Final Approval and all supporting papers not later than August 31, 2012.

10. In the event that (a) this Court does not finally approve the settlement as provided in the Agreement; (b) this Court does not enter the final order and judgment as provided in all material respects and substantial form set forth in the Agreement; or (c) the settlement does not become final for any other reason, and the Parties following reasonable efforts, do not agree in writing to modify the Agreement and the settlement is not consummated, the Agreement shall be null and void and any order or judgment entered by this Court in furtherance of this settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Agreement had not been executed, the Action shall be dismissed, the AmeriCredit NOI Cases will revert to their former status and shall proceed separately, and the Parties shall in no way be prejudiced in proceeding with or defending the AmeriCredit NOI Cases. The conditional class certification effected herein will likewise be null and void, and AmeriCredit shall have the right to object to certification of the Plaintiff Settlement Class or any other class in the AmeriCredit NOI Cases at any future time.

11. For the benefit of the Plaintiff Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings and the related orders of this Court.

12. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, neither the Representative Plaintiffs, nor any Plaintiff Settlement Class member, shall commence or prosecute against AmeriCredit or Related Parties any action or proceeding in any court or tribunal asserting any of the claims to be released, as set

1  forth in sections 4.01-4.02 of the Agreement.

2  13. The parties are directed to carry out their obligations under the Agreement.

3  14. Plaintiffs' Counsel shall serve a copy of this Order on all named parties or their
4  counsel within seven (7) days of receipt.

6  **SO ORDERED**

8  Dated: June 11, 2012

_____
The Honorable Dana M. Sabraw