UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>**AMERICREDIT FINANCIAL SERVICES, INC. LITIGATION**<br><br>Included Actions:<br><br>*Robert Smith v. AmeriCredit Financial Services, Inc., d.b.a. ACF Financial Services, Inc.*, United States District Court, Southern District of California, Case No. 09-CV-01076-DMS-BLM<br><br>*Brandi N. Bankston v. AmeriCredit Financial Services, Inc. and DOES 1-10, inclusive*, United States District Court, Northern District of California, Case No. 09-CV-4892 SBA after removal from San Francisco Superior Court (Case No. CGC-09-493135)<br><br>*Juan A. Cárdenas and Florencia Herrera de Cárdenas v. AmeriCredit Financial Services, Inc. and DOES 1-10, inclusive*, United States District Court, Northern District of California, Case No. 09-CV-4978 SBA after removal from San Francisco Superior Court (Case No. CGC-09-493248)<br><br>*Stephen D. Aho v. AmeriCredit Financial Services, Inc., d.b.a. ACF Financial Services, Inc.*, United States District Court, Southern District of California, Case No. 10-CV-1373-DMS-BLM<br><br>*Michael Frank Machado v. AmeriCredit Financial Services, Inc., d.b.a. ACF Financial Services, Inc. / General Motors Financial Company, Inc., a business entity form unknown*, United States District Court, Southern District of California, Case No. 11-CV-1398-DMS-BLM | Case No. 10 CV 1373 DMS BLM<br><br>**FINAL ORDER AND JUDGMENT**<br><br>Courtroom: 10<br>The Hon. Dana M. Sabraw |

**THIS MATTER HAVING** come before the Court for a hearing on October 5, 2012 pursuant to the Motion for Final Approval of Class Action Settlement.  The parties request this Court to determine that the Settlement Agreement and Release ("Agreement") between the named plaintiffs ROBERT SMITH, BRANDI N. BANKSTON, JUAN A. CÁRDENAS, FLORENCIA HERRERA de CÁRDENAS, STEVEN D. AHO and MICHAEL F. MACHADO ("plaintiffs"), individually and on behalf of the proposed Plaintiff Settlement Class and defendant AMERICREDIT FINANCIAL SERVICES, INC. ("AmeriCredit") is fair and reasonable and should be approved as being in the best interests of the Plaintiff Settlement Class; to determine the amount of attorneys' fees and costs to be awarded to counsel for the Plaintiff Settlement Class, determine the amount of incentive awards appropriate for the Representative Plaintiffs; and in all other respects approve the settlement submitted to the Court in this matter. Notice having been given; application for attorneys' fees, reimbursement of expenses and incentive awards, having been filed pursuant to the settlement and as set forth in this Court's Preliminary Approval Order of June 11, 2012, and proof of notice having been filed with the Court; all persons present or represented at the hearing, who were entitled to be heard pursuant to the Settlement Notice, having been given an opportunity to be heard; counsel for the Parties having appeared in support of the settlement; and the Court having considered all documents filed in support of the settlement and fully considered all matters raised, and evidence and oral argument comprising the record herein, and presented to the Court,

**IT IS ORDERED, ADJUDGED AND DECREED** on this 5th day of October, 2012, that:

1.     This Final Order and Judgment incorporates the Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, filed June 1, 2012 [Doc.No. 195-4].  The capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, filed June 1, 2012.

2.     This Court has jurisdiction over the subject matter of this action and over all parties

-1-

to this action, including all members of the Plaintiff Settlement Class as that term is defined herein.

3. This Court certifies this action, for settlement purposes, as a class action.

4. The following Plaintiff Settlement Class, provisionally certified by the Court in its Order dated June 11, 2012 [Doc. No. 201], is hereby certified under Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only:

> All persons who were sent an NOI by AmeriCredit to an address in California at any time from March 25, 2005 through May 31, 2009, following the repossession or voluntary surrender of a motor vehicle, who were assessed a deficiency balance following the disposition of the vehicle, and against whom AmeriCredit has asserted, collected, or attempted to collect any portion of the deficiency balance. The Plaintiff Settlement Class excludes persons whose obligations have been discharged in bankruptcy, persons against whom AmeriCredit has obtained final judgments, and persons who received NOIs that denied them the right to reinstate.

5. This Court finds on the record before it that the Plaintiff Settlement Class meets the requirements for class certification for settlement purposes, because the Plaintiff Settlement Class is so numerous that joinder of all members is impracticable.

6. This Court finds on the record before it that the Plaintiff Settlement Class meets the requirements for class certification for settlement purposes, because questions of law or fact common to the issues to be reviewed in connection with the settlement predominate over the questions affecting only individual members for the purpose of implementing the settlement in accordance with the Agreement.

7. This Court finds on the record before it that the Plaintiff Settlement Class meets the requirement for class certification for settlement purposes, because plaintiffs' claims are typical of the claims of the Plaintiff Settlement Class as a whole.

8. This Court finds on the record before it, that the Plaintiff Settlement Class meets the requirements for class certification for settlement purposes, because the Representative Plaintiffs and their counsel have adequately represented and will continue to adequately represent and protect the interests of the Plaintiff Settlement Class for purposes of settlement.

9. This Court finds on the record before it that the Plaintiff Settlement Class is appropriate for certification for settlement purposes, because such class treatment is superior to

other available methods for the fair and efficient adjudication of the issues before this Court at this time. Manageability issues do not prevent certification here, because there will be no trial.

10. The individual notice by mail, given to each member of the Plaintiff Settlement Class as set forth in the Agreement, constitutes the best notice practicable and is in full compliance with the requirements of the Federal Rules of Civil Procedure and due process of law.

11. This Court finds that the settlement and the Agreement are the product of arm's length negotiations between the Parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Plaintiff Settlement Class and are therefore approved and incorporated herein by the Court.

12. The settlement should be implemented and consummated in accordance with the terms of the Agreement. To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

13. Upon Final Approval, as defined in the Agreement, the Representative Plaintiffs and all Plaintiff Settlement Class members (except those who timely opt out) and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged AmeriCredit, and Related Parties as defined in Section 2.17 of the Agreement, from any and all claims that the Plaintiff Settlement Class member has, had, or may have in the future to the extent provided in the Agreement. In addition, the Representative Plaintiffs will be deemed to have fully released and discharged AmeriCredit and Related Parties from any claims, known or unknown, as provided in Sections 4.01 and 4.02 of the Agreement.

14. Plaintiff Settlement Class Members expressly waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, as set forth in Sections 4.01 and 4.02 of the Agreement.

15. This consolidated Action is hereby dismissed, on the merits, with prejudice, on the terms set forth in the Agreement, and this Court hereby orders the Parties to dismiss with prejudice all of the AmeriCredit NOI Cases (as defined in the Agreement), and associated appeals and cross-

appeals, within ten days of Final Approval, all without any award of attorneys' fees or costs except as expressly provided in the Agreement and in this Final Order and Judgment.

16. The terms of the Agreement and this Final Order and Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Plaintiff Settlement Class members. Subject to this Court's continuing jurisdiction to enforce the settlement, this Court hereby bars and enjoins: all Plaintiff Settlement Class members, and all persons acting on behalf of, or in concert or participation with, such Plaintiff Settlement Class members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Plaintiff Settlement Class member, to the extent provided in Section 4.01 of the Agreement.

17. Attached to this Final Order and Judgment as **Exhibit 1** is a true and correct list of all Plaintiff Settlement Class members who timely opted out. No Plaintiff Settlement Class members, other than those listed in Exhibit 1, are excluded from the Plaintiff Settlement Class, or from the effect of this Final Order and Judgment.

18. It is expressly determined that there is no just reason for delay and the entry of this Final Order and Judgment expressly is hereby directed. In the event that this Final Order and Judgment is appealed, its mandate will automatically be stayed until and unless the Final Order and Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

19. Neither this Final Order and Judgment nor the Agreement is an admission or concession by AmeriCredit of any fault, omission, liability, or wrongdoing. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this consolidated Action or in the AmeriCredit NOI Cases, or a determination of any wrongdoing by anyone. The final approval of the Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Representative Plaintiffs, the Plaintiff Settlement Class members, or AmeriCredit. Neither this order, the judgment, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against AmeriCredit

or Related Parties of any fault, wrongdoing or liability whatsoever.  Entering into or carrying out the Agreement and the exhibits, any negotiations or proceedings related thereto shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by AmeriCredit and shall not be offered in evidence in any action or proceeding against AmeriCredit or Related Parties in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this order, the Agreement, the judgment, or the releases.

20. This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter Judgment thereon.

21. Attorneys' fees and reimbursement of expenses to counsel for the Plaintiff Settlement Class in the amount of $3,275,000, and incentive payments to Representative Plaintiffs of $10,000 each to Class Representatives Aho and Bankston, and $5,000 each to Class Representatives Machado, the Cardenas's (collectively), and Smith, are hereby approved as fair and reasonable and AmeriCredit shall make such payments in accordance with the terms of the Agreement.

22. The recipients of any *cy pres* funds remaining after distribution pursuant to Section 3.11 of the Agreement are designated to be, in equal shares, pursuant to Section 3.16 of the Agreement:  C.A.R.S.; the San Diego Legal Aid Society; Alexander Community Law Center; East Bay Community Law Center; Watsonville Law Clinic; the Inner City Law Center-LA; BASF VLSP; Inland Counties Legal Services, Inc.; San Diego Volunteer Lawyers Project; and Central California Legal Services, Inc.

23. The one objection to the settlement is overruled.

24. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this judgment shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void.

25. The Parties are directed to carry out their obligations under the Agreement.

26. Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this settlement, in accordance with the Agreement and this Final Order and Judgment.

27. Plaintiffs' Counsel shall serve a copy of this order on all named parties or their counsel within seven (7) days of receipt.

**SO ORDERED**

Dated: October 5, 2012

*[signature]*
The Honorable Dana M. Sabraw

**EXHIBIT 1**

LIST OF CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

1. RAMON M. BARRON
2. JOSE JUAN DIAZ